UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY JOSEPH, | No. 2:12-cv-1962-KJM-EFB |
| Plaintiff, | |
| v. | ORDER AND RECOMMENDATION |
| TARGET CORPORATION, et al., | |
| Defendants. | |

    On May 28, 2014, the court heard plaintiff's motion to compel defendant Target Corporation ("defendant") to provide further responses to plaintiff's interrogatories and produce documents responsive to plaintiff's request for production of documents. ECF No. 16.[1] Attorney Alexandra Asterlin appeared on behalf of plaintiff; attorney Douglas Egbert appeared on behalf of defendant.

    For the reasons stated on the record, plaintiff's motion is granted in part and denied in part. The motion is granted as to Interrogatories No. 9, 10, and 12-16, and Request for Production of Documents ("RFP") Nos. 11, 12, and 26-99. The motion is denied as to plaintiff's RFP No. 15. While the court denies the motion to compel as to plaintiff's RFP 15, as discussed at

---

[1] Plaintiff also filed a motion to compel the deposition of Target's person most knowledgeable regarding the application and administration of policies and procedures regarding the Family and Medical Leave Act. ECF No. 15. At the May 28, 2014, plaintiff withdrew this motion.

1

1 the hearing, and in further detail below, good cause exists to permit further discovery relating to
2 defendant's response to this particular discovery request.

3       RFP 15 seeks a "copy of any other file maintained by, or any of your agents or employees,
4 relating to or referencing the plaintiff." The dispute between the parties concerning this particular
5 discovery request is over whether defendant produced all of plaintiff's MAX notes,[2] medical files,
6 and workers' compensation records. At the hearing and in the parties' joint statement, plaintiff's
7 counsel explained that she requested that defendant produce a copy of plaintiff's personnel file.
8 The responsive documents produced by defendant did not contain any MAX notes. Plaintiff's
9 counsel explained, however, that MAX notes were subsequently produced in response to other
10 written discovery. While defendant has now produced some MAX notes, plaintiff's counsel
11 noted that no MAX notes dating prior to 2006 have been produced, even though the MAX note
12 system has been in effect since 2002. Further, no declaration or other clarification explaining the
13 absence of any such notations for the period of 2002 to 2006 was provided.

14       Plaintiff has also submitted evidence indicating that defendant has still not produced all
15 MAX notes. The parties' joint statement included a copy of plaintiff's Annual Performance
16 Review from 2006. ECF No. 18-8 (Ex. 28). That Performance Review contains a handwritten
17 note stating "Entered into Max 5/16/06." Although this note indicates that it was entered in the
18 MAX system and should have been produced, it was not. When asked at the hearing, defendant's
19 counsel responded that he did know why this annual review was not contained in the documents
20 produced by his client. Nevertheless, counsel stated that his client informed him that it had
21 completed a search for all of plaintiff's MAX notes and that all such notes have been produced.
22 The absence of the annual review remains unexplained.

23       Plaintiff similarly believes that defendant has failed to provide all of his medical and
24 workers' compensation records. In the parties' joint statement, plaintiff explains that his medical
25 records should have included a note releasing him to return to work following a heart attack he
26 suffered. ECF No. 17 at 16-17. However, plaintiff contends the records produced by defendant

---

[2] "MAX notes" are notes that document conversations regarding an employee's performance.

2

contained no such note and appeared to be sparse. *Id*. Accordingly, plaintiff believes that defendant has failed to provide all of his medical and workers' compensation documents. At the hearing, defendant's counsel represented to the court that his client informed him that it retrieved all responsive documents from Hewitt, a third-party administrator that is responsible for maintaining medical and workers' compensation records, and produced them.

As defendant's counsel has represented that all responsive documents have been produced, plaintiff's motion to compel further production of documents responsive to plaintiff's RFP 15 is denied. However, given the absence of any explanation for why there are no MAX notes dated before 2006, coupled with evidence indicating that defendant did not produce all MAX notes, there is good cause to permit additional time to conduct further discovery concerning the production of documents responsive to RFP 15.[3] Accordingly, it is recommend that the court's December 21, 2012 status (pretrial scheduling) order, which currently requires all discovery to completed by May 30, 2014, *see* ECF No. 14, be modified to allow plaintiff until June 30, 2014 to conduct this limited discovery. It is also recommended that the discovery cutoff be extended for the purpose of compliance with this order.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to compel is granted as to Interrogatories No. 9, 10, and 12-16.

2. Plaintiff's motion to compel is granted as to Request for Production of Documents Nos. 11, 12, and 26-99.

3. Plaintiff's motion to compel is denied as to Request for Production of Documents No. 15.

4. Plaintiff's motion to compel the deposition of defendant's person most knowledgeable, ECF No. 15, is deemed withdrawn.

/////

/////

---

[3] At the hearing, the parties agreed to submit a stipulated request to extend the discovery deadline in order to permit plaintiff to conduct additional discovery concerning his MAX notes, medical file, and workers' compensation records. Plaintiff indicated the stipulation would be filed on May 28, 2014, but the parties have yet to file any stipulation.

3

Further, it is hereby RECOMMENDED that the December 21, 2012 Status (Pretrial Scheduling) Order be modified to allow defendant until June 30, 2014 to comply with this order and to permit plaintiff to conduct addition discovery concerning his MAX notes, medical file, and workers' compensation records.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 30, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE