**LYNN A. GARCIA, SBN 131196**  lag@anwylaw.com
**ANWYL, SCOFFIELD & STEPP, LLP**
Post Office Box 269127
Sacramento, CA 95826-9127
Telephone: (916) 565-1800
Facsimile: (916) 565-2374

**Attorneys for Plaintiff TIMOTHY JOSEPH**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY JOSEPH,<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, a Minnesota corporation, DEBBIE HEEKE, SONYA MOORE and DOES 1 through 200, inclusive,<br><br>Defendants. | CASE NO. 2:12-cv-01962-KJM-EFB<br><br>**REQUEST FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS TO TARGET CORPORATION, SET NO. FIVE**<br>(Fed. Rules Civ. Proc. 34) |

PROPOUNDING PARTY:   Plaintiff TIMOTHY JOSEPH

RESPONDING PARTY:   Defendant TARGET CORPORATION

SET NUMBER:   FIVE (5)

Pursuant to Federal Rules of Civil Procedure, Rule 34, please respond in writing and produce to the requesting party, each and every item, document or electronically stored information, stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, which is either specifically described, or reasonably particularized in a category listed below, which is in your possession,

1   custody or control, including, but not limited to, writings, communications, drawings, graphs, charts,

2   photographs, sound recordings, images and other data or data compilations.

3       Said response to this request shall be signed under oath and shall be served no later than

4   **thirty (30) days from the date of this request** to Anwyl, Scoffield & Stepp, LLP, P.O. Box 269127,

5   Sacramento, California 95826-9127.

6   ## ITEMS TO BE PRODUCED

7   102.    Copies of any and all requests for Family Medical Leave Act "FMLA" leave by Timothy

8   Joseph from April 1997 through July 2010.

9   103.    Copies of any and certifications of FMLA leave for Timothy Joseph from April 1997 through

10  July 2010.

11  104.    Copies of any and all authorizations for FMLA leave of Timothy Joseph from April 1997

12  through July 2010.

13  105.    Copies of any and all records reflecting FMLA used by Timothy Joseph from April 1997

14  through July 2010.

15  106.    Copies of any all notes, records, or correspondence from any physician pertaining to Timothy

16  Joseph.

17  107.    A copy of the release allowing Timothy Joseph to return to work in March 2010.

18

19  DATED: April 28, 2014

20      LYNN A. GARCIA <lag@anwyllaw.com>
        ANWYL, SCOFFIELD & STEPP, LLP

21      Post Office Box 269127
        Sacramento, CA 95826-9127

22      (916) 565-1800

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the date set forth below, a true and complete copy of the foregoing **REQUEST FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS TO TARGET CORPORATION, SET NO. FIVE,** was served upon the parties to this action **by electronic mail** at their electronic addresses, as follows:

James T. Jones, Esq.   jonesj@jacksonlewis.com
Douglas M. Egbert, Esq.   egbertd@jacksonlewis.com
Jackson Lewis LLP
801 K Street, Suite 2300
Sacramento 95814
Telephone:   (916) 341-0404
Facsimile:   (916) 341-0141

**Attorneys for Defendants TARGET CORPORATION, DEBBIE HEEKE and SONYA MOORE**

I certify, under penalty of perjury, that the foregoing is true and correct.  Executed in Sacramento County, on April 28, 2014.

Robin Horne

# EXHIBIT "B"

## Alexandra Asterlin - RE: Joseph v. Target

| | |
|---|---|
| **From:** | "Egbert, Douglas M. (Sacramento)" <egbertd@jacksonlewis.com> |
| **To:** | Alexandra Asterlin <AAsterlin@anwylaw.com> |
| **Date:** | 5/15/2014 7:58 AM |
| **Subject:** | RE: Joseph v. Target |

Lexee:

We will produce the records provided by Mr. Couchot. We will also supplement our document production.

Douglas M. Egbert
Attorney at Law
**Jackson Lewis, P.C.**
801 K Street, Suite 2300
Sacramento, CA 95814

(916) 341-0404 - Main
(916) 341-0141 - Fax

egbertd@jacksonlewis.com
Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.
-
-
www.jacksonlewis.com

**From:** Alexandra Asterlin [mailto:AAsterlin@anwylaw.com]
**Sent:** Wednesday, May 14, 2014 10:40 AM
**To:** Egbert, Douglas M. (Sacramento)
**Subject:** Joseph v. Target

Doug:

At the doctor's depositions last week. Mr. Coucot provided you with several records, which you did not mark as exhibits to the deposition. As such, we request immediate production of all documents provided by Mr. Couchot.

In addition, we are reviewing our files to assure that all documents have been produced to Target. We anticipate doing a supplemental disclosure. We request that your office do the same to assure that you have provided all requested documents.

Thank You,

B 2

Lexee

Alexandra M. Asterlin, Esq.
ANWYL, SCOFFIELD & STEPP, LLP
P.O. Box 269127
Sacramento, CA 95826-9127
3043 Gold Canal Drive, Suite 100
Rancho Cordova, CA 95670-6129
916-565-1800
916-565-2374 fax
www.anwylaw.com

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

Representing management exclusively in workplace law and related litigation

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

# EXHIBIT "C"



## Alexandra Asterlin - Re: Joseph v. Target

| | |
|---|---|
| **From:** | Alexandra Asterlin |
| **To:** | Douglas M. (Sacramento) Egbert; Lynn Garcia |
| **Date:** | 4/11/2014 12:48 PM |
| **Subject:** | Re: Joseph v. Target |
| **CC:** | James T. (Sacramento) Jones |

Doug:

This is in response to your April 10, 2014 meet and confer letter. Thank you for agreeing to supplement the responses as you have indicated. However, we believe that there are additional items that require further attention.

(1) Information related to name, age, race, and disability status. Thank you for providing the report containing the age, race, hire date, and termination date (if any) of Target Team Members. However, as I previously noted, we believe a further responses is required as to the "disability status." Due to the concerns you have expressed, we will define "disability status" as a person who took a leave of absence of greater than two weeks prior to the disciplinary action imposed or a person who took either a continuous or intermittent FMLA leave prior to the subject disciplinary action. We believe this is a reasonable compromise, which will not intrude on any employees' medical privacy.

(2) Documents relating to any employee's filing with the EEOC, DFEH, or other labor organization from July 1, 2005 to present. We will agree to limit the scope of this request to claims filed by employees at the Woodland Distribution Center. In addition, we will limit the request to those claims alleging harassment, discrimination, and retaliation.

(3) Counseling and Final Warnings. While Target has provided us with responsive information, we believe additional responsive documentation exists following the deposition of Ms. Heeke. Please verify that all responsive documents have, in fact, been produced.

(4) Plaintiff's medical and workers' compensation files. Although Target has stated it has produced all medical and workers' compensation files, Plaintiff believes additional responsive documents exists. We request you provide the bate stamp numbers of those documents, which you believe constitute the medical and workers' compensation files of our client.

(5) Information regarding claims made against Target under FEHA, Title VII, ADEA, CFRA and/or FMLA. The original responses provided are inadequate, as they only provide information pertaining to claims by African Americans. This is an improper limitation of our request.

We request you provide additional responses to us by April 21, 2014.

Thank You,
Lexee

Alexandra M. Asterlin, Esq.
ANWYL, SCOFFIELD & STEPP, LLP
P.O. Box 269127
Sacramento, CA 95826-9127
3043 Gold Canal Drive, Suite 100
Rancho Cordova, CA 95670-6129
916-565-1800
916-565-2374 fax
www.anwylaw.com

CONFIDENTIALITY NOTICE: This communication with its contents may contain
confidential and/or legally privileged information. It is solely for the
use of the intended recipient(s). Unauthorized interception, review, use
or disclosure is prohibited and may violate applicable laws including
the Electronic Communications Privacy Act. If you are not the intended
recipient, please contact the sender and destroy all copies of the
communication.
>>> "Egbert, Douglas M. (Sacramento)" <egbertd@jacksonlewis.com> 4/10/2014 3:13 PM >>>
Lynn/Lexee:

We write to further respond and meet and confer regarding the issues raised in your March 4, 2014 and April
1, 2014 emails.

**Information regarding the name, age, race, and disability status of each team member identified in
Defendants' responses.** In response to Plaintiff's Request for Production of Documents, Set Three, Target
produced a report identifying team members by employee ID number, and identifying each team member's
race, birthdate, hire date, and term date (if any). This report will allow you to determine the race and age of
the team members previously identified by employee ID number. We provide this information without waiving
any right to object to its admissibility at any time in this litigation, including at trial. (See case law previously
cited in our meet and confer emails). We also provide this information without waiving any right to object to
your theory of "brand" discrimination (which you have not provided any authority for). We also provide this
information without waiving any right to object to your definition of the term "IDENTIFY." We believe it is a
stretch that the term, regardless of how you defined it, could be construed to require Target to provide
multiple facts about a single person, including, for example, their so-called "disability status."

Regarding disability, as previously explained (see my email dated March 19, 2014), Target does not collect
information regarding each team member's "disability status." Determining this information would require
Target to investigate each team member individually to ask about any disability or medical condition. That
would be improper and burdensome. Further, as previously explained (see my email dated March 23, 2014),
reviewing workers' compensation files and FMLA leaves is not a reasonable way to look for someone's
"disability status." FMLA leaves are based upon a doctor's note certifying that an absence is for a qualifying
reason. They do not identify the qualifying reason, and the criteria for FMLA leave is vastly different than the
definition of a "disability" under the FEHA. Workers' compensation files likewise do not correspond to FEHA
disabilities – industrial injuries are not necessarily FEHA disabilities. Simply put, there is not a systematic way
to individually examine each employee's individual experience to determine whether they were disabled and
receiving a reasonable accommodation (other than individually investigating every single team member, which

C 3

we have already stated is improper and burdensome).

**Employees requesting vacation leave in May 2010.** Target agrees to supplement its response to Special Interrogatory No. 17 to provide the employee ID, race and age of each team member who was granted vacation leave in May 2010.

**Documents relating to any employee's filing with the DFEH, EEOC, or any other labor organization from July 1, 2005 to the present (RFP No. 11).** As stated in Target's objections, this request seeks confidential and proprietary business documents, as well as documents protected from disclosure by the attorney-client privilege and attorney work product doctrine. Further, this request is incredibly overbroad as to scope and time. As you know, Target is a large national retailer with hundreds of stores throughout the country. There is absolutely no limit to the geographic scope of this request. In addition, the request is overbroad because it seeks documents that have nothing to do with the alleged bad actors at the Woodland Distribution Center. It is also overbroad because it seeks any kind of complaint or charge regardless of whether the claim is based on alleged discrimination, harassment, wage and hour issues, whistleblower issues, and so on. The vast majority of these issues have absolutely nothing to do with Plaintiff's complaint. The request also invades the privacy rights of Defendant's current and former employees, which rights Defendant has a duty to protect. As stated in Defendant's supplemental response, other than Plaintiff's own administrative charge, there are no other charges of discrimination based on race (African American), age or disability against individual defendants and alleged bad actors Debbie Heeke and Sonya Moore.

**Counselings and final warnings (RFP Nos. 30-36).** We are unclear from your March 4, 2014 meet and confer letter what more you are seeking. Target provided a written response to each of these requests and produced any responsive documents it had consistent with its written response and objections. Indeed, during the recent depositions of Sonya Moore and Debbie Heeke, you used the counselings and final warnings we produced as exhibits. Regarding your request that we produce unredacted copies, we will not do so because Target has a duty to protect the privacy rights of its current and former employees. That said, the counselings and final warnings include the employee's ID number and, using the report produced in response to Plaintiff's Request for Production of Documents, Set Three, you will be able to determine the race, age, hire date and termination date (if any) of the employees who were counseled or received a final warning.

**Plaintiff's medical and workers' compensation file.** Target has produced the medical and workers' compensation files in its custody, possession or control, and we are not aware of any Federal Rule requiring that Target provide you with a declaration to that effect. Target has responded to Plaintiff's written discovery and produced the documents it has. Your April 1, 2014 email itself confirms you were able to identify the workers' compensation and medical files produced.

We trust the above resolves any outstanding discovery issues in this matter. If you still have any concerns we invite you to further meet and confer with us. We remain hopeful that the parties can reach an agreement without Plaintiff filing a motion to compel.

Thank you,

Douglas M. Egbert
Attorney at Law
**Jackson Lewis, P.C.**
801 K Street, Suite 2300
Sacramento, CA 95814

(916) 341-0404 - Main

(916) 341-0141 - Fax

egbertd@jacksonlewis.com

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

-

-

www.jacksonlewis.com


Representing management exclusively in workplace law and related litigation

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual (s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

# EXHIBIT "D"

## Alexandra Asterlin - RE: Joseph v. Target

| | |
|---|---|
| **From:** | "Egbert, Douglas M. (Sacramento)" <egbertd@jacksonlewis.com> |
| **To:** | "Alexandra Asterlin (AAsterlin@anwylaw.com)" <AAsterlin@anwylaw.com> |
| **Date:** | 4/21/2014 3:00 PM |
| **Subject:** | RE: Joseph v. Target |
| **CC:** | "Jones, James T. (Sacramento)" <jonesj@jacksonlewis.com>, "Lynn Garcia(l... |

Lexee:

We write to respond to your April 11, 2014 email below.

**Information regarding the name, age, race, and disability status of each team member identified in Defendants' responses.** Your email below defines "disability status" as "a person who took a leave of absence of greater than two weeks prior to the disciplinary action imposed or a person who took either a continuous or intermittent FMLA leave prior to the subject disciplinary action." As previously explained in emails dated March 19, 2014, March 23, 2014, and April 10, 2014, Defendant does not collect information regarding each team member's "disability status." Further, and as previously explained, your proposal to use FMLA records is not a reasonable way to identify a team member's "disability status." FMLA leaves are based upon a doctor's note certifying that an absence is for a qualifying reason. They do not identify the qualifying reason, and the criteria for FMLA leave is vastly different than the definition of a "disability" under the FEHA. We still do not understand the correlation you are attempting to make, and still do not believe parsing through FMLA records is a reasonable way to identify "disability status."

**Documents relating to any employee's filing with the DFEH, EEOC, or any other labor organization from July 1, 2005 to the present.** We believe your proposed limitation is still overbroad as to scope and time. As you may know, there are hundreds and hundreds of employees at the Woodland Distribution Center. In contrast, individual defendants Sonya Moore and Debbie Heeke supervised a comparatively small group of team members. The request also seeks information and documents protected from disclosure by the right of privacy of Target's current and former employees, which right Target has a duty to protect. In addition, Plaintiff's proposal to limit any production to claims for harassment, discrimination, and retaliation is still overbroad because it contemplates the production of documents completely unrelated to Plaintiff's claims and protected characteristics.

**Counselings and final warnings.** Target's position is that it has produced all responsive documents. If, however, it discovers any additional responsive documents it will produce said additional documents subject to objections previously made.

**Plaintiff's medical and workers' compensation file.** Target's position is that it has produced all responsive documents, but it is conducting an additional good faith and diligent search for any additional responsive documents based on your meet and confer email below. We will notify you when that search is complete.

**Information regarding claims made against Target under FEHA, Title VII, ADEA, CFRA and/or FMLA.** As you know, Target is a large national retailer with hundreds of stores throughout the country. There is absolutely no limit to the geographic scope of this request in your April 11, 2014 email below. In addition, the request is overbroad because it seeks documents that have nothing to do with the alleged bad actors at the Woodland Distribution Center. It is also overbroad because it seeks any kind of complaint or charge regardless of whether the claim is based on alleged discrimination, harassment, wage and hour issues, whistleblower

D 2

issues, and so on. The vast majority of these issues have absolutely nothing to do with Plaintiff's complaint. The request also invades the privacy rights of Defendant's current and former employees, which rights Defendant has a duty to protect. Finally, your April 11, 2014 email takes issue with Target limiting its response to claims regarding African American employees. This limitation is not improper at all because it directly coincides with Plaintiff's own protected characteristic. See, *Hatai v. Dept. of Transportation* (2013) 214 Cal.App.4th 1287 (plaintiff, a man of Japanese descent, not permitted to use "me too" evidence of discrimination outside his own protected class to show discrimination or harassment against him).

Best regards,

Douglas M. Egbert
Attorney at Law
**Jackson Lewis, P.C.**
801 K Street, Suite 2300
Sacramento, CA 95814

(916) 341-0404 - Main
(916) 341-0141 - Fax

egbertd@jacksonlewis.com
Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

www.jacksonlewis.com

**From:** Alexandra Asterlin [mailto:AAsterlin@anwylaw.com]
**Sent:** Friday, April 11, 2014 12:49 PM
**To:** Lynn Garcia; Egbert, Douglas M. (Sacramento)
**Cc:** Jones, James T. (Sacramento)
**Subject:** Re: Joseph v. Target

Doug:

This is in response to your April 10, 2014 meet and confer letter. Thank you for agreeing to supplement the responses as you have indicated. However, we believe that there are additional items that require further attention.

(1) Information related to name, age, race, and disability status. Thank you for providing the report containing the age, race, hire date, and termination date (if any) of Target Team Members. However, as I previously noted, we believe a further responses is required as to the "disability status." Due to the concerns you have expressed, we will define "disability status" as a person who took a leave of absence of greater than two weeks prior to the disciplinary action imposed or a person who took either a continuous or intermittent FMLA leave prior to the subject disciplinary action. We believe this is a reasonable compromise, which will not intrude on any employees' medical privacy.

(2) Documents relating to any employee's filing with the EEOC, DFEH, or other labor organization from July 1, 2005 to present. We will agree to limit the scope of this request to claims filed by employees at the Woodland Distribution Center. In addition, we will limit the request to those claims alleging harassment, discrimination, and

retaliation.

(3) Counseling and Final Warnings. While Target has provided us with responsive information, we believe additional responsive documentation exists following the deposition of Ms. Heeke. Please verify that all responsive documents have, in fact, been produced.

(4) Plaintiff's medical and workers' compensation files. Although Target has stated it has produced all medical and workers' compensation files, Plaintiff believes additional responsive documents exists. We request you provide the bate stamp numbers of those documents, which you believe constitute the medical and workers' compensation files of our client.

(5) Information regarding claims made against Target under FEHA, Title VII, ADEA, CFRA and/or FMLA. The original responses provided are inadequate, as they only provide information pertaining to claims by African Americans. This is an improper limitation of our request.

We request you provide additional responses to us by April 21, 2014.

Thank You,
Lexee

Alexandra M. Asterlin, Esq.
ANWYL, SCOFFIELD & STEPP, LLP
P.O. Box 269127
Sacramento, CA 95826-9127
3043 Gold Canal Drive, Suite 100
Rancho Cordova, CA 95670-6129
916-565-1800
916-565-2374 fax
www.anwylaw.com

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.
>>> "Egbert, Douglas M. (Sacramento)" <egbertd@jacksonlewis.com> 4/10/2014 3:13 PM >>>
Lynn/Lexee:

We write to further respond and meet and confer regarding the issues raised in your March 4, 2014 and April 1, 2014 emails.

**Information regarding the name, age, race, and disability status of each team member identified in Defendants' responses.** In response to Plaintiff's Request for Production of Documents, Set Three, Target

D 4

produced a report identifying team members by employee ID number, and identifying each team member's race, birthdate, hire date, and term date (if any). This report will allow you to determine the race and age of the team members previously identified by employee ID number. We provide this information without waiving any right to object to its admissibility at any time in this litigation, including at trial. (See case law previously cited in our meet and confer emails). We also provide this information without waiving any right to object to your theory of "brand" discrimination (which you have not provided any authority for). We also provide this information without waiving any right to object to your definition of the term "IDENTIFY." We believe it is a stretch that the term, regardless of how you defined it, could be construed to require Target to provide multiple facts about a single person, including, for example, their so-called "disability status."

Regarding disability, as previously explained (see my email dated March 19, 2014), Target does not collect information regarding each team member's "disability status." Determining this information would require Target to investigate each team member individually to ask about any disability or medical condition. That would be improper and burdensome. Further, as previously explained (see my email dated March 23, 2014), reviewing workers' compensation files and FMLA leaves is not a reasonable way to look for someone's "disability status." FMLA leaves are based upon a doctor's note certifying that an absence is for a qualifying reason. They do not identify the qualifying reason, and the criteria for FMLA leave is vastly different than the definition of a "disability" under the FEHA. Workers' compensation files likewise do not correspond to FEHA disabilities – industrial injuries are not necessarily FEHA disabilities. Simply put, there is not a systematic way to individually examine each employee's individual experience to determine whether they were disabled and receiving a reasonable accommodation (other than individually investigating every single team member, which we have already stated is improper and burdensome).

**Employees requesting vacation leave in May 2010.** Target agrees to supplement its response to Special Interrogatory No. 17 to provide the employee ID, race and age of each team member who was granted vacation leave in May 2010.

**Documents relating to any employee's filing with the DFEH, EEOC, or any other labor organization from July 1, 2005 to the present (RFP No. 11).** As stated in Target's objections, this request seeks confidential and proprietary business documents, as well as documents protected from disclosure by the attorney-client privilege and attorney work product doctrine. Further, this request is incredibly overbroad as to scope and time. As you know, Target is a large national retailer with hundreds of stores throughout the country. There is absolutely no limit to the geographic scope of this request. In addition, the request is overbroad because it seeks documents that have nothing to do with the alleged bad actors at the Woodland Distribution Center. It is also overbroad because it seeks any kind of complaint or charge regardless of whether the claim is based on alleged discrimination, harassment, wage and hour issues, whistleblower issues, and so on. The vast majority of these issues have absolutely nothing to do with Plaintiff's complaint. The request also invades the privacy rights of Defendant's current and former employees, which rights Defendant has a duty to protect. As stated in Defendant's supplemental response, other than Plaintiff's own administrative charge, there are no other charges of discrimination based on race (African American), age or disability against individual defendants and alleged bad actors Debbie Heeke and Sonya Moore.

**Counselings and final warnings (RFP Nos. 30-36).** We are unclear from your March 4, 2014 meet and confer letter what more you are seeking. Target provided a written response to each of these requests and produced any responsive documents it had consistent with its written response and objections. Indeed, during the recent depositions of Sonya Moore and Debbie Heeke, you used the counselings and final warnings we produced as exhibits. Regarding your request that we produce unredacted copies, we will not do so because Target has a duty to protect the privacy rights of its current and former employees. That said, the counselings and final warnings include the employee's ID number and, using the report produced in response to Plaintiff's Request for Production of Documents, Set Three, you will be able to determine the race, age, hire date and

D 5

termination date (if any) of the employees who were counseled or received a final warning.

**Plaintiff's medical and workers' compensation file.** Target has produced the medical and workers' compensation files in its custody, possession or control, and we are not aware of any Federal Rule requiring that Target provide you with a declaration to that effect. Target has responded to Plaintiff's written discovery and produced the documents it has. Your April 1, 2014 email itself confirms you were able to identify the workers' compensation and medical files produced.

We trust the above resolves any outstanding discovery issues in this matter. If you still have any concerns we invite you to further meet and confer with us. We remain hopeful that the parties can reach an agreement without Plaintiff filing a motion to compel.

Thank you,


Douglas M. Egbert
Attorney at Law
**Jackson Lewis, P.C.**
801 K Street, Suite 2300
Sacramento, CA 95814

(916) 341-0404 - Main
(916) 341-0141 - Fax

egbertd@jacksonlewis.com
Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

www.jacksonlewis.com


Representing management exclusively in workplace law and related litigation

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

D 6

# EXHIBIT "E"

**Alexandra Asterlin - Joseph v. Target**

| | |
|---|---|
| From: | Alexandra Asterlin |
| To: | egbertd@jacksonlewis.com |
| Date: | 5/20/2014 8:10 AM |
| Subject: | Joseph v. Target |
| CC: | James T. (Sacramento) Jones; Lynn Garcia |

Doug:

We are in receipt of Target's discovery responses, which were served yesterday. We anticipated the documents, which you had assured would be produced by Monday, would be a part of these responses. However, we do not believe all of the documents were delivered as promised.

First, you agreed to produce the all of the "MAX" notes on Mr Joseph. We received a few pages of what appear to be MAX notes. The notes produced only date back to 2006. As you are aware, Ms. Podsakoff testified that the MAX system predated her arrival at Target in 2003. As such, we do not believe Target produced all of the MAX notes pertaining to Mr. Joseph.

Second, Target agreed to produce the information requested on vacation time. From what I can ascertain, that information was not produced.

Third, you have indicated that the Hewitt file is the remainder of Mr. Joseph's workers' compensation and medical files. We do not believe that the full and complete files have been produced. The Hewitt file produced is sparse at best and contains limited correspondence. Moreover, despite our specific request for a note releasing Mr. Joseph to return to work following his heart attack, no such note has been produced.

As we have not yet received all of the documents promised, we are unable to withdraw these issues from the Motion to Compel at this time.

Thank You,
Lexee

Alexandra M. Asterlin, Esq.
ANWYL, SCOFFIELD & STEPP, LLP
P.O. Box 269127
Sacramento, CA 95826-9127
3043 Gold Canal Drive, Suite 100
Rancho Cordova, CA 95670-6129
916-565-1800
916-565-2374 fax
www.anwvlaw.com

Exhibit 20-2

# EXHIBIT "F"

**Alexandra Asterlin - RE: Joseph v. Target**

| | |
|---|---|
| **From:** | "Egbert, Douglas M. (Sacramento)" <egbertd@jacksonlewis.com> |
| **To:** | Alexandra Asterlin <AAsterlin@anwylaw.com> |
| **Date:** | 5/20/2014 8:43 AM |
| **Subject:** | RE: Joseph v. Target |
| **CC:** | Lynn Garcia <lag@anwylaw.com>, "Jones, James T. (Sacramento)" <jonesj@ja... |

Lexee:

1.   **MAX Notes.** We produced additional MAX Notes. See documents Bates numbered TARGET 000783-786. Target has produced all MAX Notes it has on Plaintiff and simply has nothing more it can produce. That Ms. Podsakoff testified that the system predated her arrival in 2003 does not mean Target made or kept notes on Mr. Joseph during that time.

2.   **List of Team Members Who Took Vacation in May 2010.** We produced this list. See document Bates numbered TARGET 000782.

3.   **Hewitt Documents.** We produced the file Target was able to obtain from Hewitt – a third party to this case. See documents Bates numbered TARGET 000750-781. Target requested any files Hewitt had on Plaintiff and what we produced is what was provided. Documents Bates numbered TARGET 000757 and 000759 both reference Plaintiff's return to work. You have heard repeated testimony that Target uses Hewitt to administer team member leaves. We asked Hewitt for the file on Plaintiff and this is what was provided.

In short, Target has produced everything requested. We request you withdraw these issues from your motion as there is nothing left to compel because Target produced everything requested. Even if your motion was granted, there is nothing else Target can produce. Please advise whether you will withdraw these issues from your motion.

Douglas M. Egbert
Attorney at Law
**Jackson Lewis P.C.**
801 K Street, Suite 2300
Sacramento, CA 95814

(916) 341-0404 - Main
(916) 341-0141 - Fax

egbertd@jacksonlewis.com
Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

www.jacksonlewis.com

Exhibit 21-2

# EXHIBIT "G"

## Alexandra Asterlin - RE: Joseph v. Target

| | |
|---|---|
| **From:** | Alexandra Asterlin |
| **To:** | Douglas M. (Sacramento) Egbert |
| **Date:** | 5/20/2014 9:25 AM |
| **Subject:** | RE: Joseph v. Target |
| **CC:** | James T. (Sacramento) Jones;  Lynn Garcia |

Doug:

Please provide us with a verification, signed by a Target representative, that you have produced everything responsive pertaining to the areas discussed in my prior email.

Thank You,
Lexee

Alexandra M. Asterlin, Esq.
ANWYL, SCOFFIELD & STEPP, LLP
P.O. Box 269127
Sacramento, CA 95826-9127
3043 Gold Canal Drive, Suite 100
Rancho Cordova, CA 95670-6129
916-565-1800
916-565-2374 fax
www.anwylaw.com

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.
>>> "Egbert, Douglas M. (Sacramento)" <egbertd@jacksonlewis.com> 5/20/2014 8:42 AM >>>

Lexee:

1.  **MAX Notes.**  We produced additional MAX Notes.  See documents Bates numbered TARGET 000783-786.  Target has produced all MAX Notes it has on Plaintiff and simply has nothing more it can produce.  That Ms. Podsakoff testified that the system predated her arrival in 2003 does not mean Target made or kept notes on Mr. Joseph during that time.

2.  **List of Team Members Who Took Vacation in May 2010.**  We produced this list.  See document Bates numbered TARGET 000782.

3.  **Hewitt Documents.**  We produced the file Target was able to obtain from Hewitt – a third party to

Exhibit 22-2

# EXHIBIT "H"

Alexandra Asterlin - RE: Joseph v. Target

| | |
|---|---|
| From: | "Egbert, Douglas M. (Sacramento)" <egbertd@jacksonlewis.com> |
| To: | Alexandra Asterlin <AAsterlin@anwylaw.com> |
| Date: | 5/20/2014 10:58 AM |
| Subject: | RE: Joseph v. Target |
| CC: | Lynn Garcia <lag@anwylaw.com>, "Jones, James T. (Sacramento)" <jonesj@ja... |

Lexee:

There is nothing in the federal rules that requires us to provide a verification signed by Target regarding its document production, and we are not about to invent a new rule for this case. Federal case law supports that an attorney's representations, including those regarding a document production, are presumed true. We've told you Target does not have any additional MAX Notes or medical documents to produce. We will not provide a verification signed by Target.

This also confirms our telephone discussion of this morning during which you stated the May vacation records are no longer at issue.

Douglas M. Egbert
Attorney at Law
**Jackson Lewis P.C.**
801 K Street, Suite 2300
Sacramento, CA 95814

(916) 341-0404 - Main
(916) 341-0141 - Fax

egbertd@jacksonlewis.com
Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

www.jacksonlewis.com

**From:** Alexandra Asterlin [mailto:AAsterlin@anwylaw.com]
**Sent:** Tuesday, May 20, 2014 9:25 AM
**To:** Egbert, Douglas M. (Sacramento)
**Cc:** Lynn Garcia; Jones, James T. (Sacramento)
**Subject:** RE: Joseph v. Target

Doug:

Exhibit 24-2

# EXHIBIT "I"

## Alexandra Asterlin - RE: Joseph v. Target

| | |
|---|---|
| **From:** | "Jones, James T. (Sacramento)" <jonesj@jacksonlewis.com> |
| **To:** | Alexandra Asterlin <AAsterlin@anwylaw.com>, "Egbert, Douglas M.(Sacramen... |
| **Date:** | 5/20/2014 10:45 AM |
| **Subject:** | RE: Joseph v. Target |
| **CC:** | Lynn Garcia <lag@anwylaw.com> |

Lexee,

Just because the MAX system may have existed in those years does not mean there are notes on Tim Joseph in those years. Our obligation is to do a diligent search and produce what we find. We did that. Do you have any basis to believe they exist other than speculation?

We gave you what we have from Hewitt. If you believe there is more you need to subpoena them. In fact, you should have done that in the first place and I have no idea why you did not.

Continually demanding items that we have repeatedly told you do not exist (or have not been found after a complete, diligent search) borders on unprofessional and must stop. Alternatively, we will address this behavior with the magistrate at the appropriate time.

James T. Jones
Attorney at Law
Jackson Lewis P.C.
801 K Street, Suite 2300
Sacramento, CA 95814

916.341.0404 | Main
916.341.0141 | Fax

jonesj@jacksonlewis.com

www.jacksonlewis.com
Representing management exclusively in workplace law and related litigation.
Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

**From:** Alexandra Asterlin [mailto:AAsterlin@anwylaw.com]
**Sent:** Tuesday, May 20, 2014 8:10 AM
**To:** Egbert, Douglas M. (Sacramento)

Exhibit 23-2

# EXHIBIT "J"

## Alexandra Asterlin - RE: Joseph v. Target

| | |
|---|---|
| **From:** | "Jones, James T. (Sacramento)" <jonesj@jacksonlewis.com> |
| **To:** | Alexandra Asterlin <AAsterlin@anwylaw.com> |
| **Date:** | 5/20/2014 11:27 AM |
| **Subject:** | RE: Joseph v. Target |

That is not part of the Federal Rules of Civil Procedure. You have no right to that, and we don't gratuitously provide declarations.

James T. Jones
Attorney at Law
Jackson Lewis P.C.
801 K Street, Suite 2300
Sacramento, CA 95814

916.341.0404 | Main
916.341.0141 | Fax

jonesj@jacksonlewis.com

www.jacksonlewis.com
Representing management exclusively in workplace law and related litigation.
Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

**From:** Alexandra Asterlin [mailto:AAsterlin@anwylaw.com]
**Sent:** Tuesday, May 20, 2014 9:25 AM
**To:** Egbert, Douglas M. (Sacramento)
**Cc:** Lynn Garcia; Jones, James T. (Sacramento)
**Subject:** RE: Joseph v. Target

Doug:

Please provide us with a verification, signed by a Target representative, that you have produced everything responsive pertaining to the areas discussed in my prior email.

Thank You,

# EXHIBIT "K"

RECEIVED
JUN 03 2014

By _____

☐ FILE
☐ GET FILE
☐ CC TO COMPANY
☐ SUSPEND TO_____
☐ SCAN
☐ _____

1  JACKSON LEWIS P.C.
   JAMES T. JONES (SBN 167967)
2  DOUGLAS M. EGBERT (SBN 265062)
   801 K Street, Suite 2300
3  Sacramento, California 95814
   Telephone: (916) 341-0404
4  Facsimile: (916) 341-0141
   Email:   jonesj@jacksonlewis.com
5           egbertd@jacksonlewis.com

6  Attorneys for Defendants
   TARGET CORPORATION, DEBBIE HEEKE, and
7  SONYA MOORE

8                  UNITED STATES DISTRICT COURT

9               EASTERN DISTRICT OF CALIFORNIA

10                    SACRAMENTO DIVISION

11 TIMOTHY JOSEPH,                    Case No. 2:12-cv-01962-KJM-EFB

12              Plaintiff,            **DEFENDANT TARGET CORPORATION'S**
                                      **OBJECTIONS AND RESPONSES TO**
13      v.                            **REQUEST FOR PRODUCTION OF**
                                      **DOCUMENTS AND TANGIBLE THINGS,**
14 TARGET CORPORATION, a Minnesota    **SET FIVE**
   corporation; DEBBIE HEEKE; SONYA
15 MOORE and DOES 1 through 200, inclusive,
                                      Complaint Filed:   06.22.12
16              Defendants.           Removal Date:      07.26.12
                                      Trial:             03.09.15

17 PROPOUNDING PARTY:        Plaintiff TIMOTHY JOSEPH

18 RESPONDING PARTY:         Defendant TARGET CORPORATION

19 SET NO.:                  FIVE

20     Defendant TARGET CORPORATION ("Defendant") objects and responds as follows to

21 Plaintiff TIMOTHY JOSEPH'S Request for Production of Documents and Tangible Things, Set

22 Five, pursuant to Rule 34 of the Federal Rules of Civil Procedure as follows:

23              **PRELIMINARY STATEMENT AND OBJECTIONS**

24             **APPLICABLE TO ALL REQUESTS FOR DOCUMENTS**

25     It should be noted that Defendant has not fully completed its investigation of the facts

26 relating to this case, has not fully completed its discovery in this action, and has not completed its

27 preparation for trial. All of the responses contained herein are based only upon such information

28 and documents which are presently available to and specifically known to Defendant. It is

                                      1

anticipated that further discovery, independent investigation, legal research and analysis will supply and/or establish additional facts, new meaning to known facts and entirely new factual conclusions and legal contentions, all of which may lead to substantial editions, changes and variations to the responses and objections herein set forth.

The following responses are given without prejudice to Defendant's rights to produce evidence and any subsequently discovered fact or facts which Defendant may later recall or discover. Defendant accordingly reserves the right to change any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed and contentions are made. The responses contained herein are made in a good faith effort to supply as much factual information and as much specific legal contentions as is presently known, but should in no way be to the prejudice of Defendant in relation to further discovery, research or further analyses.

Inadvertent identification or production of privileged documents or information by Defendant is not a waiver of any applicable privileges.

Documents prepared or sent in connection with the within litigation, including, but not limited to, pleadings, motions, discovery responses and correspondence between counsel, are not included in the documents produced by Defendant.

## GENERAL OBJECTIONS

Defendant objects to this entire request for production on the grounds it calls for a response from Defendant after the May 30, 2014 discovery cutoff.

Defendant objects to this entire request for production of documents to the extent that it seeks production of documents protected by the attorney-client privilege and/or the attorney work product doctrine. Defendant declines to produce such privileged materials.

Defendant objects to this entire request for production of documents to the extent that it seeks production of documents protected by the right to privacy of current and former employees of Defendant. Defendant declines to produce such privileged materials.

All of the above paragraphs and objections are expressly made applicable to each and every request and are hereby incorporated by reference as if fully set forth therein.

2

Subject to and without waiving or limiting any of the foregoing objections, Defendant responds to Plaintiff's first set of Request for Production of Documents and Tangible Things, Set Four as follows:

## OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION

### REQUEST NO. 102:

*Copies of any and all requests for Family Medical Leave Act "FMLA" leave by Timothy Joseph from April 1997 through July 2010.*

### RESPONSE TO REQUEST NO. 102:

Defendant objects to this request on the grounds it calls for a response from Defendant after the May 30, 2014 discovery cutoff. Plaintiff served his request for documents, set five, on April 28, 2014 via electronic mail. Pursuant to F.R.C.P. Rules 34(b)(2)(A), and 6(d), Defendant's last day to respond was June 2, 2014 – three days after the discovery cutoff. Defendant further objects to this request to the extent it is duplicative of prior requests for documents. Defendant previously produced all responsive documents in its custody, possession, or control. Defendant further objects on the grounds the phrase "any and all requests" is vague and ambiguous. Defendant further objects on the grounds that the request is overbroad as to time. Defendant further objects to the extent this request calls for a legal conclusion and/or requires expert testimony.

### REQUEST NO. 103:

*Copies of any and certifications of FMLA leave for Timothy Joseph from April 1997 through July 2010.*

### RESPONSE TO REQUEST NO. 103.:

Defendant objects to this request on the grounds it calls for a response from Defendant after the May 30, 2014 discovery cutoff. Plaintiff served his request for documents, set five, on April 28, 2014 via electronic mail. Pursuant to F.R.C.P. Rules 34(b)(2)(A), and 6(d), Defendant's last day to respond was June 2, 2014 – three days after the discovery cutoff. Defendant further objects to this request to the extent it is duplicative of prior requests for documents. Defendant previously produced all responsive documents in its custody, possession, or control. Defendant

1 further objects on the grounds the phrase "any and [all] certifications" is vague and ambiguous.
2 Defendant further objects on the grounds that the request is overbroad as to time. Defendant
3 further objects to the extent this request calls for a legal conclusion and/or requires expert
4 testimony.

**REQUEST NO. 104:**

6 *Copies of any and all authorizations for FMLA leave of Timothy Joseph from April 1997*
7 *through July 2010.*

**RESPONSE TO REQUEST NO. 104:**

9 Defendant objects to this request on the grounds it calls for a response from Defendant
10 after the May 30, 2014 discovery cutoff. Plaintiff served his request for documents, set five, on
11 April 28, 2014 via electronic mail. Pursuant to F.R.C.P. Rules 34(b)(2)(A), and 6(d), Defendant's
12 last day to respond was June 2, 2014 – three days after the discovery cutoff. Defendant further
13 objects to this request to the extent it is duplicative of prior requests for documents. Defendant
14 previously produced all responsive documents in its custody, possession, or control. Defendant
15 further objects on the grounds the phrase "any and all authorizations" is vague and ambiguous.
16 Defendant further objects on the grounds that the request is overbroad as to time. Defendant
17 further objects to the extent this request calls for a legal conclusion and/or requires expert
18 testimony.

**REQUEST NO. 105:**

20 *Copies of any and all records reflecting FMLA used by Timothy Joseph from April 1997*
21 *through July 2010.*

**RESPONSE TO REQUEST NO. 105:**

23 Defendant objects to this request on the grounds it calls for a response from Defendant
24 after the May 30, 2014 discovery cutoff. Plaintiff served his request for documents, set five, on
25 April 28, 2014 via electronic mail. Pursuant to F.R.C.P. Rules 34(b)(2)(A), and 6(d), Defendant's
26 last day to respond was June 2, 2014 – three days after the discovery cutoff. Defendant further
27 objects to this request to the extent it is duplicative of prior requests for documents. Defendant
28 previously produced all responsive documents in its custody, possession, or control. Defendant

4

further objects on the grounds the phrase "any and all records reflecting FMLA used by Timothy Joseph" is vague and ambiguous. Defendant further objects on the grounds that the request is overbroad as to scope and time. Defendant further objects to the extent this request calls for a legal conclusion and/or requires expert testimony.

**REQUEST NO. 106:**

*Copies of any and all notes, records, or correspondence from any physician pertaining to Timothy Joseph.*

**RESPONSE TO REQUEST NO. 106:**

Defendant objects to this request on the grounds it calls for a response from Defendant after the May 30, 2014 discovery cutoff. Plaintiff served his request for documents, set five, on April 28, 2014 via electronic mail. Pursuant to F.R.C.P. Rules 34(b)(2)(A), and 6(d), Defendant's last day to respond was June 2, 2014 – three days after the discovery cutoff. Defendant further objects to this request to the extent it is duplicative of prior requests for documents. Defendant previously produced all responsive documents in its custody, possession, or control. Defendant further objects on the grounds the phrase "any and all notes, records, or correspondence from any physician" is vague and ambiguous. Defendant further objects on the grounds that the request is overbroad as to scope and time.

**REQUEST NO. 107:**

*A copy of the release allowing Timothy Joseph to return to work in March 2010.*

**RESPONSE TO REQUEST NO. 107:**

Defendant objects to this request on the grounds it calls for a response from Defendant after the May 30, 2014 discovery cutoff. Plaintiff served his request for documents, set five, on April 28, 2014 via electronic mail. Pursuant to F.R.C.P. Rules 34(b)(2)(A), and 6(d), Defendant's last day to respond was June 2, 2014 – three days after the discovery cutoff. Defendant further objects to this request to the extent it is duplicative of prior requests for documents. Defendant previously produced all responsive documents in its custody, possession, or control. Defendant

///

///

5

further objects on the grounds the phrase "release allowing Timothy Joseph to return to work in March 2010" is vague and ambiguous.

Dated: June 2, 2014

JACKSON LEWIS P.C.

By: _____
    JAMES T. JONES
    DOUGLAS M. EGBERT

Attorneys for Defendants
TARGET CORPORATION, DEBBIE HEEKE, and
SONYA MOORE

## CERTIFICATE OF SERVICE

I am employed in the County of Sacramento, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Jackson Lewis P.C. 801 K Street, Suite 2300, Sacramento, California 95814.

On June 2, 2014, I served the within:

**DEFENDANT TARGET CORPORATION'S OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS, SET FIVE**

in this action by transmitting a true copy thereof enclosed in a sealed envelope addressed as follows:

☐ **PERSONAL SERVICE** - by personally delivering a true and correct copy thereof to the person at the address set forth below, in accordance with Code of Civil Procedure section 1011(a).

☒ **MAIL** - by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid for deposit in the United States Post Office mail box, at my business address shown above, following Jackson Lewis P.C.'s ordinary business practices for the collection and processing of mail, of which I am readily familiar, and addressed as set forth below. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

☐ **OVERNIGHT DELIVERY** - by depositing a true and correct copy thereof enclosed in a sealed envelope with delivery fees thereon fully prepaid in a box or other facility regularly maintained by Norco Delivery Services or delivering to an authorized courier or driver authorized by Norco Delivery Services to receive documents, addressed as set forth below.

☐ **FACSIMILE TRANSMISSION** - by transmitting a true and correct copy by facsimile from facsimile number (916) 341-0141 to the person(s) at the facsimile number(s) set forth below, which transmission was confirmed as complete. A copy of the transmission record is attached hereto.

☒ **ELECTRONIC MAIL** - by forwarding a true and correct copy thereof by e-mail from e-mail address katie.edwards@jacksonlewis.com to the person(s) at the e-mail address(es) set forth below.

Lynn A Garcia, Esq.
Alexandra Asterlin, Esq.
ANWYL SCOFFIELD & STEPP LLP
Post Office Box 269127
Sacramento, CA 95826

**COUNSEL FOR PLAINTIFF TIMOTHY JOSEPH:**

Telephone: (916) 565-1800
Facsimile: (916) 565-2374
Email: lag@anwylaw.com
AAsterlin@anwylaw.com

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct, and that this declaration was executed on June 2, 2014 at Sacramento, California.

_Katie Edwards_
Katie Edwards

# EXHIBIT "L"

# ANWYL, SCOFFIELD & STEPP, LLP

ATTORNEYS AT LAW

MAILING ADDRESS: P.O. BOX 269127, SACRAMENTO, CA 95826-9127
OFFICE ADDRESS: 3043 GOLD CANAL DRIVE, SUITE 100, RANCHO CORDOVA, CALIFORNIA 95670-6129
TELEPHONE (916) 565-1800 FAX (916) 565-2374

JAMES T. ANWYL
LINDY H. SCOFFIELD
LEIGH A. STEPP
LYNN A. GARCIA
ELIZABETH A. McGINTY
KERRI A. ROLLINS
HEATHER M. PUENTES
ANTHONY C. OCEGUERA
ALEXANDRA M. ASTERLIN

June 11, 2014

**VIA EMAIL ONLY**

Douglas M. Egbert, Esq.
Jackson Lewis LLP
801 K Street, Suite 2300
Sacramento, CA 95814
egbertd@jacksonlewis.com

> Re: ***Joseph v. Target***
> USDC for the Eastern District Case No. 2:12-cv-01962-KJM-EFB
> Our File No.: MS9/023 - 4948

Doug:

We received Target's objections to our Request for Production of Documents, Set Five. The objections center primarily on the fact the responses were arguably due after the discovery cutoff.

However, the alleged untimeliness does not justify the failure to produce the requested discovery. On the contrary, we believe all information which you have declined to produce was encompassed within several earlier requests for production. For example, Request for Production of Documents, Set One, No. 1, sought all documents related to any benefit to which Mr. Joseph was entitled. Additionally, Request for Production of Documents, Set One, No. 15, requested all files maintained by Target, or its agents or employees, regarding Mr. Joseph. Also, Request for Production, Set Five, requests any and all requests for FMLA made by Mr. Joseph, copies of any and all certifications of FMLA for Mr. Joseph, copies of any and all authorizations for FMLA leave for Mr. Joseph, copies of any and all records reflecting FMLA used by Mr. Joseph, copies of any and all records or correspondence from any physician pertaining to Mr. Joseph, and a copy of the release returning Mr. Joseph to work in March 2010. All of these documents should have been produced by Target in connection with their first responses to Request for Production of Documents. Thus, all responsive documents should have been produced long ago. To the extent that they were not previously produced, there is no legitimate reason that any of these documents should be withheld.

Even so, it appears that a number of documents have, in fact, been withheld by Target. For example, in the course of the recent depositions, it has come to our attention that there is an FMLA binder containing "old" FMLA forms (and potentially other documents relating to those forms) stored in the HR department of the Woodland Distribution warehouse. This file should have been produced in conjunction with our request for all documents related to benefits to which Mr. Joseph was entitled. Additionally, Mr. Cason testified that during his tenure at the Distribution Center, the Inbound management maintained a file on each employee in the Distribution Center which was in addition to the various employees' personnel file. This separate file relating to Mr. Joseph has not been produced despite the fact that it is responsive to our prior discovery demands. Also, several employees have testified concerning one or more

L 2

"assessments" which were conducted by Target Corporate of the Woodland DC center, which document included references to both the "best practices" and the "opportunities [to improve]" in the HR department in areas we believe are relevant to the claims in issue in this case. Finally, the testimony of the various Target executives has made it clear that Target keeps a variety of information relating to both its employees and its personnel practices on its computer system which was not produced in response to any of the prior document demands. While I understand that Target may not routinely print out this information, it does not excuse Target's failure to produce the information within the context of this litigation.

We understand that your office may not have been aware of the existence of these particular items prior to the recent depositions. However, now that you have been made aware of them, Target is obligated to supplement its prior document responses to include them. Additionally, to the extent that any other information exists which is responsive to Document Demand, Set Five, and has not previously been produced, we believe that it also is responsive to (and was encompassed within) prior Demands. Accordingly, please consider this a formal request that you produce this information.

We would prefer to resolve this matter without Court intervention. However, each of the above items (and any other items Target has previously failed to produce) are both within the scope of the earlier discovery and potentially necessary to our ability to present Mr. Joseph's case. Thus, if the information requested is not produced, we will have no choice but to seek the Court's assistance in resolving the issues.

Thank you in advance for your anticipated cooperation in this matter.

Sincerely,

ANWYL, SCOFFIELD & STEPP, LLP

LYNN A. GARCIA

LAG:rrh

L 3

Re: ***Joseph v. Target***
USDC for the Eastern District Case No. 2:12-cv-01962-KJM-EFB
Our File No.:    MS9/023 - 4948

Doug:

We received Target's objections to our Request for Production of Documents, Set Five. The objections center primarily on the fact the responses were arguably due after the discovery cutoff.

However, the alleged untimeliness does not justify the failure to produce the requested discovery. On the contrary, we believe all information which you have declined to produce was encompassed within several earlier requests for production. For example, Request for Production of Documents, Set One, No. 1, sought all documents related to any benefit to which Mr. Joseph was entitled. Additionally, Request for Production of Documents, Set One, No. 15, requested all files maintained by Target, or its agents or employees, regarding Mr. Joseph. Also, Request for Production, Set Five, requests any and all requests for FMLA made by Mr. Joseph, copies of any and all certifications of FMLA for Mr. Joseph, copies of any and all authorizations for FMLA leave for Mr. Joseph, copies of any and all records reflecting FMLA used by Mr. Joseph, copies of any and all records or correspondence from any physician pertaining to Mr. Joseph, and a copy of the release returning Mr. Joseph to work in March 2010. All of these documents should have been produced by Target in connection with their first responses to Request for Production of Documents. Thus, all responsive documents should have been produced long ago. To the extent that they were not previously produced, there is no legitimate reason that any of these documents should be withheld.

Even so, it appears that a number of documents have, in fact, been withheld by Target. For example, in the course of the recent depositions, it has come to our attention that there is an FMLA binder containing "old" FMLA forms (and potentially other documents relating to those forms) stored in the HR department of the Woodland Distribution warehouse. This file should have been produced in conjunction with our request for all documents related to benefits to which Mr. Joseph was entitled. Additionally, Mr. Cason testified that during his tenure at the Distribution Center, the Inbound management maintained a file on each employee in the Distribution Center which was in addition to the various employees' personnel file. This separate file relating to Mr. Joseph has not been produced despite the fact that it is responsive to our prior discovery demands. Also, several employees have testified concerning one or more "assessments" which were conducted by Target Corporate of the Woodland DC center, which document included references to both the "best practices" and the "opportunities [to improve]" in the HR department in areas we believe are relevant to the claims in issue in this case. Finally, the testimony of the various Target executives has made it clear that Target keeps a variety of information relating to both its employees and its personnel practices on its computer system which was not produced in response to any of the prior document demands. While I understand that Target may not routinely print out this information, it does not excuse Target's failure to produce the information within the context of this litigation.

We understand that your office may not have been aware of the existence of these particular items prior to the recent depositions. However, now that you have been made aware of them, Target is obligated to supplement its prior document responses to include them. Additionally, to the extent that any other information exists which is responsive to Document Demand, Set Five, and has not previously been produced, we believe that it also is responsive to (and was encompassed within) prior Demands. Accordingly, please consider this a formal request that you produce this information.

We would prefer to resolve this matter without Court intervention. However, each of the above items (and any other items Target has previously failed to produce) are both within the scope of the earlier discovery

L 4

and potentially necessary to our ability to present Mr. Joseph's case. Thus, if the information requested is not produced, we will have no choice but to seek the Court's assistance in resolving the issues.

Thank you in advance for your anticipated cooperation in this matter.

Sincerely,

Lynn A. Garcia, Esq.
LAG@anwylaw.com
ANWYL, SCOFFIELD & STEPP, LLP
P.O. Box 269127
Sacramento, CA 95826-9127
3043 Gold Canal Drive, Suite 100
Rancho Cordova, CA 95670
916-565-1800 Phone
916-565-2374 Fax
www.anwylaw.com

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

| Message Id: | 5398DFDC.420 : 232 : 65040 |
|---|---|
| Subject: | Joseph v. Target |
| Created By: | LAG@anwylaw.com |
| Scheduled Date: | |
| Creation Date: | 6/11/2014 4:01 PM |
| From: | Lynn Garcia |

## Recipients

| Recipient | Action | Date & Time | Comment |
|---|---|---|---|
| gwpo.gwdom | Delivered | 6/11/2014 4:01 PM | |
| CC: Alexandra Asterlin (AAsterlin@anwylaw.com) | | | |
| jacksonlewis.com | Transferred | 6/11/2014 4:02 PM | |
| To: Douglas Egbert (egbertd@jacksonlewis.com) | | | |

## Post Offices

| Post Office | Delivered | Route |
|---|---|---|
| gwpo.gwdom | 6/11/2014 4:01 PM | anwylaw.com |
| jacksonlewis.com | | jacksonlewis.com |

## Files

| File | Size | Date & Time |
|---|---|---|
| MESSAGE | 7141 | 6/11/2014 4:01 PM |

## Options

| | |
|---|---|
| Auto Delete: | No |
| Concealed Subject: | No |
| Expiration Date: | None |
| Notify Recipients: | Yes |
| Priority: | Standard |
| Reply requested by | None |
| Security: | Standard |
| To Be Delivered: | Immediate |

## Record Id

| Record Id: | 53987D6C.gwdom.gwpo.100.1677734.1.11B42.1 |
|---|---|
| Common Record Id: | 53987D6C.gwdom.gwpo.200.20000E8.1.20DB6.1 |

L 6

# EXHIBIT "M"



**From:**      "Egbert, Douglas M. (Sacramento)" <egbertd@jacksonlewis.com>
**To:**        Lynn Garcia <lag@anwylaw.com>
**CC:**        Alexandra Asterlin <AAsterlin@anwylaw.com>, "Jones, James T. (Sacramento...
**Date:**      6/12/2014 2:29 PM
**Subject:**   RE: Joseph v. Target

Lynn:

We will meet and confer on the issues identified in your email below in an attempt to resolve the issues without court intervention. That said, can you direct me to the specific request/demand that would have required production of the binder of FMLA template letters Susan Barry testified about at the PMK deposition?

Douglas M. Egbert
Attorney at Law
Jackson Lewis P.C.
801 K Street, Suite 2300
Sacramento, CA 95814

(916) 341-0404 - Main
(916) 341-0141 - Fax

egbertd@jacksonlewis.com
Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

www.jacksonlewis.com

-----Original Message-----
From: Lynn Garcia [mailto:lag@anwylaw.com]
Sent: Wednesday, June 11, 2014 4:02 PM
To: Egbert, Douglas M. (Sacramento)
Cc: Alexandra Asterlin
Subject: Joseph v. Target

Re:   Joseph v. Target
      USDC for the Eastern District Case No. 2:12-cv-01962-KJM-EFB
      Our File No.:   MS9/023 - 4948

Doug:

We received Target's objections to our Request for Production of Documents, Set Five. The objections center primarily on the fact the responses were arguably due after the discovery cutoff.

However, the alleged untimeliness does not justify the failure to produce the requested discovery. On the contrary, we believe all information which you have declined to produce was encompassed within several earlier requests for production. For example, Request for Production of Documents, Set One, No. 1, sought all documents related to any benefit to which Mr. Joseph was entitled. Additionally, Request for Production of Documents, Set One, No. 15, requested all files maintained by Target, or its agents or employees, regarding Mr. Joseph. Also, Request for Production, Set Five, requests any and all requests for FMLA made by Mr. Joseph, copies of any and all certifications of FMLA for Mr.



Joseph, copies of any and all authorizations for FMLA leave for Mr.
Joseph, copies of any and all records reflecting FMLA used by Mr.
Joseph, copies of any and all records or correspondence from any physician pertaining to Mr. Joseph, and a copy of the release returning Mr. Joseph to work in March 2010. All of these documents should have been produced by Target in connection with their first responses to Request for Production of Documents. Thus, all responsive documents should have been produced long ago. To the extent that they were not previously produced, there is no legitimate reason that any of these documents should be withheld.

Even so, it appears that a number of documents have, in fact, been withheld by Target. For example, in the course of the recent depositions, it has come to our attention that there is an FMLA binder containing "old" FMLA forms (and potentially other documents relating to those forms) stored in the HR department of the Woodland Distribution warehouse. This file should have been produced in conjunction with our request for all documents related to benefits to which Mr. Joseph was entitled. Additionally, Mr. Cason testified that during his tenure at the Distribution Center, the Inbound management maintained a file on each employee in the Distribution Center which was in addition to the various employees' personnel file. This separate file relating to Mr. Joseph has not been produced despite the fact that it is responsive to our prior discovery demands. Also, several employees have testified concerning one or more "assessments" which were conducted by Target Corporate of the Woodland DC center, which document included references to both the "best practices" and the "opportunities [to improve]" in the HR department in areas we believe are relevant to the claims in issue in this case. Finally, the testimony of the various Target executives has made it clear that Target keeps a variety of information relating to both its employees and its personnel practices on its computer system which was not produced in response to any of the prior document demands. While I understand that Target may not routinely print out this information, it does not excuse Target's failure to produce the information within the context of this litigation.

We understand that your office may not have been aware of the existence of these particular items prior to the recent depositions. However, now that you have been made aware of them, Target is obligated to supplement its prior document responses to include them. Additionally, to the extent that any other information exists which is responsive to Document Demand, Set Five, and has not previously been produced, we believe that it also is responsive to (and was encompassed within) prior Demands. Accordingly, please consider this a formal request that you produce this information.

We would prefer to resolve this matter without Court intervention.
However, each of the above items (and any other items Target has previously failed to produce) are both within the scope of the earlier discovery and potentially necessary to our ability to present Mr. Joseph's case. Thus, if the information requested is not produced, we will have no choice but to seek the Court's assistance in resolving the issues.

Thank you in advance for your anticipated cooperation in this matter.

Sincerely,


Lynn A. Garcia, Esq.
LAG@anwylaw.com
ANWYL, SCOFFIELD & STEPP, LLP
P.O. Box 269127
Sacramento, CA 95826-9127
3043 Gold Canal Drive, Suite 100
Rancho Cordova, CA 95670
916-565-1800 Phone
916-565-2374 Fax
www.anwylaw.com

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or

M 3

legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

Representing management exclusively in workplace law and related litigation

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

M 4

# EXHIBIT "N"

## Alexandra Asterlin - RE: Joseph v. Target

| | |
|---|---|
| **From:** | Alexandra Asterlin |
| **To:** | Douglas M. (Sacramento) Egbert; Lynn Garcia |
| **Date:** | 6/12/2014 2:36 PM |
| **Subject:** | RE: Joseph v. Target |
| **CC:** | James T. (Sacramento) Jones |

Doug:

Request for Production, set one, number 9 supports production of the documents in question.

Moreover, in Target's Rule 26 disclosures, you indicated that you would produce employee or personnel policies and procedures. The referenced forms fall within the scope of said disclosure.

Thank You,
Lexee


Alexandra M. Asterlin, Esq.
ANWYL, SCOFFIELD & STEPP, LLP
P.O. Box 269127
Sacramento, CA 95826-9127
3043 Gold Canal Drive, Suite 100
Rancho Cordova, CA 95670-6129
916-565-1800
916-565-2374 fax
www.anwylaw.com

CONFIDENTIALITY NOTICE: This communication with its contents may contain
confidential and/or legally privileged information. It is solely for the
use of the intended recipient(s). Unauthorized interception, review, use
or disclosure is prohibited and may violate applicable laws including
the Electronic Communications Privacy Act. If you are not the intended
recipient, please contact the sender and destroy all copies of the
communication.
>>> "Egbert, Douglas M. (Sacramento)" <egbertd@jacksonlewis.com> 6/12/2014 2:28 PM >>>
Lynn:

We will meet and confer on the issues identified in your email below in an attempt to resolve the issues without
court intervention.  That said, can you direct me to the specific request/demand that would have required
production of the binder of FMLA template letters Susan Barry testified about at the PMK deposition?

Douglas M. Egbert
Attorney at Law
Jackson Lewis P.C.
801 K Street, Suite 2300

Sacramento, CA 95814

(916) 341-0404 - Main
(916) 341-0141 - Fax

egbertd@jacksonlewis.com

Confidentiality Note:  This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail.  If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited.  If you have received this e-mail in error, please immediately return it to the sender and delete it from your system.  Thank you.

www.jacksonlewis.com

-----Original Message-----
From: Lynn Garcia [mailto:lag@anwylaw.com]
Sent: Wednesday, June 11, 2014 4:02 PM
To: Egbert, Douglas M. (Sacramento)
Cc: Alexandra Asterlin
Subject: Joseph v. Target

Re:    Joseph v. Target
       USDC for the Eastern District Case No. 2:12-cv-01962-KJM-EFB
       Our File No.:  MS9/023 - 4948

Doug:

We received Target's objections to our Request for Production of Documents, Set Five. The objections center primarily on the fact the responses were arguably due after the discovery cutoff.

However, the alleged untimeliness does not justify the failure to produce the requested discovery.  On the contrary, we believe all information which you have declined to produce was encompassed within several earlier requests for production.  For example,  Request for Production of Documents, Set One, No. 1, sought all documents related to any benefit to which Mr. Joseph was entitled.  Additionally, Request for Production of Documents, Set One, No. 15, requested all files maintained by Target, or its agents or employees, regarding Mr. Joseph. Also, Request for Production, Set Five, requests any and all requests for FMLA made by Mr. Joseph, copies of any and all certifications of FMLA for Mr.
Joseph, copies of any and all authorizations for FMLA leave for Mr.
Joseph, copies of any and all records reflecting FMLA used by Mr.
Joseph, copies of any and all records or correspondence from any physician pertaining to Mr. Joseph, and a copy of the release returning Mr. Joseph to work in March 2010. All of these documents should have been produced by Target in connection with their first responses to Request for Production of Documents. Thus, all responsive documents should have been produced long ago. To the extent that they were not previously produced, there is no legitimate reason that any of these documents should be withheld.

Even so, it appears that a number of documents have, in fact, been withheld by Target. For example, in the course of the recent depositions, it has come to our attention that there is an FMLA binder containing "old" FMLA forms (and potentially other documents relating to those forms) stored in the HR department of the Woodland Distribution warehouse. This file should have been produced in conjunction with our request for all

documents related to benefits to which Mr. Joseph was entitled. Additionally, Mr. Cason testified that during his tenure at the Distribution Center, the Inbound management maintained a file on each employee in the Distribution Center which was in addition to the various employees' personnel file. This separate file relating to Mr. Joseph has not been produced despite the fact that it is responsive to our prior discovery demands. Also, several employees have testified concerning one or more "assessments" which were conducted by Target Corporate of the Woodland DC center, which document included references to both the "best practices" and the "opportunities [to improve]" in the HR department in areas we believe are relevant to the claims in issue in this case. Finally, the testimony of the various Target executives has made it clear that Target keeps a variety of information relating to both its employees and its personnel practices on its computer system which was not produced in response to any of the prior document demands. While I understand that Target may not routinely print out this information, it does not excuse Target's failure to produce the information within the context of this litigation.

We understand that your office may not have been aware of the existence of these particular items prior to the recent depositions. However, now that you have been made aware of them, Target is obligated to supplement its prior document responses to include them. Additionally, to the extent that any other information exists which is responsive to Document Demand, Set Five, and has not previously been produced, we believe that it also is responsive to (and was encompassed within) prior Demands.
Accordingly, please consider this a formal request that you produce this information.

We would prefer to resolve this matter without Court intervention.
However, each of the above items (and any other items Target has previously failed to produce) are both within the scope of the earlier discovery and potentially necessary to our ability to present Mr.
Joseph's case. Thus, if the information requested is not produced, we will have no choice but to seek the Court's assistance in resolving the issues.

Thank you in advance for your anticipated cooperation in this matter.

Sincerely,


Lynn A. Garcia, Esq.
LAG@anwylaw.com
ANWYL, SCOFFIELD & STEPP, LLP
P.O. Box 269127
Sacramento, CA 95826-9127
3043 Gold Canal Drive, Suite 100
Rancho Cordova, CA 95670
916-565-1800 Phone
916-565-2374 Fax
www.anwylaw.com

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

file:///C:/Users/Alexandra/AppData/Local/Temp/XPgrpwise/5399BAFEgwdomgwpo1001...   6/12/2014

Representing management exclusively in workplace law and related litigation

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

# EXHIBIT "O"

LYNN A. GARCIA, SBN 131196  lag@anwylaw.com
ALEXANDRA M. ASTERLIN, SBN 221286  aasterlin@anwylaw.com
ANWYL, SCOFFIELD & STEPP, LLP
Post Office Box 269127
Sacramento, CA 95826-9127
Telephone:  (916) 565-1800
Facsimile:  (916) 565-2374

Attorneys for Plaintiff TIMOTHY JOSEPH

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| TIMOTHY JOSEPH,<br><br>        Plaintiff,<br><br>   vs.<br><br>TARGET CORPORATION, a Minnesota corporation, DEBBIE HEEKE, SONYA MOORE and DOES 1 through 200, inclusive,<br><br>        Defendants. | CASE NO. 2:12-cv-01962-KJM-EFB<br><br>**REQUEST FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS TO TARGET CORPORATION, SET NO. SIX**<br>**(Fed. Rules Civ. Proc. 34)** |

PROPOUNDING PARTY:    Plaintiff TIMOTHY JOSEPH

RESPONDING PARTY:     Defendant TARGET CORPORATION

SET NUMBER:            SIX (6)


      Pursuant to Federal Rules of Civil Procedure, Rule 34, please respond in writing and produce to the requesting party, each and every item, document or electronically stored information, stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, which is either specifically

described, or reasonably particularized in a category listed below, which is in your possession, custody or control, including, but not limited to, writings, communications, drawings, graphs, charts, photographs, sound recordings, images and other data or data compilations.

Said response to this request shall be signed under oath and shall be served no later than **June 30, 2014, in accordance with the Court's Order of June 10, 2014,** to Anwyl, Scoffield & Stepp, LLP, P.O. Box 269127, Sacramento, California 95826-9127.

## ITEMS TO BE PRODUCED

108.     Please produce all MAX notes pertaining to Plaintiff Timothy Joseph.

109.     Please produce all Individual Performance Culture Detail (PCD) reports regarding Plaintiff Timothy Joseph.

110.     Please produce an Individual Performance Culture Detail (PCD) report regarding Plaintiff Timothy Joseph which covers the time period of April 19, 1995 through December 1, 2010.

111.     Please produce all notes pertaining to Plaintiff Timothy Joseph's performance which have been saved into a software program other than MAX.

112.     Please produce all notes pertaining to Plaintiff Timothy Joseph's performance which have been saved into any word processing format.

113.     Please produce all notes pertaining to Plaintiff Timothy Joseph's performance which have been saved in the Word document format.

114.     Please produce all policies and procedures regarding the generation of performance notes regarding an employee in Microsoft Word.

115.     Please provide all policies and procedures regarding copying any MAX system entries regarding hourly team members into a Word document.

116.     Please produce the MAX note referenced on Timothy's Joseph's April 19, 2006 performance review (TJ 0108).

117.     If no MAX note exists which refers to Timothy Joseph's April 19, 2006 performance review (TJ0108), herein above, please provide all documents that reference any reasons why the entry does not exist.

118.     Please produce all policies and procedures regarding the entry of MAX notes.

ANWYL, SCOFFIELD
& STEPP LLP      Request for Production of Documents and Things - Set 6.wpd            2:12-cv-01962-KJM-EFB

O 3

1   119.   Please produce all policies and procedures regarding the modification of MAX notes.

2   120.   Please produce all policies and procedures regarding the deletion of MAX notes.

3   121.   Please produce all policies and procedures regarding the retention of MAX notes.

4   122.   Please produce all training materials pertaining to MAX notes.

5   123.   Please produce all policies and procedures regarding notifying hourly employees that a MAX

6   note has been generated which references him or her.

7   124.   Please produce all policies and procedures regarding an hourly employee's right to dispute

8   the contents of a MAX note about him or her.

9   125.   Please produce all policies and procedures regarding the retention of Microsoft Word notes

10   pertaining to hourly employees.

11   126.   Please produce all training materials regarding the entry of notes regarding hourly employees

12   into Microsoft Word.

13   127.   Please produce all policies and procedures regarding notifying an hourly employee that an

14   entry was recorded in Microsoft Word which references him or her.

15   128.   Please produce all policies and procedures regarding an hourly employee's right to challenge

16   the contents of an entry made in Microsoft Word which references him or her.

17   129.   Please produce all policies and procedures regarding when an hourly employee is required

18   to provide a medical release prior to returning to work from an FMLA leave.

19   130.   Please produce all policies and procedures regarding making any request of an hourly

20   employee to provide a medical release prior to returning from work from an FLMA leave.

21

22   DATED: June 10, 2014

23                                    LYNN A. GARCIA <lag@anwylaw.com>
                                      ANWYL, SCOFFIELD & STEPP, LLP
24                                    Post Office Box 269127
                                      Sacramento, CA 95826-9127
25                                    (916) 565-1800

26

27

28

# EXHIBIT "P"

RECEIVED

JUL 14 2014

By _____

☑FILE
☐GET FILE
☐CC TO COMPANY
☐SUSPEND TO_____
☐SCAN
☐_____

1  JACKSON LEWIS P.C.
   JAMES T. JONES (SBN 167967)
2  DOUGLAS M. EGBERT (SBN 265062)
   801 K Street, Suite 2300
3  Sacramento, California 95814
   Telephone: (916) 341-0404
4  Facsimile: (916) 341-0141
   Email:   jonesj@jacksonlewis.com
5           egbertd@jacksonlewis.com

6  Attorneys for Defendants
   TARGET CORPORATION, DEBBIE HEEKE, and
7  SONYA MOORE

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10                 SACRAMENTO DIVISION

11 TIMOTHY JOSEPH,                    Case No. 2:12-cv-01962-KJM-EFB

12            Plaintiff,              **DEFENDANT TARGET CORPORATION'S**
                                      **OBJECTIONS AND RESPONSES TO**
13      v.                            **REQUEST FOR PRODUCTION OF**
                                      **DOCUMENTS AND TANGIBLE THINGS,**
14 TARGET CORPORATION, a Minnesota    **SET SIX**
   corporation; DEBBIE HEEKE; SONYA
15 MOORE and DOES 1 through 200, inclusive,   Complaint Filed:   06.22.12
                                      Removal Date:     07.26.12
16            Defendants.             Trial:            03.09.15

17 PROPOUNDING PARTY:        Plaintiff TIMOTHY JOSEPH

18 RESPONDING PARTY:         Defendant TARGET CORPORATION

19 SET NO.:                  SIX

20      Defendant TARGET CORPORATION ("Defendant") objects and responds as follows to

21 Plaintiff TIMOTHY JOSEPH'S Request for Production of Documents and Tangible Things, Set

22 Six, pursuant to Rule 34 of the Federal Rules of Civil Procedure as follows:

23          **PRELIMINARY STATEMENT AND OBJECTIONS**

24          **APPLICABLE TO ALL REQUESTS FOR DOCUMENTS**

25      It should be noted that Defendant has not fully completed its investigation of the facts

26 relating to this case, has not fully completed its discovery in this action, and has not completed its

27 preparation for trial. All of the responses contained herein are based only upon such information

28 and documents which are presently available to and specifically known to Defendant. It is

                                    1

Target Corporation's Objections and Responses to Request for          Joseph v. Target Corporation, et al.
Production of Documents and Tangible Things, Set Six                   Case No. 2:12-cv-01962-KJM-EFB

P 2

1  anticipated that further discovery, independent investigation, legal research and analysis will

2  supply and/or establish additional facts, new meaning to known facts and entirely new factual

3  conclusions and legal contentions, all of which may lead to substantial editions, changes and

4  variations to the responses and objections herein set forth.

5       The following responses are given without prejudice to Defendant's rights to produce

6  evidence and any subsequently discovered fact or facts which Defendant may later recall or

7  discover.  Defendant accordingly reserves the right to change any and all responses herein as

8  additional facts are ascertained, analyses are made, legal research is completed and contentions

9  are made.  The responses contained herein are made in a good faith effort to supply as much

10  factual information and as much specific legal contentions as is presently known, but should in no

11  way be to the prejudice of Defendant in relation to further discovery, research or further analyses.

12       Inadvertent identification or production of privileged documents or information by

13  Defendant is not a waiver of any applicable privileges.

14       Documents prepared or sent in connection with the within litigation, including, but not

15  limited to, pleadings, motions, discovery responses and correspondence between counsel, are not

16  included in the documents produced by Defendant.

17                          **GENERAL OBJECTIONS**

18       Defendant objects to this entire request for production of documents to the extent that it

19  seeks production of documents protected by the attorney-client privilege and/or the attorney work

20  product doctrine.  Defendant declines to produce such privileged materials.

21       Defendant objects to this entire request for production of documents to the extent that it

22  seeks production of documents protected by the right to privacy of current and former employees

23  of Defendant.  Defendant declines to produce such privileged materials.

24       All of the above paragraphs and objections are expressly made applicable to each and

25  every request and are hereby incorporated by reference as if fully set forth therein.

26  ///

27

28

Subject to and without waiving or limiting any of the foregoing objections, Defendant responds to Plaintiff's first set of Request for Production of Documents and Tangible Things, Set Four as follows:

## OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION

**REQUEST NO. 108:**

*Please produce all MAX notes pertaining to Plaintiff Timothy Joseph.*

**RESPONSE TO REQUEST NO. 108:**

Defendant responds that it will comply with this request, and directs Plaintiff to MAX notes previously produced as well as to additional documents produced herewith.

**REQUEST NO. 109:**

*Please produce all Individual Performance Culture Detail (PCD) reports regarding Plaintiff Timothy Joseph.*

**RESPONSE TO REQUEST NO. 109:**

Defendant responds that it will comply with this request, and directs Plaintiff to MAX notes previously produced as well as to additional documents produced herewith.

**REQUEST NO. 110:**

*Please produce all Individual Performance Culture Detail (PCD) report regarding Plaintiff Timothy Joseph which covers the time period of April 19, 1995 through December 1, 2010.*

**RESPONSE TO REQUEST NO. 110:**

Defendant responds that it will comply with this request, and directs Plaintiff to MAX notes previously produced as well as to additional documents produced herewith. Defendant further responds that it has no MAX notes and/or PCD reports for the time period prior to May 20, 2006.

**REQUEST NO. 111:**

*Please produce all notes pertaining to Plaintiff Timothy Joseph's performance which have been saved into a software program other than MAX.*

1  **RESPONSE TO REQUEST NO. 111:**

2      Defendant objects to this request on the grounds it is vague and ambiguous as to the

3  phrase "all notes pertaining to Plaintiff Timothy Joseph's performance which have been saved

4  into a software program other than MAX," and is overbroad. Subject to and without waiving

5  these objections, Defendant responds that after a diligent, good faith search, it has not identified

6  any documents responsive to this request.

7  **REQUEST NO. 112:**

8      *Please produce all notes pertaining to Plaintiff Timothy Joseph's performance which have*

9  *been saved into any word processing format.*

10  **RESPONSE TO REQUEST NO. 112:**

11      Defendant objects to this request on the grounds it is vague and ambiguous as to the

12  phrase "all notes pertaining to Plaintiff Timothy Joseph's performance which have been saved

13  into any word processing format," and is overbroad. Subject to and without waiving these

14  objections, Defendant responds that after a diligent, good faith search, it has not identified any

15  documents responsive to this request.

16  **REQUEST NO. 113:**

17      *Please produce all notes pertaining to Plaintiff Timothy Joseph's performance which have*

18  *been saved in the Word document format.*

19  **RESPONSE TO REQUEST NO. 113:**

20      Defendant responds that it will comply with this request. Please see the document

21  produced herewith with the heading "Timothy Joseph's MAX notes prior to June 1, 2009."

22  **REQUEST NO. 114:**

23      *Please produce all policies and procedures regarding the generation of performance*

24  *notes regarding an employee in Microsoft Word.*

25  **RESPONSE TO REQUEST NO. 114:**

26      Defendant objects to this request on the grounds it is vague and ambiguous as to the

27  phrase "all policies and procedures regarding the generation of performance notes regarding an

28  employee in Microsoft Word," and is overbroad. Subject to and without waiving these

4                                                                                    **P 5**

**REQUEST NO. 118:**

    *Please produce all policies and procedures regarding the entry of MAX notes.*

**RESPONSE TO REQUEST NO. 118:**

    Defendant responds that it will comply with this request. Please see the document produced herewith titled "Performance Management and Documentation Guide for Distribution Leaders."

**REQUEST NO. 119:**

    *Please produce all policies and procedures regarding the modification of MAX notes.*

**RESPONSE TO REQUEST NO. 119:**

    Defendant responds that after a diligent, good faith search, it has not identified any documents responsive to this request.

**REQUEST NO. 120:**

    *Please produce all policies and procedures regarding the deletion of MAX notes.*

**RESPONSE TO REQUEST NO. 120:**

    Defendant responds that after a diligent, good faith search, it has not identified any documents responsive to this request.

**REQUEST NO. 121:**

    *Please produce all policies and procedures regarding the retention of MAX notes.*

**RESPONSE TO REQUEST NO. 121:**

    Defendant responds that after a diligent, good faith search, it has not identified any documents responsive to this request.

**REQUEST NO. 122:**

    *Please produce all training materials pertaining to MAX notes.*

**RESPONSE TO REQUEST NO. 122:**

    Defendant objects to this request on the grounds the phrase "training materials" is vague and ambiguous. Subject to and without waiving these objections, Defendant responds that it will comply with this request. Please see the document produced herewith titled "Performance Management and Documentation Guide for Distribution Leaders."

6

**P 6**

**REQUEST NO. 123:**

Please produce all policies and procedures regarding notifying hourly employees that a MAX note has been generated which references him or her.

**RESPONSE TO REQUEST NO. 123:**

Defendant responds that after a diligent, good faith search, it has not identified any documents responsive to this request.

**REQUEST NO. 124:**

Please produce all policies and procedures regarding an hourly employee's right to dispute the contents of a MAX note about him or her.

**RESPONSE TO REQUEST NO. 124:**

Defendant responds that after a diligent, good faith search, it has not identified any documents responsive to this request.

**REQUEST NO. 125:**

Please produce all policies and procedures regarding the retention of Microsoft Word notes pertaining to hourly employees.

**RESPONSE TO REQUEST NO. 125:**

Defendant responds that after a diligent, good faith search, it has not identified any documents responsive to this request.

**REQUEST NO. 126:**

Please produce all training materials regarding the entry of notes regarding hourly employees into Microsoft Word.

**RESPONSE TO REQUEST NO. 126:**

Defendant responds that after a diligent, good faith search, it has not identified any documents responsive to this request.

**REQUEST NO. 127:**

Please produce all policies and procedures regarding notifying an hourly employee that an entry was recorded in Microsoft Word which references him or her.

Target Corporation's Objections and Responses to Request for
Production of Documents and Tangible Things, Set Six

*Joseph v. Target Corporation, et al.*
Case No. 2:12-cv-01962-KJM-EFB

**RESPONSE TO REQUEST NO. 127:**

Defendant responds that after a diligent, good faith search, it has not identified any documents responsive to this request.

**REQUEST NO. 128:**

*Please produce all policies and procedures regarding an hourly employee's right to challenge the contents of an entry made in Microsoft Word which references him or her.*

**RESPONSE TO REQUEST NO. 128:**

Defendant responds that after a diligent, good faith search, it has not identified any documents responsive to this request.

**REQUEST NO. 129:**

*Please produce all policies and procedures regarding when an hourly employee is required to provide a medical release prior to returning to work from an FMLA leave.*

**RESPONSE TO REQUEST NO. 129:**

Defendant objects to this request on the grounds it is vague and ambiguous as phrased, and is overbroad as to time and scope. Subject to and without waiving these objections, Defendant responds this is will comply with this request by producing the "Standard Process Business Rules," which outlines the return to work process relating to FMLA leaves administered by Hewitt.

**REQUEST NO. 130:**

*Please produce all policies and procedures regarding making any request of an hourly employee to provide a medical release prior to returning from work from an FMLA leave.*

**RESPONSE TO REQUEST NO. 130:**

Defendant objects to this request on the grounds it is vague and ambiguous as phrased, and is overbroad as to time and scope. Subject to and without waiving these objections, Defendant responds this is will comply with this request by producing the "Standard Process

///

///

///

8

1  Business Rules," which outlines the return to work process relating to FMLA leaves administered
2  by Hewitt.
3  Dated: July 14, 2014                          JACKSON LEWIS P.C.
4
5                                                 By: _____
6                                                     JAMES T. JONES
                                                       DOUGLAS M. EGBERT
7
                                                 Attorneys for Defendants
8                                                TARGET CORPORATION, DEBBIE HEEKE, and
                                                 SONYA MOORE
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I am employed in the County of Sacramento, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Jackson Lewis P.C. 801 K Street, Suite 2300, Sacramento, California 95814.

On July 14, 2014, I served the within:

**DEFENDANT TARGET CORPORATION'S OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS, SET SIX**

in this action by transmitting a true copy thereof enclosed in a sealed envelope addressed as follows:

☐ **PERSONAL SERVICE -** by personally delivering a true and correct copy thereof to the person at the address set forth below, in accordance with Code of Civil Procedure section 1011(a).

☒ **MAIL -** by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid for deposit in the United States Post Office mail box, at my business address shown above, following Jackson Lewis P.C.'s ordinary business practices for the collection and processing of mail, of which I am readily familiar, and addressed as set forth below. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

☐ **OVERNIGHT DELIVERY -** by depositing a true and correct copy thereof enclosed in a sealed envelope with delivery fees thereon fully prepaid in a box or other facility regularly maintained by Norco Delivery Services or delivering to an authorized courier or driver authorized by Norco Delivery Services to receive documents, addressed as set forth below.

☐ **FACSIMILE TRANSMISSION -** by transmitting a true and correct copy thereof by facsimile from facsimile number (916) 341-0141 to the person(s) at the facsimile number(s) set forth below, which transmission was confirmed as complete. A copy of the transmission record is attached hereto.

☒ **ELECTRONIC MAIL -** by forwarding a true and correct copy thereof by e-mail from e-mail address martinellit@jacksonlewis.com to the person(s) at the e-mail address(es) set forth below.

Lynn A Garcia, Esq.
Alexandra Asterlin, Esq.
ANWYL SCOFFIELD & STEPP LLP
Post Office Box 269127
Sacramento, CA 95826

**COUNSEL FOR PLAINTIFF TIMOTHY JOSEPH:**

Telephone: (916) 565-1800
Facsimile: (916) 565-2374
Email: lag@anwylaw.com
AAsterlin@anwylaw.com

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct, and that this declaration was executed on July 14, 2014 at Sacramento, California.

_____
Tami J. Martinelli

P 10

# EXHIBIT "Q"

1  LYNN A. GARCIA, SBN 131196  lag@anwylaw.com
   ALEXANDRA M. ASTERLIN, SBN 221286 aasterlin@anwylaw.com
2  ANWYL, SCOFFIELD & STEPP, LLP
   Post Office Box 269127
3  Sacramento, CA 95826-9127
   Telephone:  (916) 565-1800
4  Facsimile:  (916) 565-2374

5  Attorneys for Plaintiff TIMOTHY JOSEPH

6

7

8                       UNITED STATES DISTRICT COURT
9
                        EASTERN DISTRICT OF CALIFORNIA
10

11

12 TIMOTHY JOSEPH,                     )   CASE NO. 2:12-cv-01962-KJM-EFB
                                       )
13            Plaintiff,               )   AMENDED REQUEST FOR
                                       )   PRODUCTION OF DOCUMENTS AND
14    vs.                              )   TANGIBLE THINGS TO TARGET
                                       )   CORPORATION, SET NO. SEVEN
15 TARGET CORPORATION, a Minnesota     )   (Fed. Rules Civ. Proc. 34)
   corporation, DEBBIE HEEKE, SONYA    )
16 MOORE and DOES 1 through 200,       )
   inclusive,                          )
17                                     )
                                       )
18            Defendants.              )
                                       )
19 _____    )

20

21 PROPOUNDING PARTY:    Plaintiff TIMOTHY JOSEPH

22 RESPONDING PARTY:     Defendant TARGET CORPORATION

23 SET NUMBER:           AMENDED SEVEN (7)

24

25     Pursuant to Federal Rules of Civil Procedure, Rule 34, please respond in writing and produce

26 to the requesting party, each and every item, document or electronically stored information, stored

27 in any medium from which information can be obtained either directly or, if necessary, after

28 translation by the responding party into a reasonably usable form, which is either specifically

described, or reasonably particularized in a category listed below, which is in your possession, custody or control, including, but not limited to, writings, communications, drawings, graphs, charts, photographs, sound recordings, images and other data or data compilations.

Said response to this request shall be signed under oath and shall be served no later than **thirty (30) days from the date of this request** to Anwyl, Scoffield & Stepp, LLP, P.O. Box 269127, Sacramento, California 95826-9127.

## ITEMS TO BE PRODUCED

131. Please produce a copy of Timothy Joseph's "HIPAA Protected file" as described in described more fully in Jenine Smith's deposition testimony, at 78:3-15, a copy of which is attached hereto as Exhibit A.


DATED: June 30, 2014

LYNN A. GARCIA <lag@anwylaw.com>
ALEXANDRA M. ASTERLIN, SBN 221286
aasterlin@anwylaw.com
ANWYL, SCOFFIELD & STEPP, LLP
Post Office Box 269127
Sacramento, CA 95826-9127
(916) 565-1800

# EXHIBIT A

1  leave time for a specific team member, what are you

2  talking about?

3      A.  A file other than the personal -- other than

4  their personal file, that we kept separate from anything

5  else, that contained any HIPAA-protected information.

6      Q.  Okay, when you worked at the Woodland DC, did

7  you keep separate files for each team member that had

8  HIPAA-protected informations?

9      A.  Yes.

11:59  10      Q.  Okay, and that would include the information

11  relating to any FMLA they were requesting?

12      A.  Yes.

13      Q.  Would that also include any return-to-work

14  information you had regarding those individuals?

15      A.  Yes.

16      Q.  Would that also include any information that you

17  received regarding workers' comp requests?

18      A.  No.

19      Q.  Okay.  Do you know if information concerning

11:59  20  workers' comp requests was maintained at the DC for

21  individual team members?

22      A.  It was.

23      Q.  Okay, and how was that maintained?

24      A.  I do not recall.

25      Q.  Okay.  Why do you believe it was maintained?

Q 5

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the date set forth below, a true and complete copy of the foregoing *AMENDED REQUEST FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS TO TARGET CORPORATION, SET NO. SEVEN is* being served upon the parties to this action **by electronic mail and U.S. MAIL** at the electronic addresses, as follows:

James T. Jones, Esq.
Douglas M. Egbert, Esq.
Gail K. Baum
Jackson Lewis LLP
801 K Street, Suite 2300
Sacramento 95814
Ph: (916) 341-0404 | Fx: (916) 341-0141
jonesj@jacksonlewis.com
egbertd@jacksonlewis.com
baumg@jacksonlewis.com

**Attorneys for Defendants TARGET CORPORATION, DEBBIE HEEKE and SONYA MOORE**

I certify, under penalty of perjury, that the foregoing is true and correct. Executed in Sacramento County, on June 30, 2014.

Robin Horne

# EXHIBIT "R"

RECEIVED

JUL 1 4 2014

By _____

☐ FILE
☐ GET FILE
☐ CC TO COMPANY
☐ SUSPEND TO _____
☐ SCAN
☐ _____

1  JACKSON LEWIS P.C.
   JAMES T. JONES (SBN 167967)
2  DOUGLAS M. EGBERT (SBN 265062)
   801 K Street, Suite 2300
3  Sacramento, California  95814
   Telephone:  (916) 341-0404
4  Facsimile:  (916) 341-0141
   Email:      jonesj@jacksonlewis.com
5              egbertd@jacksonlewis.com

6  Attorneys for Defendants
   TARGET CORPORATION, DEBBIE HEEKE,
7  and SONYA MOORE

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10                 SACRAMENTO DIVISION

11 TIMOTHY JOSEPH,                         Case No. 2:12-cv-01962-KJM-EFB

12          Plaintiff,                     **DEFENDANT TARGET CORPORATION'S
                                           OBJECTIONS TO PLAINTIFF'S
13     v.                                  AMENDED REQUEST FOR PRODUCTION
                                           OF DOCUMENTS AND TANGIBLE
14 TARGET CORPORATION, a Minnesota         THINGS, SET SEVEN**
   corporation; DEBBIE HEEKE; SONYA
15 MOORE and DOES 1 through 200, inclusive,
                                           Complaint Filed:    06.22.12
16          Defendants.                    Removal Date:       07.26.12
                                           Trial:              03.09.15
17

18 PROPOUNDING PARTY:        Plaintiff TIMOTHY JOSEPH

19 RESPONDING PARTY:         Defendant TARGET CORPORATION

20 SET NO.:                  SEVEN

21      Defendant TARGET CORPORATION ("Defendant") objects and responds as follows to

22 Plaintiff TIMOTHY JOSEPH'S ("Plaintiff") Amended Request for Production of Documents and

23 Tangible Things, Set Seven, pursuant to Rule 34 of the Federal Rules of Civil Procedure as

24 follows:

25            **PRELIMINARY STATEMENT AND OBJECTIONS**

26            **APPLICABLE TO ALL REQUESTS FOR DOCUMENTS**

27      It should be noted that Defendant has not fully completed its investigation of the facts

28 relating to this case, has not fully completed its discovery in this action, and has not completed its

                                    1

Target Corporation's Objections and Responses to Request for          Joseph v. Target Corporation, et al.
Production of Documents and Tangible Things, Set Seven                Case No. 2:12-cv-01962-KJM-EFB

R 2

preparation for trial. All of the responses contained herein are based only upon such information and documents which are presently available to and specifically known to Defendant. It is anticipated that further discovery, independent investigation, legal research and analysis will supply and/or establish additional facts, new meaning to known facts and entirely new factual conclusions and legal contentions, all of which may lead to substantial editions, changes and variations to the responses and objections herein set forth.

The following responses are given without prejudice to Defendant's rights to produce evidence and any subsequently discovered fact or facts which Defendant may later recall or discover. Defendant accordingly reserves the right to change any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed and contentions are made. The responses contained herein are made in a good faith effort to supply as much factual information and as much specific legal contentions as is presently known, but should in no way be to the prejudice of Defendant in relation to further discovery, research or further analyses.

Inadvertent identification or production of privileged documents or information by Defendant is not a waiver of any applicable privileges.

Documents prepared or sent in connection with the within litigation, including, but not limited to, pleadings, motions, discovery responses and correspondence between counsel, are not included in the documents produced by Defendant.

## GENERAL OBJECTIONS

Defendant objects to this entire request for production on the grounds it calls for a response from Defendant after the May 30, 2014 discovery cutoff.

Defendant objects to this entire request for production of documents to the extent that it seeks production of documents protected by the attorney-client privilege and/or the attorney work product doctrine. Defendant declines to produce such privileged materials.

Defendant objects to this entire request for production of documents to the extent that it seeks production of documents protected by the right to privacy of current and former employees of Defendant. Defendant declines to produce such privileged materials.

1  All of the above paragraphs and objections are expressly made applicable to each and

2  every request and are hereby incorporated by reference as if fully set forth therein.

3  Subject to and without waiving or limiting any of the foregoing objections, Defendant

4  responds to Plaintiff's Request for Production of Documents and Tangible Things, Set Seven as

5  follows:

6  ## OBJECTIONS TO REQUEST FOR PRODUCTION

7  **REQUEST NO. 131:**

8  *Please produce a copy of Timothy Joseph's "HIPAA Protected file" as described in*

9  *described more fully in [sic] Jenine Smith's deposition testimony, at 78:3-15, a copy of which is*

10  *attached hereto as Exhibit A.*

11  **RESPONSE TO REQUEST NO. 131:**

12  Defendant responds that after a diligent, good faith search, it has not identified any

13  "HIPAA Protected file" pertaining to Plaintiff. The "HIPAA Protected file" described in Jenine

14  Smith's deposition testimony simply refers to the medical and leave documents pertaining to

15  Plaintiff, which Defendant previously produced in this action.

16  Dated: July 14, 2014                    JACKSON LEWIS P.C.

17

18                                          By: _____

19                                              JAMES T. JONES
                                                DOUGLAS M. EGBERT

20
                                            Attorneys for Defendants
21                                          TARGET CORPORATION, DEBBIE HEEKE,
                                            and SONYA MOORE

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

I am employed in the County of Sacramento, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Jackson Lewis P.C. 801 K Street, Suite 2300, Sacramento, California 95814.

On July 14, 2014 I served the within:

**DEFENDANT TARGET CORPORATION'S OBJECTIONS TO PLAINTIFF'S AMENDED REQUEST FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS, SET SEVEN**

in this action by transmitting a true copy thereof enclosed in a sealed envelope addressed as follows:

☐ **PERSONAL SERVICE** - by personally delivering a true and correct copy thereof to the person at the address set forth below, in accordance with Code of Civil Procedure section 1011(a).

☒ **MAIL** - by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid for deposit in the United States Post Office mail box, at my business address shown above, following Jackson Lewis P.C.'s ordinary business practices for the collection and processing of mail, of which I am readily familiar, and addressed as set forth below. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

☐ **OVERNIGHT DELIVERY** - by depositing a true and correct copy thereof enclosed in a sealed envelope with delivery fees thereon fully prepaid in a box or other facility regularly maintained by Norco Delivery Services or delivering to an authorized courier or driver authorized by Norco Delivery Services to receive documents, addressed as set forth below.

☐ **FACSIMILE TRANSMISSION -** by transmitting a true and correct copy by facsimile from facsimile number (916) 341-0141 to the person(s) at the facsimile number(s) set forth below, which transmission was confirmed as complete. A copy of the transmission record is attached hereto.

☒ **ELECTRONIC MAIL** - by forwarding a true and correct copy thereof by e-mail from e-mail address martinellit@jacksonlewis.com to the person(s) at the e-mail address(es) set forth below.

| | |
|---|---|
| Lynn A Garcia, Esq.<br>Alexandra Asterlin, Esq.<br>ANWYL SCOFFIELD & STEPP LLP<br>Post Office Box 269127<br>Sacramento, CA 95826 | **COUNSEL FOR PLAINTIFF TIMOTHY JOSEPH:**<br><br>Telephone:  (916) 565-1800<br>Facsimile:  (916) 565-2374<br>Email:  lag@anwylaw.com<br>      AAsterlin@anwylaw.com |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on July 14, 2014 at Sacramento, California.

_____
Tami J. Martinelli

**R 5**

# EXHIBIT "S"

## Alexandra Asterlin - Joseph v. Target

**From:** Alexandra Asterlin
**To:** egbertd@jacksonlewis.com
**Date:** 7/14/2014 9:25 AM
**Subject:** Joseph v. Target
**CC:** Lynn Garcia

Doug:

Do you have additional dates for the Rule 30 (b)(6) deposition re: MAX notes.? Please provide us with these dates by the close of business today, July 14.

In addition, do you plan to provide substantive responses to our Request for Production of Documents, Set Five?

Thank you,
Lexee

Alexandra M. Asterlin, Esq.
ANWYL, SCOFFIELD & STEPP, LLP
P.O. Box 269127
Sacramento, CA 95826-9127
3043 Gold Canal Drive, Suite 100
Rancho Cordova, CA 95670-6129
916-565-1800
916-565-2374 fax
www.anwylaw.com

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

S 2

# EXHIBIT "T"

# Alexandra Asterlin - RE: Joseph v. Target

| | |
|---|---|
| **From:** | "Egbert, Douglas M. (Sacramento)" <egbertd@jacksonlewis.com> |
| **To:** | "Alexandra Asterlin (AAsterlin@anwylaw.com)" <AAsterlin@anwylaw.com> |
| **Date:** | 7/14/2014 3:26 PM |
| **Subject:** | RE: Joseph v. Target |

Lexee:

Regarding the deposition (PMK re MAX Notes), it appears there is not a date in July that will work for everyone and we will have to move this deposition to August. You previously said that would require extending the expert disclosure date. Can you give me an idea of how far out you would want to extend the expert disclosure date?

Regarding RFP #5, Target already objected on the grounds the requests were not timely served as they required a response after the discovery cutoff in this case. The requests also were not the subject of the Court's order granting Plaintiff's motion to compel. Further, Ms. Garcia's email of June 11, 2014 conceded that the requests were duplicative where she stated that the information sought "was encompassed within several earlier requests for production." As you know, the requests seek documents relating to Plaintiff's FMLA leaves. We have already represented to you time and again that Target has produced all documents relating to Plaintiff's purported medical condition, which would include documents regarding his FMLA leaves. We are not withholding any medical or FMLA-related documents that concern Plaintiff and Target has searched over and over again during the discovery process for responsive documents. If we locate any additional responsive documents as this litigation continues we will produce same. If there are specific documents or categories of documents you believe Target has not produced then let me know and we can discuss further.

Thank you,

Doug

Douglas M. Egbert
Attorney at Law
**Jackson Lewis P.C.**
801 K Street, Suite 2300
Sacramento, CA 95814

(916) 341-0404 - Main
(916) 341-0141 - Fax

egbertd@jacksonlewis.com
Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

www.jacksonlewis.com

T 2

**From:** Alexandra Asterlin [mailto:AAsterlin@anwylaw.com]
**Sent:** Monday, July 14, 2014 9:26 AM
**To:** Egbert, Douglas M. (Sacramento)
**Cc:** Lynn Garcia
**Subject:** Joseph v. Target

Doug:

Do you have additional dates for the Rule 30 (b)(6) deposition re: MAX notes.? Please provide us with these dates by the close of business today, July 14.

In addition, do you plan to provide substantive responses to our Request for Production of Documents, Set Five?

Thank you,
Lexee

Alexandra M. Asterlin, Esq.
ANWYL, SCOFFIELD & STEPP, LLP
P.O. Box 269127
Sacramento, CA 95826-9127
3043 Gold Canal Drive, Suite 100
Rancho Cordova, CA 95670-6129
916-565-1800
916-565-2374 fax
www.anwylaw.com

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

Representing management exclusively in workplace law and related litigation

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual (s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

T 3

# EXHIBIT "U"



**jackson|lewis**

Attorneys at Law

Jackson Lewis P.C.
801 K Street
Suite 2300
Sacramento, California 95814
Tel 916 341-0404
Fax 916 341-0141
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | GRAND RAPIDS, MI | MORRISTOWN, NJ | RALEIGH-DURHAM, NC |
| ALBUQUERQUE, NM | GREENVILLE, SC | NEW ORLEANS, LA | RAPID CITY, SD |
| ATLANTA, GA | HARTFORD, CT | NEW YORK, NY | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NORFOLK, VA | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | OMAHA, NE | SAINT LOUIS, MO |
| BIRMINGHAM, AL | JACKSONVILLE, FL | ORANGE COUNTY, CA | SAN DIEGO, CA |
| BOSTON, MA | LAS VEGAS, NV | ORLANDO, FL | SAN FRANCISCO, CA |
| CHICAGO, IL | LONG ISLAND, NY | PHILADELPHIA, PA | SAN JUAN, PR |
| CINCINNATI, OH | LOS ANGELES, CA | PHOENIX, AZ | SEATTLE, WA |
| CLEVELAND, OH | MEMPHIS, TN | PITTSBURGH, PA | STAMFORD, CT |
| DALLAS, TX | MIAMI, FL | PORTLAND, OR | TAMPA, FL |
| DENVER, CO | MILWAUKEE, WI | PORTSMOUTH, NH | WASHINGTON, DC REGION |
| DETROIT, MI | MINNEAPOLIS, MN | PROVIDENCE, RI | WHITE PLAINS, NY |

August 22, 2014

Lynn A. Garcia, SBN 131196
Alexandra Asterlin
Anwyl, Scoffield & Stepp, LLP
Post Office Box 269127
Sacramento, California 95826-9127
lag@anwylaw.com
AAsterlin@anwylaw.com

Re:    <u>Timothy Joseph v. Target Corporation, et al.</u>
       United States District Court, Eastern District of California
       Case No. 2:12-cv-01962-KJM-EFB

Counsel:

     Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Defendant Target Corporation hereby supplements its document production with the document enclosed herewith, Bates numbered TARGET 001132.

       Very truly yours,

       JACKSON LEWIS P.C.

       Douglas M. Egbert

DME/mk

Enclosures

U 2

# *nChart Note*

## **Woodland Healthcare**
**632 W Gibson Road ~**
**Woodland CA 95695**
**(530)668-2666**

Patient:   TIMOTHY JOSEPH
           2033 F ST
           APT 118
           DAVIS, CA 95616
Home:      (530)758-4431
Work:      (530)668-0238

MRN:     3998275
WMH MRN: 193304
Sex: M

Ⅱ 2 ʊʊ 916 946/

Encounter Date: Feb 4 2010 2:03PM

### **Referred Here**
Dear Colleagues
    I am the cardiologist (heart doctor) taking care of Mr. Timothy Joseph.

    He had a heart attack on 11/13/09. He collapsed during the heart attack with a cardiac arrest, while at work. Luckily, one of his co-workers grabbed a portable AED and shocked him back to life. He got a stent in his heart, and his heart function is normal.

    Mr. Joseph has done well since the heart attack. He is ready to return back to work on 3/1/10, without any restrictions. As you would imagine, this has been a difficult situation for him, so any assistance/help you can give him as he returns back to work would be greatly appreciated.

    Please feel free to call me for any questions.

Sincerely

Kathy Glatter, MD
Cardiologist
Woodland Hospital.
**Signature**
Signed By: Kathy Glatter M.D.; 02/04/2010 2:32 PM PST.

## Kathy Glatter M.D.

TARGET 09132
FEB-05-2010 15:22   From:0000000000   000000000
Page:1/1

# EXHIBIT "V"

## Alexandra Asterlin - Re: Target/Joseph

| | |
|---|---|
| **From:** | Alexandra Asterlin |
| **To:** | Douglas M. (Sacramento) Egbert |
| **Date:** | 8/25/2014 11:08 AM |
| **Subject:** | Re: Target/Joseph |
| **CC:** | Lynn Garcia |

Doug:

What is this document? Where did it come from? Why has this document not been produced sooner?

Thanks,
Lexee


Alexandra M. Asterlin, Esq.
ANWYL, SCOFFIELD & STEPP, LLP
P.O. Box 269127
Sacramento, CA 95826-9127
3043 Gold Canal Drive, Suite 100
Rancho Cordova, CA 95670-6129
916-565-1800
916-565-2374 fax
www.anwylaw.com

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.
>>> "Egbert, Douglas M. (Sacramento)" <egbertd@jacksonlewis.com> 8/25/2014 8:22 AM >>>
Counsel:

Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Defendant Target Corporation hereby supplements its document production with the document attached herewith, Bates numbered TARGET 001132.

Douglas M. Egbert
Attorney at Law
**Jackson Lewis P.C.**
801 K Street, Suite 2300
Sacramento, CA 95814

(916) 341-0404 - Main
(916) 341-0141 - Fax

V 2

egbertd@jacksonlewis.com
Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

www.jacksonlewis.com

Representing management exclusively in workplace law and related litigation

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual (s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

V 3

# EXHIBIT "W"

# Alexandra Asterlin - RE: Target/Joseph

| | |
|---|---|
| **From:** | "Egbert, Douglas M. (Sacramento)" <egbertd@jacksonlewis.com> |
| **To:** | Alexandra Asterlin <AAsterlin@anwylaw.com> |
| **Date:** | 8/26/2014 2:11 PM |
| **Subject:** | RE: Target/Joseph |
| **CC:** | Lynn Garcia <lag@anwylaw.com>, "Jones, James T. (Sacramento)" <jonesj@ja... |

Lexee, Lynn,

We reviewed the documents from Hewitt, including those you received pursuant to your subpoena, and we were somewhat confused because the one you originally got from them did not really look like a typical release to return to work, although it was the only thing Hewitt had previously produced that seemed to relate to the return. We inquired further with Hewitt (again) to see if there might be anything else and after they did an additional search, they provided this.

Douglas M. Egbert
Attorney at Law
**Jackson Lewis P.C.**
801 K Street, Suite 2300
Sacramento, CA 95814

(916) 341-0404 - Main
(916) 341-0141 - Fax

egbertd@jacksonlewis.com
Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

www.jacksonlewis.com

**From:** Alexandra Asterlin [mailto:AAsterlin@anwylaw.com]
**Sent:** Monday, August 25, 2014 11:08 AM
**To:** Egbert, Douglas M. (Sacramento)
**Cc:** Lynn Garcia
**Subject:** Re: Target/Joseph

Doug:

What is this document? Where did it come from? Why has this document not been produced sooner?

Thanks,
Lexee

Alexandra M. Asterlin, Esq.
ANWYL, SCOFFIELD & STEPP, LLP

W 2

P.O. Box 269127
Sacramento, CA 95826-9127
3043 Gold Canal Drive, Suite 100
Rancho Cordova, CA 95670-6129
916-565-1800
916-565-2374 fax
www.anwylaw.com

CONFIDENTIALITY NOTICE: This communication with its contents may contain
confidential and/or legally privileged information. It is solely for the
use of the intended recipient(s). Unauthorized interception, review, use
or disclosure is prohibited and may violate applicable laws including
the Electronic Communications Privacy Act. If you are not the intended
recipient, please contact the sender and destroy all copies of the
communication.
>>> "Egbert, Douglas M. (Sacramento)" <egbertd@jacksonlewis.com> 8/25/2014 8:22 AM >>>
Counsel:

Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Defendant Target Corporation hereby
supplements its document production with the document attached herewith, Bates numbered TARGET
001132.

Douglas M. Egbert
Attorney at Law
**Jackson Lewis P.C.**
801 K Street, Suite 2300
Sacramento, CA 95814

(916) 341-0404 - Main
(916) 341-0141 - Fax

egbertd@jacksonlewis.com
Confidentiality Note:  This e-mail, and any attachment to it, contains privileged and confidential information
intended only for the use of the individual(s) or entity named on the e-mail.  If the reader of this e-mail is not
the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are
hereby notified that reading it is strictly prohibited.  If you have received this e-mail in error, please
immediately return it to the sender and delete it from your system.  Thank you.


www.jacksonlewis.com



Representing management exclusively in workplace law and related litigation

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s)
or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the
intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to
the sender and delete it from your system. Thank you.

W 3

# EXHIBIT "X"

# Alexandra Asterlin - RE: Target/Joseph

| | |
|---|---|
| **From:** | Alexandra Asterlin |
| **To:** | Douglas M. (Sacramento) Egbert |
| **Date:** | 8/28/2014 2:21 PM |
| **Subject:** | RE: Target/Joseph |
| **CC:** | Lynn Garcia |

Doug:

When did you receive this note?

Thanks,
Lexee


Alexandra M. Asterlin, Esq.
ANWYL, SCOFFIELD & STEPP, LLP
P.O. Box 269127
Sacramento, CA 95826-9127
3043 Gold Canal Drive, Suite 100
Rancho Cordova, CA 95670-6129
916-565-1800
916-565-2374 fax
www.anwylaw.com

CONFIDENTIALITY NOTICE: This communication with its contents may contain
confidential and/or legally privileged information. It is solely for the
use of the intended recipient(s). Unauthorized interception, review, use
or disclosure is prohibited and may violate applicable laws including
the Electronic Communications Privacy Act. If you are not the intended
recipient, please contact the sender and destroy all copies of the
communication.
>>> "Egbert, Douglas M. (Sacramento)" <egbertd@jacksonlewis.com> 8/26/2014 2:11 PM >>>
Lexee, Lynn,

We reviewed the documents from Hewitt, including those you received pursuant to your subpoena, and we
were somewhat confused because the one you originally got from them did not really look like a typical release
to return to work, although it was the only thing Hewitt had previously produced that seemed to relate to the
return.  We inquired further with Hewitt (again) to see if there might be anything else and after they did an
additional search, they provided this.

Douglas M. Egbert
Attorney at Law
**Jackson Lewis P.C.**
801 K Street, Suite 2300
Sacramento, CA 95814

X 2

(916) 341-0404 - Main
(916) 341-0141 - Fax

egbertd@jacksonlewis.com
Confidentiality Note:  This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail.  If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited.  If you have received this e-mail in error, please immediately return it to the sender and delete it from your system.  Thank you.

www.jacksonlewis.com

**From:** Alexandra Asterlin [mailto:AAsterlin@anwylaw.com]
**Sent:** Monday, August 25, 2014 11:08 AM
**To:** Egbert, Douglas M. (Sacramento)
**Cc:** Lynn Garcia
**Subject:** Re: Target/Joseph

Doug:

What is this document? Where did it come from? Why has this document not been produced sooner?

Thanks,
Lexee


Alexandra M. Asterlin, Esq.
ANWYL, SCOFFIELD & STEPP, LLP
P.O. Box 269127
Sacramento, CA 95826-9127
3043 Gold Canal Drive, Suite 100
Rancho Cordova, CA 95670-6129
916-565-1800
916-565-2374 fax
www.anwylaw.com

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.
>>> "Egbert, Douglas M. (Sacramento)" <egbertd@jacksonlewis.com> 8/25/2014 8:22 AM >>>
Counsel:

Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Defendant Target Corporation hereby supplements its document production with the document attached herewith, Bates numbered TARGET 001132.

Douglas M. Egbert

X 3

Attorney at Law
**Jackson Lewis P.C.**
801 K Street, Suite 2300
Sacramento, CA 95814

(916) 341-0404 - Main
(916) 341-0141 - Fax

egbertd@jacksonlewis.com

Confidentiality Note:  This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail.  If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited.  If you have received this e-mail in error, please immediately return it to the sender and delete it from your system.  Thank you.

www.jacksonlewis.com

Representing management exclusively in workplace law and related litigation

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

X 4

# EXHIBIT "Y"

## Alexandra Asterlin - RE: Target/Joseph

| | |
|---|---|
| **From:** | "Egbert, Douglas M. (Sacramento)" <egbertd@jacksonlewis.com> |
| **To:** | Alexandra Asterlin <AAsterlin@anwylaw.com> |
| **Date:** | 8/29/2014 8:51 AM |
| **Subject:** | RE: Target/Joseph |
| **CC:** | Lynn Garcia <lag@anwylaw.com>, "Jones, James T. (Sacramento)" <jonesj@ja... |

Lexee – we received the document last week.

Douglas M. Egbert
Attorney at Law
**Jackson Lewis P.C.**
801 K Street, Suite 2300
Sacramento, CA 95814

(916) 341-0404 - Main
(916) 341-0141 - Fax

egbertd@jacksonlewis.com
Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

-

www.jacksonlewis.com

**From:** Alexandra Asterlin [mailto:AAsterlin@anwylaw.com]
**Sent:** Thursday, August 28, 2014 2:21 PM
**To:** Egbert, Douglas M. (Sacramento)
**Cc:** Lynn Garcia
**Subject:** RE: Target/Joseph

Doug:

When did you receive this note?

Thanks,
Lexee

Alexandra M. Asterlin, Esq.
ANWYL, SCOFFIELD & STEPP, LLP
P.O. Box 269127
Sacramento, CA 95826-9127
3043 Gold Canal Drive, Suite 100
Rancho Cordova, CA 95670-6129
916-565-1800
916-565-2374 fax

Y 2

www.anwylaw.com

CONFIDENTIALITY NOTICE: This communication with its contents may contain
confidential and/or legally privileged information. It is solely for the
use of the intended recipient(s). Unauthorized interception, review, use
or disclosure is prohibited and may violate applicable laws including
the Electronic Communications Privacy Act. If you are not the intended
recipient, please contact the sender and destroy all copies of the
communication.
>>> "Egbert, Douglas M. (Sacramento)" <egbertd@jacksonlewis.com> 8/26/2014 2:11 PM >>>
Lexee, Lynn,

We reviewed the documents from Hewitt, including those you received pursuant to your subpoena, and we
were somewhat confused because the one you originally got from them did not really look like a typical release
to return to work, although it was the only thing Hewitt had previously produced that seemed to relate to the
return.  We inquired further with Hewitt (again) to see if there might be anything else and after they did an
additional search, they provided this.

Douglas M. Egbert
Attorney at Law
**Jackson Lewis P.C.**
801 K Street, Suite 2300
Sacramento, CA 95814

(916) 341-0404 - Main
(916) 341-0141 - Fax

egbertd@jacksonlewis.com
Confidentiality Note:  This e-mail, and any attachment to it, contains privileged and confidential information
intended only for the use of the individual(s) or entity named on the e-mail.  If the reader of this e-mail is not
the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are
hereby notified that reading it is strictly prohibited.  If you have received this e-mail in error, please
immediately return it to the sender and delete it from your system.  Thank you.

-
-
www.jacksonlewis.com

**From:** Alexandra Asterlin [mailto:AAsterlin@anwylaw.com]
**Sent:** Monday, August 25, 2014 11:08 AM
**To:** Egbert, Douglas M. (Sacramento)
**Cc:** Lynn Garcia
**Subject:** Re: Target/Joseph

Doug:

What is this document? Where did it come from? Why has this document not been produced sooner?

Thanks,
Lexee


Alexandra M. Asterlin, Esq.
ANWYL, SCOFFIELD & STEPP, LLP

Y 3

P.O. Box 269127
Sacramento, CA 95826-9127
3043 Gold Canal Drive, Suite 100
Rancho Cordova, CA 95670-6129
916-565-1800
916-565-2374 fax
www.anwylaw.com

CONFIDENTIALITY NOTICE: This communication with its contents may contain
confidential and/or legally privileged information. It is solely for the
use of the intended recipient(s). Unauthorized interception, review, use
or disclosure is prohibited and may violate applicable laws including
the Electronic Communications Privacy Act. If you are not the intended
recipient, please contact the sender and destroy all copies of the
communication.
>>> "Egbert, Douglas M. (Sacramento)" <egbertd@jacksonlewis.com> 8/25/2014 8:22 AM >>>
Counsel:

Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Defendant Target Corporation hereby
supplements its document production with the document attached herewith, Bates numbered TARGET
001132.

Douglas M. Egbert
Attorney at Law
**Jackson Lewis P.C.**
801 K Street, Suite 2300
Sacramento, CA 95814

(916) 341-0404 - Main
(916) 341-0141 - Fax

egbertd@jacksonlewis.com
Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information
intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not
the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are
hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please
immediately return it to the sender and delete it from your system. Thank you.

www.jacksonlewis.com

Representing management exclusively in workplace law and related litigation

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s)
or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the
intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to
the sender and delete it from your system. Thank you.

Y 4

# EXHIBIT "Z"



## Alexandra Asterlin - RE: Target/Joseph

**From:** "Jones, James T. (Sacramento)" <jonesj@jacksonlewis.com>
**To:** Alexandra Asterlin <AAsterlin@anwylaw.com>, Lynn Garcia <lag@anwylaw.com>
**Date:** 8/29/2014 12:40 PM
**Subject:** RE: Target/Joseph

Lexee, Lynn,

You sent a subpoena to Hewitt, and you never deposed anyone from that organization. Perhaps you should have. This is a note from **Tim Joseph's doctor**! Why didn't Mr. Joseph produce it to us? Why didn't Mr. Joseph's doctor produce it to us? Why didn't you get it from the doctor and produce it to us? Did you obtain a release for all Mr. Joseph's relevant medical records (paper and electronic) and review those and produce this record? This is quite clearly not a situation where we failed to produce anything to Mr. Joseph. The document was (at least) equally available to you, we just pursued it more diligently.

James T. Jones
Attorney at Law
Jackson Lewis P.C.
801 K Street, Suite 2300
Sacramento, CA 95814

916.341.0404 | Main
916.341.0141 | Fax

jonesj@jacksonlewis.com

www.jacksonlewis.com
Representing management exclusively in workplace law and related litigation.
Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

**From:** Egbert, Douglas M. (Sacramento)
**Sent:** Friday, August 29, 2014 8:49 AM
**To:** Alexandra Asterlin
**Cc:** Lynn Garcia; Jones, James T. (Sacramento)
**Subject:** RE: Target/Joseph

Lexee – we received the document last week.

Douglas M. Egbert
Attorney at Law
**Jackson Lewis P.C.**
801 K Street, Suite 2300
Sacramento, CA 95814

(916) 341-0404 - Main

Z2

(916) 341-0141 - Fax

egbertd@jacksonlewis.com

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

-
-

www.jacksonlewis.com

**From:** Alexandra Asterlin [mailto:AAsterlin@anwylaw.com]
**Sent:** Thursday, August 28, 2014 2:21 PM
**To:** Egbert, Douglas M. (Sacramento)
**Cc:** Lynn Garcia
**Subject:** RE: Target/Joseph

Doug:

When did you receive this note?

Thanks,
Lexee


Alexandra M. Asterlin, Esq.
ANWYL, SCOFFIELD & STEPP, LLP
P.O. Box 269127
Sacramento, CA 95826-9127
3043 Gold Canal Drive, Suite 100
Rancho Cordova, CA 95670-6129
916-565-1800
916-565-2374 fax
www.anwylaw.com

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.
>>> "Egbert, Douglas M. (Sacramento)" <egbertd@jacksonlewis.com> 8/26/2014 2:11 PM >>>
Lexee, Lynn,

We reviewed the documents from Hewitt, including those you received pursuant to your subpoena, and we were somewhat confused because the one you originally got from them did not really look like a typical release to return to work, although it was the only thing Hewitt had previously produced that seemed to relate to the return. We inquired further with Hewitt (again) to see if there might be anything else and after they did an additional search, they provided this.

Z 3

Douglas M. Egbert
Attorney at Law
**Jackson Lewis P.C.**
801 K Street, Suite 2300
Sacramento, CA 95814

(916) 341-0404 - Main
(916) 341-0141 - Fax

egbertd@jacksonlewis.com
Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information
intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not
the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are
hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please
immediately return it to the sender and delete it from your system. Thank you.

-
-
www.jacksonlewis.com

**From:** Alexandra Asterlin [mailto:AAsterlin@anwylaw.com]
**Sent:** Monday, August 25, 2014 11:08 AM
**To:** Egbert, Douglas M. (Sacramento)
**Cc:** Lynn Garcia
**Subject:** Re: Target/Joseph

Doug:

What is this document? Where did it come from? Why has this document not been produced sooner?

Thanks,
Lexee


Alexandra M. Asterlin, Esq.
ANWYL, SCOFFIELD & STEPP, LLP
P.O. Box 269127
Sacramento, CA 95826-9127
3043 Gold Canal Drive, Suite 100
Rancho Cordova, CA 95670-6129
916-565-1800
916-565-2374 fax
www.anwylaw.com

CONFIDENTIALITY NOTICE: This communication with its contents may contain
confidential and/or legally privileged information. It is solely for the
use of the intended recipient(s). Unauthorized interception, review, use
or disclosure is prohibited and may violate applicable laws including
the Electronic Communications Privacy Act. If you are not the intended
recipient, please contact the sender and destroy all copies of the
communication.
>>> "Egbert, Douglas M. (Sacramento)" <egbertd@jacksonlewis.com> 8/25/2014 8:22 AM >>>
Counsel:

Z 4

Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Defendant Target Corporation hereby supplements its document production with the document attached herewith, Bates numbered TARGET 001132.

Douglas M. Egbert
Attorney at Law
**Jackson Lewis P.C.**
801 K Street, Suite 2300
Sacramento, CA 95814

(916) 341-0404 - Main
(916) 341-0141 - Fax

egbertd@jacksonlewis.com
Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

www.jacksonlewis.com

Representing management exclusively in workplace law and related litigation

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

Z 5

**Phillips Legal Services, Inc.**
350 University Ave, Suite 270
Sacramento, CA 95825
PHONE: (916) 927-3600  FAX: (916) 999-8491



RECEIVED
JUN 16 2014
By _____

Date: June 13, 2014

ANWYL, SCOFFIELD & STEPP, LLP
LYNN GARCIA, ESQ.
3043 GOLD CANAL DRIVE SUITE 100
RANCHO CORDOVA, CA 95670

☐FILE
☐GET FILE
☐CC TO COMPANY
☐SUSPEND TO_____
☐SCAN
☐_____

**Case Name:** TIMOTHY JOSEPH
vs
TARGET CORPORATION

**Your Reference Number:** MS9/023

**Records Pertaining to:** TIMOTHY JOSEPH

Dear MS. GARCIA:

In accordance with your offices request, we have prepared the attached Deposition Subpoena and supporting documentation. The service and notice copies have been conformed, and if required under 1985.3 CCP, the notice to opposing counsel and/or notice to consumer has been complied with. In addition, we are in the process of scheduling the location(s) to serve and copy the records.

Would you please sign the Subpoena and the original supporting documents, and keep them for your files. We will return the proof of service with the records so that you may file them with the court if necessary.

If you have any questions, please feel free to contact me directly.

Very truly yours,

*Janice Cookson*

Janice Cookson
Registered Process Server

Order#: 14922-03/CPROOF3

AA 1

# United States District Court
for the
SACRAMENTO OFFICE/ EASTERN DISTRICT of

**TIMOTHY JOSEPH**

_____
*Plaintiff*
v.

**TARGET CORPORATION**

_____
*DEFENDANT*

)
)
)
)
)
)
)

Civil Action No. 2:12-CV-01962-KJM-EFB

(If the action is pending in another district, state where:)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

TO: **AON HEWITT MARKET INSURANCE SOLUTIONS, INC. C/O CSC LAWYERS, INC., 2710 GATEWAY OAKS DRIVE, SUITE 150N, SACRAMENTO, CA 95833 Telephone No.**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

**See attachment to Subpoena in a Civil Case.**

| Place:  Phillips Legal Services, Inc.  350 University Ave, Suite 270, Sacramento  CA 95825 | Phone: (916) 927-3600 | Date and Time:  06/30/2014 10:00 am |
|---|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45(d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: June 13, 2014

_____
*Signature of Clerk or Deputy Clerk*

OR  _____
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Plaintiff Timothy Joseph, who issues or requests this subpoena, are:

**LYNN GARCIA, ESQ. 131196, , ANWYL, SCOFFIELD & STEPP, LLP, 3043 GOLD CANAL DRIVE SUITE 100,  RANCHO CORDOVA, CA 95670, (916) 565-1800**

14922-03/A088B

AA 2



# PHILLIPS LEGAL SERVICES
## SACRAMENTO DEPOSITION REPORTERS
350 UNIVERSITY AVENUE, SUITE 270
SACRAMENTO, CA 95825
916.927.3600 · 916.927.3605 (FAX)
WWW.PHILLIPSDEPO.COM

## Attachment 3

Regarding:   Timothy Joseph
DOB:         6/23/1957
SSN:         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


Any and all records, including but not limited to, electronically stored information from 555-Target DC, Woodland, CA.

# United States District Court

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| **XXXXX** | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on: _____
                          DATE

SIGNATURE OF SERVER

**Phillips Legal Services, Inc.**
**350 University Ave, Suite 270**
**Sacramento, CA 95825**
**(916) 927-3600**

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party

to travel to a place more than 100 miles from the place where that person resides, is employed, or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## PROOF OF SERVICE BY MAIL

Case Name:  TIMOTHY JOSEPH
        vs.
          TARGET CORPORATION

                              Case No.: 2:12-CV-01962-KJM-EFB

I am a resident of the State of California, County of Sacramento. I am over the age of eighteen years and not a party to the entitled action; my business address is **350 University Ave, Suite 270,  Sacramento, CA 95825.**

On **June 13, 2014** I served this Notice of Taking Deposition (if applicable)/ Notice to Consumer (if applicable) along with the Subpoena and Affidavit in Support of Issuance (if applicable) on the attorneys for all appearing parties in said action, by placing a true copy thereof enclosed in a sealed envelope; with postage thereon fully prepaid, in the United States mail at **Sacramento, CA,** addresses as follows:

JACKSON LEWIS LLP
DOUGLAS M. EGBERT, ESQ.
801 K STREET, SUITE 2300
SACRAMENTO, CA 95814

I declare under penalty of purjury that the forgoing is true and correct. Executed on June 13, 2014, at Sacramento, CA.

Sincerely,

*Janice Cookson*

_____

Janice Cookson
Registered Process Server

# EXHIBIT "BB"

CERTIFICATION OF CUSTODIAN OF RECORDS

**ORIGINAL**

State of Illinois)

County of Lake)

I, ~~DOREEN MOORE~~, being duly sworn, depose and say the following:

1. I am employed by Hewitt Associates LLC as ~~GARC/HR OPS ASSOCIATE~~
   In this capacity, I am an authorized custodian of the records or am otherwise qualified to state the records maintenance procedure of our business, and thereby have the authority to make this certification.

2. We received a subpoena from the law office of Anwyl Scoffield & Stepp, LLP in the matter of Timothy Joseph v. Target Corporation requiring the production of certain documents. To the best of my knowledge, after reasonable inquiry, the records or copies provided herewith are accurate versions of the documents described in the subpoena that are currently in our possession, custody and control.

3. To the best of my knowledge, after reasonable inquiry, the records or copies produced herewith (Bates numbered HEW000001 – HEW000032) represent all the documents described in the subpoena that are currently in our possession, custody and control.

4. The records or copies produced were made by the personnel or staff of our business, or persons acting under their control, in the regular course of business, at the time of the act, transaction, occurrence or event recorded therein, or within a reasonable time thereafter, and that it was the regular course of business to make such records.

_____
Signature of Representative
Hewitt Associates LLC

_____
Printed Name

State of Illinois)

County of Lake)

Subscribed to before me by Doreen Moore as representative Hewitt Associates LLC

this 7 day of July, 2014.

OFFICIAL SEAL
REBECCA F SAGE
NOTARY PUBLIC · STATE OF ILLINOIS
MY COMMISSION EXPIRES 08/06/16

_____
Notary Public Signature

Notary Public Stamp:

BB 2



## Claim File

**Client:** Target
**Employee Name:** Timothy Joseph
**Employee ID:** 0014152748

**Business Unit/Tier 3 (Optional)** | Practice Group/Tier 4 (Optional)
Proprietary & Confidential (Optional) | Legal Disclaimer (Optional)

**HEW000001**    BB 3

Home   Claim   Reporting   Site Administration   Help 

**DMA Production Environment**
**Hewitt Datacenter**

---

### View Claim Notes

This screen allows you to see all the notes for this claim. They are displayed in date order; you can sort them by clicking on the header and view selected notes by using the filter.

---

**Claim Information**

| EE Name | TIMOTHY JOSEPH (Male) | Benefit Type | STD | Claim Number | 2009169460 |
|---|---|---|---|---|---|

| Employee | Claim | Medical | Auth & RTW | Appeal |
|---|---|---|---|---|

| Claim Owner | Heather Kamp | Claim Status | Closed | Plan Name(s) | Target Non-Exempt DC - Regulars Work Schedule STD Company Plan |
|---|---|---|---|---|---|
| Clinical Claim Manager | | Approval Status | Pending | Reason for Absence | Worker's Comp |
| Concurrent Claim Number | 2009169461 | | | Application Date(s) | 11/23/2009 |
| Work Related | Yes | Date of Disability | 11/14/2009 | Last Day Worked | 11/13/2009 |

---

**Filter Notes**

| User Filter | Select User | Task Type / Screen Name Filter | Select All |
|---|---|---|---|
| Date From | 11/23/2009 | Date Through | 06/11/2014 |

[View Claim] [Cancel] [Reset] [Submit]

---

**Claim Notes**

| User Name | Date / Time Stamp | Task Type / Screen Name | Delete | View deleted Claim notes |
|---|---|---|---|---|
| Lauri Krynski | 06/10/2014 05:20 PM | Generic | Delete Claim Note | |

Robin from TM's attny office asked if the faxed release was received. Advised no ppw received. Gave the mailing addr and Robin will be sure to have the TM's # on the ppw.

| Nuco Admin | 05/13/2010 02:51 AM | Update Eligibility Data | | |

Eligibility Discrepancy - One or more HRIS fields have been auto-updated

| Nuco Admin | 05/06/2010 02:53 AM | Update Eligibility Data | | |

Eligibility Discrepancy - One or more HRIS fields have been auto-updated

| Nuco Admin | 04/29/2010 02:24 AM | Update Eligibility Data | | |

Eligibility Discrepancy - One or more HRIS fields have been auto-updated

| Nuco Admin | 04/22/2010 02:09 AM | Update Eligibility Data | | |

Eligibility Discrepancy - One or more HRIS fields have been auto-updated

| Nuco Admin | 04/02/2010 01:35 AM | Update Eligibility Data | | |

Eligibility Discrepancy - One or more HRIS fields have been auto-updated

| Nuco Admin | 03/25/2010 02:02 AM | Update Eligibility Data | | |

Eligibility Discrepancy - One or more HRIS fields have been auto-updated

| Nuco Admin | 03/18/2010 02:05 AM | Update Eligibility Data | | |

Eligibility Discrepancy - One or more HRIS fields have been auto-updated

| Nuco Admin | 03/08/2010 01:09 AM | Update Eligibility Data | | |

Eligibility Discrepancy - One or more HRIS fields have been auto-updated

| Heather Kamp | 03/01/2010 11:41 AM | Close Claim | Delete Claim Note | |

The claim was closed by Heather Kamp on 03/01/2010 with the reason Return to Own Occ (with policyholder). The 'Close concurrent FMLA claim' checkbox was checked.

| Heather Kamp | 03/01/2010 11:41 AM | Claim Email | Delete Claim Note | |

An email was sent on 03/01/2010 at 11:41 AM.
To: T0555.HR@TARGET.COM, ,
From: heather.kamp@hewitt.com
BCC:
CC:
Subject: Return to Work Reminder for ; TIMOTHY; JOSEPH; 2009169460
Body:
NO ACTION REQUIRED

The following team member is able to return to work on March 1, 2010. Please be advised that the team member will be returning to active status 48 hours before the released return-to-work date. This is to ensure that the team member has system access upon returning to work.

Team Member Name: TIMOTHY JOSEPH

Team Member ID: 0014152748

Leave Reason: Worker's Comp

Released to RTW Date: March 1, 2010

If the team member does not return to work, please contact the case manager at heather.kamp@hewitt.com immediately.

If you have any questions or additional information, please contact the case manager at heather.kamp@hewitt.com.

NOTE: Information about team members returning to work can be found on InsideTGT/Managers Tools/Managing People/Leaves of Absences.

Employee HRID: 0014152748
| Heather Kamp | 03/01/2010 11:41 AM | Generic | Delete Claim Note |

The following changes were made to the RTW information:
Actual RTW Before: After: 03/01/2010
| Nuco Admin | 02/25/2010 01:50 AM | Update Eligibility Data | |

Eligibility Discrepancy - One or more HRIS fields have been auto-updated
| Heather Kamp | 02/22/2010 12:57 PM | Generic | Delete Claim Note |

RTW Initial Entry
| Heather Kamp | 02/22/2010 12:57 PM | Generic | Delete Claim Note |

entered RRTW
| Ramone Morris | 02/19/2010 02:00 PM | Phone Note | Delete Claim Note |

tm called to see if rtrn was processed advised that the cm will process it , tm stated that first schedule day is 03/02/2010
| Heather Kamp | 02/09/2010 01:49 PM | Generic | Delete Claim Note |

Heather Kamp updated the Approved ERTW to 03/01/2010 for the reason New Medical Information.
| Heather Kamp | 02/03/2010 05:41 PM | Generic | Delete Claim Note |

TASK Modification
TASKID:5357918 Start date changed from 02/03/2010 to 02/22/2010. End date changed from 02/04/2010 to 02/22/2010. Modified by the user Heather Kamp.
| Heather Kamp | 02/03/2010 05:40 PM | Generic | Delete Claim Note |

will update RRTW on 2-22-10.
| Ramone Morris | 02/02/2010 04:29 PM | Generic | Delete Claim Note |

tm called stated that his RTW date is 03/01/2010, tm advised that updated pprwrk needed
| Ramone Morris | 02/02/2010 04:27 PM | Generic | Delete Claim Note |

TASK Modification
TASKID:5344527 End date changed from 02/03/2010 to 02/02/2010. Modified by the user Ramone Morris.
| Heather Kamp | 01/29/2010 07:27 PM | Action Plan | Delete Claim Note |

TASK Modification
TASKID:4799766 Start date changed from 02/01/2010 to 03/01/2010. End date changed from 02/01/2010 to 03/01/2010. Modified by the user Heather Kamp.
| Heather Kamp | 01/29/2010 07:27 PM | Action Plan | Delete Claim Note |

| Connie Carlson | 01/28/2010 01:22 PM | Phone Note | Delete Claim Note |

HR, Linda calling - she said its not a WC claim - please contact Sedwick to verify this.
| Heather Kamp | 01/16/2010 02:51 PM | Inbound Document | Delete Claim Note |

signed 1-12-10 by Dr Glatter. Dx heart attack and cardiac arrest on 11-13-09. May RTW on 3-4-10.
| Heather Kamp | 01/04/2010 12:15 PM | Action Plan | Delete Claim Note |

TASK Modification
TASKID:4799766 Start date changed from 01/04/2010 to 02/01/2010. End date changed from 01/04/2010 to 02/01/2010. Modified by the user Heather Kamp.
| Heather Kamp | 12/23/2009 06:46 PM | Generic | Delete Claim Note |

Heather Kamp updated the Approved ERTW to 03/04/2010 for the reason New Medical Information.
| Heather Kamp | 12/04/2009 10:08 AM | Generic | Delete Claim Note |

TASK Modification
TASKID:4799766 Start date changed from 12/04/2009 to 01/04/2010. End date changed from 12/04/2009 to 01/04/2010. Modified by the user Heather Kamp.
| Heather Kamp | 12/04/2009 10:08 AM | Action Plan | Delete Claim Note |

| Sara Woelflin | 12/03/2009 12:34 PM | Generic | Delete Claim Note |

Sara Woelflin reassigned the case to Heather Kamp. Sara Woelflin also entered the following additional notes.
| Cristy Anfinson | 12/03/2009 11:59 AM | Phone Note | Delete Claim Note |

Spoke to TM and wife, Debra, TM had a heart attack at work there is an open WC claim TM does not know the status of claim. TM wanted to give us his AP information; Dr. Carol Kimball, family physician, 530-668-2600, Dr. Kathryn Glatter, Cardiologist, 530-668-2600, Dr. Halima Karim, Neurologist, 530-668-2600. ERTW 12/20/2009.
| Sara Woelflin | 11/30/2009 06:50 PM | Action Plan | Delete Claim Note |

TASK Modification
TASKID:4799766 Start date changed from 11/23/2009 to 12/04/2009. End date changed from 12/01/2009 to 12/04/2009. Modified by the user Sara Woelflin.
| Sara Woelflin | 11/30/2009 06:50 PM | Action Plan | Delete Claim Note |

1) Identification of barriers 2) Potential solutions to barriers 3) Next steps (with due dates) 4) Will MDA Guideline be met?(Y/N) 5) Will case stay in CM or go to EH?
| Deepti Raheja | 11/23/2009 09:46 PM | Outbound Correspondence | Delete Claim Note |

TASK Modification
TASKID:4756766 Start date changed from 11/23/2009 to 11/24/2009. Modified by the user Deepti Raheja.
| Deepti Raheja | 11/23/2009 09:46 PM | Outbound Correspondence | Delete Claim Note |

Ack Pack Sent - 11/24/2009
| Automated Admin | 11/23/2009 03:31 PM | Generic | Delete Claim Note |

Duration guideline was updated on 11/23/2009 03:30 PM by user Automated Admin.
| Automated Admin | 11/23/2009 03:31 PM | Claim Email | |

An email was sent on 11/23/2009 at 03:31 PM.
To: TO555.HR@TARGET.COM, ,
From: sara.woelflin@hewitt.com
BCC:
CC:

 HEW0000014    BB 5

Subject: Continuous Leave of Absence Requested for ; TIMOTHY ; JOSEPH ; 2009169460
Body:
NO ACTION REQUIRED
On November 23, 2009, the following team member requested a continuous leave of absence. You'll be notified once a decision has been made to approve or deny the request.
Team Member Name: TIMOTHY JOSEPH
Team Member ID: 0014152748
Leave Reason: Worker's Comp
The team member reported a last day worked of November 13, 2009.
If you have any questions or additional information, please contact the case manager at sara.woelflin@hewitt.com
Employee HRID: 0014152748

| Jennifer Czech | 11/23/2009 03:15 PM | Intake Completion Notes | Delete Claim Note |

This claim application was completed on 11/23/2009 03:14PM by the user Jennifer Czech.

View Printer-Friendly History

 My Pay & Benefits



November 23, 2009

TIMOTHY JOSEPH
PO BOX 758
DAVIS CA 95617-0758

Case #: 2009169460
Team Member ID: 0014152748
Re: Workers' Compensation Medical Leave Acknowledgement

**Requested Leave Start:** November 14, 2009
**Requested Leave End:** December 14, 2009

**Action required: Submit completed form.**

The Target Leave and Disability Team has received notice of your workers' compensation claim from Sedgwick, Target's workers' compensation administrator, from November 14, 2009 to December 14, 2009. The Target Leave and Disability Team will notify you by letter when a decision has been made regarding your paid medical claim. In the meantime, the following information will help guide you through the leave process. You may want to keep it for your records.

If your leave is approved, it may be designated under the federal Family and Medical Leave Act (FMLA) and/or applicable state leave law(s), and your time off from work may reduce your available FMLA and/or state leave balances. If you work in a state with a state leave law, information about that law is included with this letter.

Under the FMLA, team members can take up to 16 weeks of unpaid, job-protected leave in a rolling-backward 12-month period for certain qualifying reasons. You become eligible for a leave of absence under the FMLA after 90 days of service.

## What You Need to Do
**Within 15 days** of the date of this letter, fax a completed FMLA Form (copy enclosed) to the Target Leave and Disability Team at 1-847-554-1660 or mail it in the enclosed envelope to:

Target Leave and Disability Team
P.O. Box 1548
Farmington, CT 06034

If you do not provide the required health care certification, the approval of your leave may be delayed.

In addition, Target may periodically require you to confirm your status and return-to-work plans.

## What Happens to Your Job
If your leave is approved under the FMLA, the time covered by the FMLA and/or applicable state leave law(s) will be job-protected, and your time off will reduce your available FMLA and/or state leave balance. If you return to work in the first 12 weeks of your job protection, you will be entitled to be reinstated to the same job (with the same pay, benefits, and conditions of employment). If you return to your regular work schedule in the last four weeks of your job protection, you will be entitled to be reinstated to an equivalent job (with the same pay, benefits, and conditions of employment).

However, certain circumstances could prevent your reinstatement (for example, if your position is eliminated or there is a reduction in workforce).

If your leave is **not** approved under the FMLA, you will not be entitled to job protection, and your position may be filled during your leave due to business or operational needs. If your position is filled while you are on leave, you may apply for any open position for which you are qualified, if one is available when you are ready to return to work.

## What Happens to Your Pay

If your leave is approved, Target will provide paid medical leave with short-term disability (STD) benefits in addition to your workers' compensation benefits. However, any workers' compensation benefits you receive will be deducted from your STD benefits. Your medical leave will not be approved until a decision about your workers' compensation claim has been made.

## What Happens to Your Benefits

If you have health or insurance coverage under Target's benefit plans, you are responsible for paying your benefit premiums while on leave. You will be direct-billed for your benefit premium payments after your leave begins. If you do not pay your premiums, your benefits may be cancelled.

If you want to cancel your benefits while you are on leave, call the Target Benefits Center at 1-800-828-5850. Specialists are available between 9 a.m. and 7 p.m. Central time, Monday through Friday. Your benefits will be reinstated when you return to work. If you want to make changes to your benefits, you must call the Target Benefits Center within 31 days of your return date.

If you have questions about your benefits while you are on leave, access My Pay & Benefits at www.targetpayandbenefits.com or call the Target Benefits Center.

## Returning to Work

The Target Leave and Disability Team, your location HR or manager, and your workers' compensation claims representative will work with you regarding your return to work and any medical certification that is required.

## For More Information

If you need additional information or have any questions about your leave of absence, call the Target Leave and Disability Team at 1-800-828-5850. Case managers are available between 7 a.m. and 7 p.m. Central time, Monday through Friday.

## Para Más Información

Si necesitas información adicional o tienes alguna pregunta acerca de tu licencia de ausencia, llama al Target Leave and Disability Team al 1-800-828-5850. Los manejadores de casos están disponibles entre 7 a.m. y 7 p.m., hora Central, de lunes a viernes.

Enc.:
FMLA Form *(Case manager: Enclose team member's own serious health condition version.)*
Rights & Responsibilities Notice
EAP Brochure
Return Envelope

---

Any claim adjustment described above for Target is performed by Disability Management Alternatives, LLC, ("DMA") a licensed, third-party administrator. DMA is a wholly owned subsidiary of Hewitt Associates, LLC and is licensed or registered as "Disability Management Alternatives, LLC" in the following states: MI, NM, OH, OK, UT, and VA. Disability Management Alternatives, LLC also does business as "Hewitt LCG" in the following states: AZ, AR, FL, GA, ID, IL, IN, IA, KY, MD, MN, MS, MO, MT, ND, NE, NH, PA, RI, SC, SD, TX, WA, WI, and WV. In CA, DMA does business as "Hewitt LCG Administration, LLC" and in NY as "DMA Claim Services, LLC."

**Close This Window**

**Woodland Healthcare**
**CHW**

**Woodland Clinic**
**Specialty Medicine**
- **Cardiology**
- **Pulmonology**
- **Rheumatology**

632 W Gibson Road*
Woodland Ca 95695
Phone: (530) 668-2601
Fax: (530) 669-3661

*Please note our new address, effective 05/05/08

## JUST THE FAX.........

TO: Target Leave & ~~Disability Team~~   FROM: Dr. Gritter

FAX: 1-847-554-1660 Pages (including this page): _____

PHONE: _____ Date: 12|11|0C Time: _____

RE: Thomas   CC: _____

Comments: Timothy Juseph.

New Return date
Attached !!
Disregard 1/4/10
Return date. Pt will
Return on 3-4-10

CAUTION-CONFIDENTIAL

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communications is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original message to us at the address above via the U.S. Postal Service. Thank you.

## FMLA Form—Team Member's Own Serious Health Condition

1. You must call the Target Leave and Disability Team at 1-800-828-5850 to initiate your leave of absence before you submit this form.
2. Fax this completed form to 1-847-554-1660 or mail it to the Target Leave and Disability Team, P.O. Box 1548, Farmington, CT 06034.

| Name (Print) | Team Member ID |
|---|---|
| Timothy Joseph | 0014152748 |
| | Location # T555 |

### Health Care Provider Section — Answer ALL Questions

**1. Check the serious health condition(s) requiring this team member to take a leave of absence:** *(See definitions page for details)*

☒ Absence Plus Treatment  ☒ Chronic Conditions Requiring Treatment  ☒ Hospital Care  ☐ Pregnancy
☐ Permanent/Long-Term Conditions Requiring Supervision  ☐ Multiple Treatments (Nonchronic Conditions)

**2. Describe the medical facts that support the condition(s) identified above:** *(not required for team members working in California)*

H had a heartattack + a cardiac arrest on 11/13/09. He survived + did well. He is still recovering from this + can go back to work on 3/4/09.

**3. Can the team member do work of any kind? (Check one.)**

☐ Yes, the team member can do his or her job.   ☐ Yes, the team member can work but cannot do his or her job. Explain
☐ Yes, the team member can do *part* of his or her job.   the restrictions: _____
☒ No, the team member cannot do any work.

**4. The team member needs to miss work:**

☒ Continuously-An uninterrupted absence for a single illness or injury
☐ Intermittently-Occasional absences due to a single illness or injury (includes reduced schedule)

If intermittently,
a) Check one and provide the related information:
☐ **Planned, Regular Schedule**
What's the requested reduced schedule (for example, 20 hours a week)? _____
How many hours can this team member work each day (for example, 5 hours)?

☐ **Unplanned, Unknown, or As Needed**
How often will this team member be away from work (for example, twice a month)?

How long will this team member be away from work each time (for example, four hours)?

b) Is it medically necessary for the team member to miss work due to the health condition(s)? ☒ Yes  ☐ No
*Note: The team member is required to provide a requested leave schedule to his or her manager.*

| 5. Start Date: Date team member is/was first unable to work due to the serious health condition(s) above: 11 / 13 / 09 (mm/dd/yyyy) | 6. Return Date: Date team member can return to work at his or her normal schedule: 3 / 4 / 10 (mm/dd/yyyy) |
|---|---|
| *If intermittent, use the first date of the most recent period of absence.* | *If chronic or permanent condition(s), the return date will be no greater than one year after the leave start date.* |

**Health Care Provider Acknowledgment**

Name (Print): Kathy Butrym MD    Date: 12/11/09    Phone: 530-668-2605

Address: Woodland Clinic 632 W. Gibson Rd. Woodland, CA 95695    CA# 6575

Signature: _____

Copyright © 2009 Hewitt Management Company LLC

**Woodland Healthcare**
**CHW**

**Woodland Clinic**
*Specialty Medicine*
- *Cardiology*
- *Pulmonology*
- *Rheumatology*

632 W Gibson Road*
Woodland Ca 95695
Phone: (530) 668-2601
Fax: (530) 669-3661

*Please note our new address, effective 05/05/08

**JUST THE FAX..........**

TO: Target Leave & Disability

FROM: Dr. Glatter / Krista

FAX: 1-847-554-1660

Pages (including this page): 2

PHONE: _____ Date: 1-13-10 Time: _____

RE: Timothy Joseph -

CC: _____

Comments:

### CAUTION-CONFIDENTIAL

The information contained in this facsimile is confidential and may also contain privileged attorney–client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communications is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone and return the original message to us at the address above via the U.S. Postal Service. Thank you.

SSN: 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  NAME: TIMOTHY  JOSEPH  
DATE ISSUED: 01/08/10  
CLAIM EFFECTIVE DATE: 11/14/09

## SUPPLEMENTAL CERTIFICATION

IF YOU ARE STILL DISABLED, COMPLETE THE CLAIMANT'S CERTIFICATION AND CONTACT YOUR DOCTOR IMMEDIATELY FOR COMPLETION OF THE PHYSICIAN'S SUPPLEMENTARY CERTIFICATE. THIS PHYSICIAN'S CERTIFICATE MUST BE SUBMITTED WITHIN TWENTY (20) DAYS OF THE DATE ISSUED SHOWN ABOVE OR YOU MAY LOSE ADDITIONAL BENEFITS.

## CLAIMANT'S CERTIFICATION

I certify that I continue to be disabled and incapable of doing my regular work, and that I have reported all wages, Workers' Compensation benefits and other monies received during the claim period to the Employment Development Department.

Sign Your Name _Timothy Joseph_  Date Signed _1-12-10_

## PHYSICIAN'S SUPPLEMENTARY CERTIFICATE

1. Are you still treating the patient? _Yes_ Date of last treatment _12/10/09_

2. What present condition continues to make the patient disabled?  
Diagnosis (REQUIRED): _Cardiac arrest_ Date of next appointment. _1/21/10_  
ICD Code(s) (REQUIRED): Primary _427.5_ Secondary _412.0_  
_Cardiac arrest_ _heart attack = MI_

3. Describe how the patient's present condition or impairment prevents him or her from returning to regular and customary work.  
_Pt had a heart attack + cardiac arrest in 11/13/09,_

4. What factors or complications are disabling the patient longer than previously estimated for this type of illness or injury?  
_He has short-term memory loss + Cognitive issues from the cardiac arrest_

5. Present estimated date patient (even if still under treatment) will be able to perform his/her regular or customary work:  
_3/4/10_

6. Would disclosure of this information to your patient be medically or psychologically detrimental to the patient? Yes _____ No _X_

I HEREBY CERTIFY THAT THE ABOVE STATEMENTS IN MY OPINION TRULY DESCRIBE THE PATIENT'S CONDITION AND ESTIMATED DURATION.

Doctor's Name _Golater_  
(print or type)  
Specialty, if any _Cardiology_  
Date Signed _4/12/10_

Doctor's Signature _____  
State License Number _CA = 683099_  
Phone Number _530-668-2605_  
_ext 6578_

DE 2525XXA Rev. 1 (7/98)  CU-PM129



RETURN THIS FORM TO

EMPLOYMENT DEVELOPMENT DEPARTMENT  
PO BOX 201006  
STOCKTON  CA  95201-9006



**Home  Claim  Reporting  Site Administration  Help**

**DMA Production Environment**
**Hewitt Datacenter**

## View Claim Notes

This screen allows you to see all the notes for this claim. They are displayed in date order; you can sort them by clicking on the header and view selected notes by using the filter.

**Claim Information**

| | | | | | | |
|---|---|---|---|---|---|---|
| EE Name | TIMOTHY JOSEPH (Male) | | **Benefit Type** | LOA (Intermittent) | **Claim Number** | 2010084709 |

[ Employee ] [ Claim ] [ Medical ] [ Auth & RTW ] [ Appeal ]

| | | | | |
|---|---|---|---|---|
| **Claim Owner** | Luis Castro | **Claim Status** | Closed | **Plan Name(s)** | California Family Rights Act (CFRA) TGT FMLA - NE Grandfathered TM Leave |
| **Clinical Claim Manager** | | **Approval Status** | Approved | **Reason for Absence** | Employee's Own Illness |
| **Concurrent Claim Number** | | | | **Application Date(s)** | 04/28/2010 |
| **Work Related** | No | **Date of Disability** | 04/28/2010 | **Last Day Worked** | 04/27/2010 |

**Filter Notes**

| User Filter | Select User | Task Type / Screen Name Filter | Select All |
|---|---|---|---|
| Date From | 04/28/2010 | Date Through | 06/13/2014 |

[View Claim] [Cancel] [Reset] [Submit]

**Claim Notes**

| User Name | Date / Time Stamp | Task Type / Screen Name | Delete | View deleted Claim notes |
|---|---|---|---|---|
| Rebecca Dargay | 06/12/2014 11:07 AM | Generic | Delete Claim Note | |

Robin calling wanting to know if ppwk she just faxed on TM's behalf requesting wage verification was received. Nothing on file. Let Robin know it can take 24-48 hours for faxes to show on file. Can check back tomorrow or Monday. Confirmed fax # and Robin said the DOB, social and TGT ID # is all on the ppwk.

| Luis Castro | 08/03/2010 10:06 AM | Close Claim | Delete Claim Note | |

The claim was closed by Luis Castro on 08/03/2010 with the reason Voluntary Termination.

| Nuco Admin | 08/02/2010 01:32 AM | Update Eligibility Data | | |

Eligibility Discrepancy - One or more HRIS fields have been auto-updated

| Denise Formosa | 07/29/2010 08:20 AM | Generic | Delete Claim Note | |

Denise Formosa reassigned the case to Luis Castro.

| Nuco Admin | 07/29/2010 02:31 AM | Update Eligibility Data | | |

Eligibility Discrepancy - One or more HRIS fields have been auto-updated

| Nuco Admin | 07/27/2010 02:50 AM | Update Eligibility Data | | |

Eligibility Discrepancy - One or more HRIS fields have been auto-updated

| Tajender Kaur | 07/25/2010 10:38 PM | Phone Note | Delete Claim Note | |

APPROVED

| Tajender Kaur | 07/25/2010 10:37 PM | Create LOA Usage | Delete Claim Note | |

The LOA Usage for California Family Rights Act (CFRA) starts on 07/23/2010 and ends on 07/23/2010 was created on 07/25/2010 10:36PM by the user Tajender Kaur.

| Tajender Kaur | 07/25/2010 10:37 PM | Claim Email | Delete Claim Note | |

An email was sent on 07/25/2010 at 10:37 PM.
To: T0555.HR@TARGET.COM, ,
From: jodi.salley@hewitt.com
BCC:
CC:
Subject: Intermittent Leave Usage Submitted for ; TIMOTHY; JOSEPH; 2010084709
Body:
NO ACTION REQUIRED

We were notified on July 25, 2010 that TIMOTHY JOSEPH used federal Family and Medical Act (FMLA) and/or state leave of absence hours on July 23, 2010.

The following hours were reported and will be recorded in our FMLA tracking system:

**HEW000011  BB 13**

HEW0000012 BB 14

HEW000013  BB 15

| Plan | Start Date | End Date | Hours Used | Date Entered |
|---|---|---|---|---|
| California Family Rights Act (CFRA) | 07/23/10 | 07/23/10 | 10.00 | 07/25/10 |
| TGT FMLA - NE Grandfathered TM Leave | 07/23/10 | 07/23/10 | 10.00 | 07/25/10 |
| California Family Rights Act (CFRA) | 07/20/10 | 07/20/10 | 10.00 | 07/20/10 |
| TGT FMLA - NE Grandfathered TM Leave | 07/20/10 | 07/20/10 | 10.00 | 07/20/10 |
| California Family Rights Act (CFRA) | 07/16/10 | 07/16/10 | 10.00 | 07/17/10 |
| TGT FMLA - NE Grandfathered TM Leave | 07/16/10 | 07/16/10 | 10.00 | 07/17/10 |
| California Family Rights Act (CFRA) | 06/23/10 | 06/23/10 | 10.00 | 06/23/10 |
| TGT FMLA - NE Grandfathered TM Leave | 06/23/10 | 06/23/10 | 10.00 | 06/10/10 |
| California Family Rights Act (CFRA) | 06/10/10 | 06/10/10 | 10.00 | 06/10/10 |
| TGT FMLA - NE Grandfathered TM Leave | 06/10/10 | 06/10/10 | 10.00 | 06/10/10 |
| California Family Rights Act (CFRA) | 06/08/10 | 06/08/10 | 10.00 | 06/08/10 |
| TGT FMLA - NE Grandfathered TM Leave | 06/08/10 | 06/08/10 | 10.00 | 06/08/10 |

If this leave is pending and later denied, you&rsquo;ll be notified. If the leave is denied, the hours recorded will not count against TIMOTHY JOSEPH's allotment of FMLA time.

We will contact you if we have any questions about this absence.

If you have any questions or additional information, please contact the case manager at jodi.salley@hewitt.com.

Employee HRID: 0014152748

| | | | |
|---|---|---|---|
| Tajender Kaur | 07/25/2010 10:36 PM | Phone Note | Delete Claim Note |

Usage Review

| | | | |
|---|---|---|---|
| JoAnn Zogg | 07/23/2010 11:33 AM | Phone Note | Delete Claim Note |

New LOA Usage Entered

| | | | |
|---|---|---|---|
| JoAnn Zogg | 07/23/2010 11:32 AM | Phone Note | Delete Claim Note |

tm calling to report using 10hrs of fmla today 7/23/10

| | | | |
|---|---|---|---|
| Anupama Kumari | 07/20/2010 10:13 PM | Generic | Delete Claim Note |

Approved

| | | | |
|---|---|---|---|
| Anupama Kumari | 07/20/2010 10:13 PM | Create LOA Usage | Delete Claim Note |

The LOA Usage for California Family Rights Act (CFRA) starts on 07/20/2010 and ends on 07/20/2010 was created on 07/20/2010 10:12PM by the user Anupama Kumari.

| | | | |
|---|---|---|---|
| Anupama Kumari | 07/20/2010 10:13 PM | Claim Email | Delete Claim Note |

An email was sent on 07/20/2010 at 10:13 PM.
To: T0555.HR@TARGET.COM, ,
From: jodi.salley@hewitt.com
BCC:
CC:
Subject: Intermittent Leave Usage Submitted for ; TIMOTHY; JOSEPH; 2010084709
Body:
NO ACTION REQUIRED

We were notified on July 20, 2010 that TIMOTHY JOSEPH used federal Family and Medical Act (FMLA) and/or state leave of absence hours on July 20, 2010.

The following hours were reported and will be recorded in our FMLA tracking system:

HEW000015  BB 17

| Plan | Start Date | End Date | Hours Used | Date Entered |
|---|---|---|---|---|
| California Family Rights Act (CFRA) | 07/20/10 | 07/20/10 | 10.00 | 07/20/10 |
| TGT FMLA - NE Grandfathered TM Leave | 07/20/10 | 07/20/10 | 10.00 | 07/20/10 |
| California Family Rights Act (CFRA) | 07/16/10 | 07/16/10 | 10.00 | 07/17/10 |
| TGT FMLA - NE Grandfathered TM Leave | 07/16/10 | 07/16/10 | 10.00 | 07/17/10 |
| California Family Rights Act (CFRA) | 06/23/10 | 06/23/10 | 10.00 | 06/23/10 |
| TGT FMLA - NE Grandfathered TM Leave | 06/23/10 | 06/23/10 | 10.00 | 06/23/10 |
| California Family Rights Act (CFRA) | 06/10/10 | 06/10/10 | 10.00 | 06/10/10 |
| TGT FMLA - NE Grandfathered TM Leave | 06/10/10 | 06/10/10 | 10.00 | 06/10/10 |
| California Family Rights Act (CFRA) | 06/08/10 | 06/08/10 | 10.00 | 06/08/10 |
| TGT FMLA - NE Grandfathered TM Leave | 06/08/10 | 06/08/10 | 10.00 | 06/08/10 |

If this leave is pending and later denied, you&rsquo;ll be notified. If the leave is denied, the hours recorded will not count against TIMOTHY JOSEPH's allotment of FMLA time.

We will contact you if we have any questions about this absence.

If you have any questions or additional information, please contact the case manager at jodi.salley@hewitt.com.

Employee HRID: 0014152748

| | | | |
|---|---|---|---|
| Anupama Kumari | 07/20/2010 10:13 PM | Generic | Delete Claim Note |

Usage Review

| | | | |
|---|---|---|---|
| Patricia Picard | 07/20/2010 11:07 AM | Generic | Delete Claim Note |

TASK Modification
TASKID:7193810 End date changed from 07/21/2010 to 07/20/2010. Modified by the user Patricia Picard.

| | | | |
|---|---|---|---|
| Patricia Picard | 07/20/2010 11:07 AM | Generic | Delete Claim Note |

tm calling to report int time for 7/20/10 with 10 hours.

| | | | |
|---|---|---|---|
| Jodi Salley | 07/17/2010 10:23 AM | Create LOA Usage | Delete Claim Note |

The LOA Usage for California Family Rights Act (CFRA) starts on 07/16/2010 and ends on 07/16/2010 was created on 07/17/2010 10:23AM by the user Jodi Salley.

| | | | |
|---|---|---|---|
| Jodi Salley | 07/17/2010 10:23 AM | Claim Email | Delete Claim Note |

An email was sent on 07/17/2010 at 10:23 AM.
To: TO555.HR@TARGET.COM, ,
From: jodi.salley@hewitt.com
BCC:
CC:
Subject: Intermittent Leave Usage Submitted for ; TIMOTHY; JOSEPH; 2010084709
Body:
NO ACTION REQUIRED

We were notified on July 17, 2010 that TIMOTHY JOSEPH used federal Family and Medical Act (FMLA) and/or state leave of absence hours on July 16, 2010.

The following hours were reported and will be recorded in our FMLA tracking system:

HEW000017   BB 19

| Plan | Start Date | End Date | Hours Used | Date Entered |
|------|-----------|----------|------------|--------------|
| California Family Rights Act (CFRA) | 07/16/10 | 07/16/10 | 10.00 | 07/17/10 |
| TGT FMLA - NE Grandfathered TM Leave | 07/16/10 | 07/16/10 | 10.00 | 07/17/10 |
| California Family Rights Act (CFRA) | 06/23/10 | 06/23/10 | 10.00 | 06/23/10 |
| TGT FMLA - NE Grandfathered TM Leave | 06/23/10 | 06/23/10 | 10.00 | 06/23/10 |
| California Family Rights Act (CFRA) | 06/10/10 | 06/10/10 | 10.00 | 06/10/10 |
| TGT FMLA - NE Grandfathered TM Leave | 06/10/10 | 06/10/10 | 10.00 | 06/10/10 |
| California Family Rights Act (CFRA) | 06/08/10 | 06/08/10 | 10.00 | 06/08/10 |
| TGT FMLA - NE Grandfathered TM Leave | 06/08/10 | 06/08/10 | 10.00 | 06/08/10 |

If this leave is pending and later denied, you&rsquo;ll be notified. If the leave is denied, the hours recorded will not count against TIMOTHY JOSEPH's allotment of FMLA time.

We will contact you if we have any questions about this absence.

If you have any questions or additional information, please contact the case manager at jodi.salley@hewitt.com.

Employee HRID: 0014152748

| | | | |
|---|---|---|---|
| Jodi Salley | 07/17/2010 10:23 AM | Phone Note | Delete Claim Note |
| Valerie Johnson | 07/16/2010 12:41 PM | Phone Note | Delete Claim Note |
| Valerie Johnson | 07/16/2010 12:41 PM | Phone Note | Delete Claim Note |

TM called, reporting 7/16/10 -- 10 hours.

| Nuco Admin | 07/15/2010 02:43 AM | Update Eligibility Data | |

Eligibility Discrepancy - One or more HRIS fields have been auto-updated

| Jodi Salley | 07/13/2010 10:30 AM | Generic | Delete Claim Note |

LTD Midpoint Review Template LOA ONLY
DOD: 4/28/10
LTD ENROLLED: Yes
LTD %: 60
JOB: Price Accuray TM
DOB: 2/12/83
Presented on LTD call: no -- Intermittent claim
Dx: Stress
ERTW: 5/20/11

| Nuco Admin | 07/08/2010 02:49 AM | Update Eligibility Data | |

Eligibility Discrepancy - One or more HRIS fields have been auto-updated

| Nuco Admin | 07/01/2010 03:04 AM | Update Eligibility Data | |

Eligibility Discrepancy - One or more HRIS fields have been auto-updated

| Nuco Admin | 06/24/2010 02:46 AM | Update Eligibility Data | |

Eligibility Discrepancy - One or more HRIS fields have been auto-updated

| Mayank Kapoor | 06/23/2010 10:35 PM | Generic | Delete Claim Note |

APPROVED

| Mayank Kapoor | 06/23/2010 10:34 PM | Generic | Delete Claim Note |

Usage Review

| Mayank Kapoor | 06/23/2010 10:33 PM | Create LOA Usage | Delete Claim Note |

The LOA Usage for TGT FMLA - NE Grandfathered TM Leave starts on 06/23/2010 and ends on 06/23/2010 was created on 06/23/2010 10:32PM by the user Mayank Kapoor.

| Mayank Kapoor | 06/23/2010 10:33 PM | Claim Email | Delete Claim Note |

An email was sent on 06/23/2010 at 10:33 PM.
To: T0555.HR@TARGET.COM, ,
From: jodi.salley@hewitt.com
BCC:
CC:

Subject: Intermittent Leave Usage Submitted for ; TIMOTHY; JOSEPH; 2010084709
Body:
NO ACTION REQUIRED

We were notified on June 23, 2010 that TIMOTHY JOSEPH used federal Family and Medical Act (FMLA) and/or state leave of absence hours on June 23, 2010.

The following hours were reported and will be recorded in our FMLA tracking system:

HEW000019   BB 21

| Plan | Start Date | End Date | Hours Used | Date Entered |
|------|-----------|----------|------------|--------------|
| California Family Rights Act (CFRA) | 06/23/10 | 06/23/10 | 10.00 | 06/23/10 |
| TGT FMLA - NE Grandfathered TM Leave | 06/23/10 | 06/23/10 | 10.00 | 06/23/10 |
| California Family Rights Act (CFRA) | 06/10/10 | 06/10/10 | 10.00 | 06/10/10 |
| TGT FMLA - NE Grandfathered TM Leave | 06/10/10 | 06/10/10 | 10.00 | 06/10/10 |
| California Family Rights Act (CFRA) | 06/08/10 | 06/08/10 | 10.00 | 06/08/10 |
| TGT FMLA - NE Grandfathered TM Leave | 06/08/10 | 06/08/10 | 10.00 | 06/08/10 |

If this leave is pending and later denied, you&rsquo;ll be notified. If the leave is denied, the hours recorded will not count against TIMOTHY JOSEPH's allotment of FMLA time.

We will contact you if we have any questions about this absence.

If you have any questions or additional information, please contact the case manager at jodi.salley@hewitt.com.

Employee HRID: 0014152748
    Patricia Picard      06/23/2010 11:31 AM          Generic        Delete Claim Note
TASK Modification
TASKID:6686130 End date changed from 06/24/2010 to 06/23/2010. Modified by the user Patricia Picard.
    Patricia Picard      06/23/2010 11:31 AM          Generic        Delete Claim Note
tm calling to report int time for 6/23/10 with 10 hours
    Nuco Admin      06/17/2010 09:49 PM        Update Eligibility Data
Eligibility Discrepancy - One or more HRIS fields have been auto-updated
    Jodi Salley      06/10/2010 12:06 PM        Create LOA Usage        Delete Claim Note
The LOA Usage for California Family Rights Act (CFRA) starts on 06/10/2010 and ends on 06/10/2010 was created on 06/10/2010 12:06PM by the user Jodi Salley.
    Jodi Salley      06/10/2010 12:06 PM        Claim Email        Delete Claim Note
An email was sent on 06/10/2010 at 12:06 PM.
To: TO5SS.HR@TARGET.COM, ,
From: jodi.salley@hewitt.com
BCC:
CC:
Subject: Intermittent Leave Usage Submitted for ; TIMOTHY; JOSEPH; 2010084709
Body:
NO ACTION REQUIRED

We were notified on June 10, 2010 that TIMOTHY JOSEPH used federal Family and Medical Act (FMLA) and/or state leave of absence hours on June 10, 2010.

The following hours were reported and will be recorded in our FMLA tracking system:

 HEW0006020  BB 22

| Plan | Start Date | End Date | Hours Used | Date Entered |
|------|-----------|----------|------------|--------------|
| California Family Rights Act (CFRA) | 06/10/10 | 06/10/10 | 10.00 | 06/10/10 |
| TGT FMLA - NE Grandfathered TM Leave | 06/10/10 | 06/10/10 | 10.00 | 06/10/10 |
| California Family Rights Act (CFRA) | 06/08/10 | 06/08/10 | 10.00 | 06/08/10 |
| TGT FMLA - NE Grandfathered TM Leave | 06/08/10 | 06/08/10 | 10.00 | 06/08/10 |

If this leave is pending and later denied, you&rsquo;ll be notified. If the leave is denied, the hours recorded will not count against TIMOTHY JOSEPH's allotment of FMLA time.

We will contact you if we have any questions about this absence.

If you have any questions or additional information, please contact the case manager at jodi.salley@hewitt.com.

Employee HRID: 0014152748

| | | | | |
|---|---|---|---|---|
| Jodi Salley | 06/10/2010 12:06 PM | | Phone Note | Delete Claim Note |
| Charlene Douglas | 06/10/2010 10:03 AM | | Phone Note | Delete Claim Note |

TM CALL TO REPORT 10 HRS FOR 6/10/10.

| | | | | |
|---|---|---|---|---|
| Nuco Admin | 06/10/2010 02:25 AM | | Update Eligibility Data | |

Eligibility Discrepancy - One or more HRIS fields have been auto-updated

| | | | | |
|---|---|---|---|---|
| Divya Kohli | 06/08/2010 11:44 PM | | Phone Note | Delete Claim Note |

Approved

| | | | | |
|---|---|---|---|---|
| Divya Kohli | 06/08/2010 11:44 PM | | Phone Note | Delete Claim Note |

Usage Review

| | | | | |
|---|---|---|---|---|
| Divya Kohli | 06/08/2010 11:43 PM | | Create LOA Usage | Delete Claim Note |

The LOA Usage for California Family Rights Act (CFRA) starts on 06/08/2010 and ends on 06/08/2010 was created on 06/08/2010 11:42PM by the user Divya Kohli.

| | | | | |
|---|---|---|---|---|
| Divya Kohli | 06/08/2010 11:43 PM | | Claim Email | Delete Claim Note |

An email was sent on 06/08/2010 at 11:43 PM.
To: T0555.HR@TARGET.COM, ,
From: jodi.salley@hewitt.com
BCC:
CC:
Subject: Intermittent Leave Usage Submitted for ; TIMOTHY; JOSEPH; 2010084709
Body:
NO ACTION REQUIRED

HEW000021    BB 23

We were notified on June 8, 2010 that TIMOTHY JOSEPH used federal Family and Medical Act (FMLA) and/or state leave of absence hours on June 8, 2010.

The following hours were reported and will be recorded in our FMLA tracking system:

| Plan | Start Date | End Date | Hours Used | Date Entered |
|---|---|---|---|---|
| California Family Rights Act (CFRA) | 06/08/10 | 06/08/10 | 10.00 | 06/08/10 |
| TGT FMLA - NE Grandfathered TM Leave | 06/08/10 | 06/08/10 | 10.00 | 06/08/10 |

If this leave is pending and later denied, you&rsquo;ll be notified. If the leave is denied, the hours recorded will not count against TIMOTHY JOSEPH's allotment of FMLA time.

We will contact you if we have any questions about this absence.

If you have any questions or additional information, please contact the case manager at jodi.salley@hewitt.com.

Employee HRID: 0014152748

| | | | | |
|---|---|---|---|---|
| Patricia Picard | 06/08/2010 04:38 PM | | Phone Note | Delete Claim Note |

HR Lynda Janausek #0052307428 called to ask status of claim. advised approved. hr thought tm used all fmla time. advised time is verified with cm.

| Jessica Pettingill | 06/08/2010 10:05 AM | | Phone Note | Delete Claim Note |

New LOA Usage Entered

| Jessica Pettingill | 06/08/2010 10:04 AM | | Phone Note | Delete Claim Note |

6/8/10 - 10 hrs

| Nuco Admin | 06/03/2010 02:17 AM | | Update Eligibility Data | |

Eligibility Discrepancy - One or more HRIS fields have been auto-updated

| Nuco Admin | 06/02/2010 01:33 AM | | Update Eligibility Data | |

Eligibility Discrepancy - One or more HRIS fields have been auto-updated

| Jessica Schauer | 06/01/2010 08:52 AM | | Inbound Document | Delete Claim Note |
| Niharika Gaur | 05/27/2010 03:12 AM | | Inbound Document | Delete Claim Note |

TASK Modification

TASKID:6575516 End date changed from 05/26/2010 to 05/27/2010. Modified by the user Niharika Gaur.

| Niharika Gaur | 05/27/2010 03:11 AM | | Inbound Document | Delete Claim Note |

Section 4 (a) box 2 - How long will this Team Member be away from work each time is not mention as per example given

| Nuco Admin | 05/27/2010 02:32 AM | | Update Eligibility Data | |

Eligibility Discrepancy - One or more HRIS fields have been auto-updated

| Vishal Suri | 05/26/2010 03:27 AM | | Inbound Document | Delete Claim Note |

Task Name changed to reflect document type. Document not reviewed for completeness.

| Nuco Admin | 05/20/2010 02:40 AM | | Update Eligibility Data | |

Eligibility Discrepancy - One or more HRIS fields have been auto-updated

| Jodi Salley | 05/18/2010 09:42 AM | | Generic | Delete Claim Note |

TASK Modification
TASKID:6482134 Start date changed from 05/18/2010 to 05/20/2011. End date changed from 05/19/2010 to 05/20/2011. Modified by the user Jodi Salley.
    Jodi Salley     05/18/2010 09:42 AM       ERTW Confirmation     Delete Claim Note
TASK Modification
TASKID:6482117 Start date changed from 05/13/2011 to 05/05/2011. End date changed from 05/13/2011 to 05/05/2011. Modified by the user Jodi Salley.
    Jodi Salley     05/18/2010 09:42 AM       ERTW Confirmation     Delete Claim Note
Send Recert Letter
    Jodi Salley     05/18/2010 09:41 AM       Generic     Delete Claim Note
Jodi Salley updated the Approved ERTW to 05/20/2011 for the reason New Medical Information.
    Jodi Salley     05/18/2010 09:41 AM       Outbound Correspondence     Delete Claim Note
letter ready to print
    Jodi Salley     05/18/2010 09:39 AM       Claim Email     Delete Claim Note
An email was sent on 05/18/2010 at 09:39 AM.
To: T0555.HR@TARGET.COM, ,
From: jodi.salley@hewitt.com
BCC:
CC:
Subject: Intermittent Leave Approved for ; TIMOTHY ; JOSEPH ; 2010084709
Body:
NO ACTION REQUIRED


The following team member has been approved to use intermittent leave of absence hours under the federal Family and Medical Leave Act (FMLA).


Team Member Name: TIMOTHY JOSEPH

Team Member ID: 0014152748

Leave Reason: Employee's Own Illness
Leave Start: May 20, 2010
Leave End:May 20, 2011
Comments: Frequency: 3-5 times per month
Duration: 1 day per episode


This leave will be reviewed periodically. You&rsquo;ll be notified if these details change.


If you have any questions or additional information, please contact the case manager at jodi.salley@hewitt.com.

Employee HRID: 0014152748
    Jodi Salley     05/18/2010 09:39 AM       Generic     Delete Claim Note
Jodi Salley updated the payment status to Approved on 05/18/2010 09:38 AM for the reason Not Applicable.
    Jodi Salley     05/18/2010 09:38 AM       Inbound Document     Delete Claim Note
FMLA signed 5/17/10
Dx: Stress
Intermittent:
Freq: 3-5 x/month
Dur: 1 day
DOD: 5/20/10
Release: 5/20/11
DR: Carol Kimball, MD
P: 530-666-1631
    Chhaya Chauhan     05/17/2010 10:32 PM       Inbound Document     Delete Claim Note
Task Name changed to reflect document type. Document not reviewed for completeness.
    Chhaya Chauhan     05/17/2010 10:32 PM       Inbound Document     Delete Claim Note
Task Name changed to reflect document type. Document not reviewed for completeness.
    Jodi Salley     05/17/2010 01:26 PM       Generic     Delete Claim Note
Jodi Salley/BrooklynPark/Hewitt Associates
Absence Management
Case Manager
Brooklyn Park-3-350
Ext. 5061
05/17/2010 01:25 PM

To
T0555.HR@TARGET.COM
cc
Subject
Request Pending for Timothy Joseph 2010084709


NO ACTION REQUIRED
The following team member's request for an intermittent leave of absence is pending because he has not provided the documentation needed to complete our review.
The team member has been notified regarding the next steps.
Team Member Name: Timothy Joseph
Team Member ID: 0014152748
Leave Reason: Intermittent Medical
You and the team member will be notified when a decision has been made.
If you have any questions or additional information, please contact the case manager at Jodi.Salley@hewitt.com.
Thank you,
Jodi
Jodi Salley
Absence Management
Hewitt Associates
Jodi.Salley@hewitt.com | www.hewitt.com
    Jodi Salley     05/17/2010 01:24 PM       Generic     Delete Claim Note
TASK Modification
TASKID:6470511 End date changed from 05/18/2010 to 05/17/2010. Modified by the user Jodi Salley.

| Jodi Salley | 05/17/2010 01:23 PM | Generic | Delete Claim Note |

TASK Modification
TASKID:6470488 Start date changed from 05/17/2010 to 05/24/2010. End date changed from 05/18/2010 to 05/24/2010. Modified by the user Jodi Salley.

| Jodi Salley | 05/17/2010 01:23 PM | Outbound Correspondence | Delete Claim Note |

letter ready to print

| Jodi Salley | 05/14/2010 10:04 AM | Phone Note | Delete Claim Note |
| Laura Green | 05/14/2010 07:38 AM | Phone Note | Delete Claim Note |

Tm called to report loa usage 5/14/10 for 10 hours

| Nuco Admin | 05/13/2010 02:51 PM | Update Eligibility Data | |

Eligibility Discrepancy - One or more HRIS fields have been auto-updated

| Denise Formosa | 05/06/2010 04:44 PM | Generic | Delete Claim Note |

Denise Formosa reassigned the case to Jodi Salley.

| Nuco Admin | 05/06/2010 02:53 AM | Update Eligibility Data | |

Eligibility Discrepancy - One or more HRIS fields have been auto-updated

| Molly Keith | 04/29/2010 08:15 AM | Generic | Delete Claim Note |

TM is eligible for and has time available:

LOA Usage Summary
Plan Hours Used Hours Available
California Family Rights Act (CFRA) 0.00 469.20
TGT FMLA - NE Grandfathered TM Leave 0.00 625.60

| Nuco Admin | 04/29/2010 02:24 AM | Update Eligibility Data | |

Eligibility Discrepancy - One or more HRIS fields have been auto-updated

| Preeti Arora | 04/28/2010 11:38 PM | Generic | Delete Claim Note |

TASK Modification
TASKID:6272248 End date changed from 04/29/2010 to 07/12/2010. Modified by the user Preeti Arora.

| Preeti Arora | 04/28/2010 11:37 PM | Generic | Delete Claim Note |

TASK Modification
TASKID:6272245 End date changed from 04/29/2010 to 05/14/2010. Modified by the user Preeti Arora.

| Preeti Arora | 04/28/2010 11:37 PM | Outbound Correspondence | Delete Claim Note |

TASK Modification
TASKID:6272213 Start date changed from 04/28/2010 to 04/29/2010. Modified by the user Preeti Arora.

| Preeti Arora | 04/28/2010 11:37 PM | Outbound Correspondence | Delete Claim Note |

Ack Pack Sent - 04/29/2010

| Tim Hicks | 04/28/2010 04:29 PM | Generic | Delete Claim Note |

Tim Hicks reassigned the case to Molly Keith. Tim Hicks also entered the following additional notes. CA DC TM.

| Jennifer Caza | 04/28/2010 12:14 PM | Generic | Delete Claim Note |

Contact update for TIMOTHY JOSEPH: Contact addr 1 was changed from PO BOX 758 to 2033 F ST APT 118. Contact zip 1 was changed from 95617-0758 to 95616. Contact state 2 was changed from blank to Alabama.

| Automated Admin | 04/28/2010 11:33 AM | Generic | |

Duration guideline was updated on 04/28/2010 11:32 AM by user Automated Admin.

| Automated Admin | 04/28/2010 11:33 AM | Claim Email | |

An email was sent on 04/28/2010 at 11:33 AM.
To: T0555.HR@TARGET.COM .
From: tim.hicks.2@hewitt.com
BCC:
CC:
Subject: Intermittent Leave of Absence Requested for ; TIMOTHY; JOSEPH; 2010084709
Body:
NO ACTION REQUIRED

On April 28, 2010, the following team member requested an intermittent leave of absence. You&rsquo;ll be notified once a decision has been made to approve or deny the request.

Team Member Name: TIMOTHY JOSEPH

Team Member ID: 0014152748

Leave Reason: Employee's Own Illness

If you have any questions or additional information, please contact the case manager at tim.hicks.2@hewitt.com.

Employee HRID: 0014152748

| Jennifer Caza | 04/28/2010 11:30 AM | Intake Completion Notes | Delete Claim Note |

This claim application was completed on 04/28/2010 11:29AM by the user Jennifer Caza.

| Jennifer Caza | 04/28/2010 11:30 AM | Duplicate Claim Notification | Delete Claim Note |

Intake Specialists were given a duplicate claim pre-intake notification. Jennifer Caza decided to proceed with a new claim application.

View Printer-Friendly History

 My Pay & Benefits



April 28, 2010

TIMOTHY JOSEPH
2033 F ST APT 118
DAVIS CA 95616

Case #: 2010084709
Team Member ID: 0014152748
Re: Intermittent Leave of Absence Acknowledgment

**Requested Leave Start:** April 28, 2010
**Requested Leave End:** April 28, 2011

**Action required: Submit completed form.**

The Target Leave and Disability Team has received your request for an intermittent leave of absence for your own serious health condition from April 28, 2010 to April 28, 2011. The Target Leave and Disability Team will notify you by letter when a decision has been made. In the meantime, the following information will help guide you through the leave process. You may want to keep it for your records.

If your leave is approved, it will be designated under the federal Family and Medical Leave Act (FMLA) and/or applicable state leave law(s), and your time off from work will reduce your available FMLA and/or state leave balances. If you work in a state with a state leave law, information about that law is included with this letter.

Under the FMLA, team members can take up to 16 weeks of unpaid, job-protected leave in a rolling-backward 12-month period for certain qualifying reasons. You become eligible for a leave of absence under the FMLA after 90 days of service.

## What You Need to Do

**Within 15 days** of the date of this letter, fax a completed FMLA Form (copy enclosed) to the Target Leave and Disability Team at 1-847-554-1660 or mail it in the enclosed envelope to:

Target Leave and Disability Team
P.O. Box 1548
Farmington, CT 06034

If you do not provide the required health care certification, the approval of your leave may be delayed.

In addition, Target may periodically require you to:

- Confirm your status.
- Confirm your return-to-work plans.
- Recertify your serious health condition.

**Note:** You can contact the Target Leave and Disability Team to confirm the amount of FMLA entitlement, if any, available to you.

**Reporting Your Absences**
If your intermittent leave is approved and you will be away from work due to your leave, please report each absence to your location **and** through the Interactive Voice Response technology (IVR) at 1-800-828-5850. You will need your case number and your date of birth to access IVR. Your case number appears at the top of this letter and on every letter the Target Leave and Disability Team sends you related to your leave.

## What Happens to Your Job

If you return to your regular work schedule in the first 12 weeks of your job protection, you will be entitled to be reinstated to the same job (with the same pay, benefits, and conditions of employment). If you return to your regular work schedule in the last four weeks of your job protection, you will be entitled to be reinstated to an equivalent job (with the same pay, benefits, and conditions of employment).

However, certain circumstances could prevent your reinstatement (for example, if your position is eliminated or there is a reduction in workforce).

## What Happens to Your Pay

Intermittent leave is unpaid time off. However, you may use vacation or personal holiday time during this unpaid leave. Please contact your location HR to discuss these options.

## What Happens to Your Benefits

If you have health and insurance coverage under Target's benefit plans, deductions for your benefits coverage will continue as long as you are receiving pay from Target.

If you want to cancel your benefits while you are on leave, call the Target Benefits Center at 1-800-828-5850. Specialists are available between 9 a.m. and 7 p.m. Central time, Monday through Friday. Your benefits will be reinstated when you return to work. If you want to make changes to your benefits, you must call the Target Benefits Center within 31 days of your return date.

If you have questions about your benefits while you are on leave, access My Pay & Benefits at www.targetpayandbenefits.com or call the Target Benefits Center.

## When Your Approved Intermittent Leave Ends

If approved, your intermittent leave is expected to end on April 28, 2011 but is subject to change based on your available FMLA and/or state leave balances.

## For More Information

If you need additional information or have any questions about your leave of absence, call the Target Leave and Disability Team at 1-800-828-5850. Case managers are available between 7 a.m. and 7 p.m. Central time, Monday through Friday.

## Para Más Información

Si necesitas información adicional o tienes alguna pregunta acerca de tu licencia de ausencia, llama al Target Leave and Disability Team al 1-800-828-5850. Los manejadores de casos están disponibles entre 7 a.m. y 7 p.m., hora Central, de lunes a viernes.

Enc.:   FMLA Form *(Enclose team member's own serious health condition version)*
       Rights & Responsibilities Notice
       State Family and Medical Leave Information
       Return Envelope

---

Any claim adjustment described above for Target is performed by Disability Management Alternatives, LLC, ("DMA") a licensed, third-party administrator. DMA is a wholly owned subsidiary of Hewitt Associates, LLC and is licensed or registered as "Disability Management Alternatives, LLC" in the following states: MI, NM, OH, OK, UT, and VA. Disability Management Alternatives, LLC also does business as "Hewitt LCG" in the following states: AZ, AR, FL, GA, ID, IL, IN, IA, KY, MD, MN, MS, MO, MT, ND, NE, NH, PA, RI, SC, SD, TX, WA, WI, and WV. In CA, DMA does business as "Hewitt LCG Administration, LLC" and in NY as "DMA Claim Services, LLC."

**Close This Window**

## FMLA Form—Team Member's Own Serious Health Condition

MAY 0 6 2010

### Team Member Section

1. You must call the Target Leave and Disability Team at 1-800-828-5850 to initiate your leave of absence before you submit this form.
2. Fax this completed form to 1-847-554-1660 or mail it to the Target Leave and Disability Team, P.O. Box 1548, Farmington, CT 06034.

| Name (Print) | Team Member ID |
|---|---|
| Timothy Joseph | 14152748 |
| | Location # |

### Health Care Provider Section -- Answer ALL Questions

**1. Check the serious health condition(s) requiring this team member to take a leave of absence:** *(See definitions page for details.)*

- [X] Absence Plus Treatment
- [ ] Chronic Conditions Requiring Treatment
- [ ] Hospital Care
- [ ] Pregnancy
- [ ] Permanent/Long-Term Conditions Requiring Supervision
- [ ] Multiple Treatments (Nonchronic Conditions)

**2. Describe the medical facts that support the condition(s) identified above:** *(not required for team members working in California)*

- Stress

**3. Can the team member do work of any kind? (Check one.)**

- [X] Yes, the team member can do his or her job.
- [ ] Yes, the team member can work but cannot do his or her job. Explain the restrictions: _____
- [ ] Yes, the team member can do *part* of his or her job.
- [ ] No, the team member cannot do any work. _____

**4. The team member needs to miss work:**

- [ ] Continuously-An uninterrupted absence for a single illness or injury
- [X] Intermittently-Occasional absences due to a single illness or injury (includes reduced schedule)

**If intermittently,**

a) Check **one** and provide the related information:

- [ ] **Planned, Regular Schedule**
  What's the requested reduced schedule (for example, 20 hours a week)?
  How many hours can this team member work each day (for example, 5 hours)?

- [X] **Unplanned, Unknown, or As Needed**
  How often will this team member be away from work (for example, twice a month)?
  3-5 days per month
  How long will this team member be away from work each time (for example, four hours)?
  5-20-10   thr   5-20-11

b) Is it medically necessary for the team member to miss work due to the health condition(s) [X] Yes   [ ] No
*Note: The team member is required to provide a requested leave schedule to his or her manager.*

| **5. Start Date:** Date team member is/was first unable to work due to the serious health condition(s) above: | **6. Return Date:** Date team member can return to work at his or her normal schedule: |
|---|---|
| inter mit leave starts ___/___/___ mm / dd / yyyy  5-20-10 | ___/___/___ mm dd yyyy  inter-mit leave ends 5-20-11 |
| *If intermittent, use the first date of the most recent period of absence.* | *If chronic or permanent condition(s), the return date will be no greater than one year after the leave start date.* |

**Health Care Provider Acknowledgment**
Name (Print): Carol Kimball M.D.          Date: MAY 1 7 2010   Phone: 530/666-1631
Address: 632 W. Gibson Rd.  Woodland, CA  95695

Signature: Carol Kimball M.D. (IW)          Ingrid Warren, Senior Clerk
ROI/Disability Dept. on behalf of:

Copyright © 2009 Hewitt Management Company LLC

 My Pay & Benefits


P O Box 1548
Farmington, CT 06034-1548
Fax: 847-554-1660

May 17, 2010

TIMOTHY JOSEPH
2033 F ST APT 118
DAVIS CA 95616

Case #: 2010084709
Team Member ID: 0014152748
Re: Leave Certification Not Received

**Action required: Submit completed form.**

We have not yet received the required documentation for your requested leave of absence.

## What You Need to Do

Before your request can be considered, the Target Leave and Disability Team must receive a completed FMLA Form (copy enclosed) **within 15 days** of the date of this letter. Fax the completed form to the Target Leave and Disability Team at 1-847-554-1660 or mail it in the enclosed envelope to:

Target Leave and Disability Team
P.O. Box 1548
Farmington, CT 06034

If you do not provide the completed form, the approval of your leave may be delayed.

## For More Information

If you need additional information or have any questions about your leave of absence, call the Target Leave and Disability Team at 1-800-828-5850. Case managers are available between 7 a.m. and 7 p.m. Central time, Monday through Friday.

## Para Más Información

Si necesitas información adicional o tienes alguna pregunta acerca de tu licencia de ausencia, llama al Target Leave and Disability Team al 1-800-828-5850. Los manejadores de casos están disponibles entre 7 a.m. y 7 p.m., hora Central, de lunes a viernes.

Enc.    FMLA Form *team member's own serious health condition*
        Return Envelope

---

Any claim adjustment described above for Target is performed by Disability Management Alternatives, LLC, ("DMA") a licensed, third-party administrator. DMA is a wholly owned subsidiary of Hewitt Associates, LLC and is licensed or registered as "Disability Management Alternatives, LLC" in the following states: MI, NM, OH, OK, UT, and VA. Disability Management Alternatives, LLC also does business as "Hewitt LCG" in the following states: AZ, AR, FL, GA, ID, IL, IN, IA, KY, MD, MN, MS, MO, MT, ND, NE, NH, PA, RI, SC, SD, TX, WA, WI, and WV. In CA, DMA does business as "Hewitt LCG Administration, LLC" and in NY as "DMA Claim Services, LLC."

Close This Window

 My Pay & Benefits

**Hewitt LCG**
P O Box 1548
Farmington, CT 06034-1548
Fax: 847-554-1680

May 18, 2010

TIMOTHY JOSEPH
2033 F ST APT 118
DAVIS CA 95616

Case #: 2010084709
Team Member ID: 0014152748
Re: Intermittent Leave of Absence Approval

**Leave Start:** May 20, 2010
**Leave End:** May 20, 2011

**Action required: Report absences.**

The Target Leave and Disability Team has approved your request for an intermittent leave of absence for your own serious health condition to start on May 20, 2010 and end on May 20, 2011. This letter contains important information about your leave. You may want to keep it for your records.

You are entitled to job protection under the federal Family and Medical Leave Act (FMLA) and/or applicable state leave law(s). Your leave has been designated under the FMLA and/or the applicable state law(s), and your time off from work will reduce your available FMLA and/or state leave balances.

**Note:** If your leave dates change, you can contact the Target Leave and Disability Team to confirm your adjusted remaining FMLA entitlement.

## What You Need to Do
**Reporting Your Absences**
If you will be away from work due to your leave, please report each absence to your location **and** through the Interactive Voice Response technology (IVR) at 1-800-828-5850. You will need your case number and your date of birth to access IVR. Your case number appears at the top of this letter and on every letter the Target Leave and Disability Team sends you related to your leave.

**Recertifying Your Leave**
When you requested a leave, you provided medical certification to verify your need for a leave. Target may periodically ask you to show that the certification is still valid by requiring you to have the leave recertified.

We will notify you if you need to recertify your leave. If you do not provide the updated medical certification, your leave will end. Your absences will not be approved and therefore may be considered unexcused and subject to Target policy.

## When Your Approved Intermittent Leave Ends
Your intermittent leave is expected to end on May 20, 2011 but may change based on your available FMLA and/or state leave balances. Before your leave ends, please confirm the date you will return to your regular work schedule with your location HR or manager and the Target Leave and Disability Team. Also be sure to notify them if this date changes.

## For More Information
If you need additional information or have any questions about your leave of absence, call the Target Leave and Disability Team at 1-800-828-5850. Case managers are available between 7 a.m. and 7 p.m. Central time, Monday through Friday.

**HEW000029**  BB 31

## Para Más Información
Si necesitas información adicional o tienes alguna pregunta acerca de tu licencia de ausencia, llama al Target Leave and Disability Team al 1-800-828-5850. Los manejadores de casos están disponibles entre 7 a.m. y 7 p.m., hora Central, de lunes a viernes.

Any claim adjustment described above for Target is performed by Disability Management Alternatives, LLC, ("DMA") a licensed, third-party administrator. DMA is a wholly owned subsidiary of Hewitt Associates, LLC and is licensed or registered as "Disability Management Alternatives, LLC" in the following states: MI, NM, OH, OK, UT, and VA. Disability Management Alternatives, LLC also does business as "Hewitt LCG" in the following states: AZ, AR, FL, GA, ID, IL, IN, IA, KY, MD, MN, MS, MO, MT, ND, NE, NH, PA, RI, SC, SD, TX, WA, WI, and WV. In CA, DMA does business as "Hewitt LCG Administration, LLC" and in NY as "DMA Claim Services, LLC."

Close This Window

## FMLA Form—Team Member's Own Serious Health Condition

### Team Member Section

1. You must call the Target Leave and Disability Team at 1-800-828-5850 to initiate your leave of absence before you submit this form.
2. Fax this completed form to 1-847-554-1660 or mail it to the Target Leave and Disability Team, P.O. Box 1548, Farmington, CT 06034.

**Name** (Print)  Timothy Joseph

**Team Member ID** 14152748

**Location #**

### Health Care Provider Section — Answer ALL Questions

**1. Check the serious health condition(s) requiring this team member to take a leave of absence:** *(See definitions page for details.)*

☒ Absence Plus Treatment   ☐ Chronic Conditions Requiring Treatment   ☐ Hospital Care   ☐ Pregnancy
☐ Permanent/Long-Term Conditions Requiring Supervision   ☐ Multiple Treatments (Nonchronic Conditions)

**2. Describe the medical facts that support the condition(s) identified above:** *(not required for team members working in California)*

- stress

**3. Can the team member do work of any kind? (Check one.)**

☒ Yes, the team member can do his or her job.
☐ Yes, the team member can do *part* of his or her job.
☐ No, the team member cannot do any work.

☐ Yes, the team member can work but cannot do his or her job. Explain the restrictions: _____

**4. The team member needs to miss work:**

☐ Continuously-An uninterrupted absence for a single illness or injury
☒ Intermittently-Occasional absences due to a single illness or injury (includes reduced schedule)

**If intermittently,**
a) Check one and provide the related information:

☐ **Planned, Regular Schedule**
   What's the requested reduced schedule (for example, 20 hours a week)? _____
   How many hours can this team member work each day (for example, 5 hours)?

☒ **Unplanned, Unknown, or As Needed**
   How often will this team member be away from work (for example, twice a month)?
   3-5 days per month
   How long will this team member be away from work each time (for example, four hours)?
   5-20-10  thr  5-20-11

b) Is it medically necessary for the team member to miss work due to the health condition(s)? ☒ Yes   ☐ No
*Note: The team member is required to provide a requested leave schedule to his or her manager.*

**5. Start Date:** Date team member is/was first unable to work due to the serious health condition(s) above:

inter mit. leave starts __/__/__  5-20-10  mm / dd / yyyy

*If intermittent, use the first date of the most recent period of absence.*

**6. Return Date:** Date team member can return to work at his or her normal schedule: inter mit. leave
__/__/__  mm / dd / yyyy  ends 5-20-11

*If chronic or permanent condition(s), the return date will be no greater than one year after the leave start date.*

**Health Care Provider Acknowledgment**

Name (Print): Carol Kimball M.D.   Date: MAY 1 7 2010   Phone: 530)666-1631

Address: 632 W. Gibson Rd. Woodland, CA 96695

☞ Signature: Carol Kimball M.D. (IW)

Ingrid Warren, Senior Clerk
LOA/Disability Dept. on behalf of:

Copyright © 2009 Hewitt Management Company LLC

PRESORTED
FIRST CLASS

UNITED STATES POSTAGE
02 1A
000 4626222
$ 00.41⁴
MAY 17 2010
MAILED FROM ZIP CODE 95695
PITNEY BOWES

RETURN SERVICE
REQUESTED

Hewitt
P.O. Box 1548
Farmington, CT 06034

C*JLL11  06 034

Woodland Healthcare
Release of Information Dept.
1207 Fairchild Court
Woodland, CA 95695-4398

# EXHIBIT "CC"

# DECLARATION OF CUSTODIAN OF RECORDS

( ) I HEREBY DECLARE under penalty of perjury that the following statements are true to the best of my knowledge and belief.

I am the duly authorized custodian of records of the below named and I certify that the accompanying records are true and complete copies of records maintained in the regular course and scope of business of my employer and were prepared by authorized personnel at or near the time of the acts, conditions or events which they intend to convey. As custodian, I testify to the records identity and method of preparation. The source of the information and method of preparation were such as to indicate their trustworthiness. If I were called as a witness in this matter, I could and would testify under oath to these facts. No documents, records or other things have been withheld except as noted below.

Certain records were omitted because _____

_____

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## OR IN THE ALTERNATIVE:

( ) I HEREBY DECLARE under penalty of perjury that I have NO RECORDS concerning TIMOTHY JOSEPH.

Please explain if you have no records: _____

_____

_____

( ) I have no X-RAYS or other diagnostic films.

( ) I have no BILLING RECORDS.

Records Subpoenaed From: **WOODLAND CLINIC MEDICAL GROUP**

Concerning: **TIMOTHY JOSEPH**
   DOB:
   ID No.: **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**

HOW ORIGINAL RECORDS WERE PREPARED:
( ) Handwritten notes
( ) Typed or Data Entered
( ) Transcribed
( ) Other:_____

Records were made during, or promptly after the act, condition or event reflected in such records.

_____1-28-14_____
Date

_____
Signature of Custodian

_____Nicole Yates_____
Print Name

---

Phillips Legal Services, Inc.
350 University Ave, Suite 270, Sacramento, CA 95825
Phone: (916) 927-3600   Fax: (916) 999-8491

Order#:14759-02/CPROOF7

CC 2