**LYNN A. GARCIA, SBN 131196**
**ALEXANDRA M. ASTERLIN, SBN 221286**
**ANWYL, SCOFFIELD & STEPP, LLP**
**Post Office Box 269127**
**Sacramento, CA 95826-9127**
**Telephone: (916) 565-1800**
**Facsimile: (916) 565-2374**
**Email: lag@anwylaw.com**
**aasterlin@anwylaw.com**

**Attorneys for Plaintiff**

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **TIMOTHY JOSEPH,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**TARGET CORPORATION, a Minnesota corporation, DEBBIE HEEKE, SONYA MOORE and DOES 1 through 200, inclusive,**<br><br>**Defendants.** | **CASE NO. 2:12-cv-01962-KJM-EFB**<br><br>**DECLARATION OF LUCIA ACEVES IN SUPPORT OF PLAINTIFF'S REPLY IN OPPOSITION TO DEFENDANTS TARGET CORPORATION'S; DEBBIE HEEKE'S AND SONYA MOORE'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Date: November 7, 2014<br>Time: 10:00 a.m.<br>Ctrm: 3 |

I, LUCIA ACEVES, declare:

1. I make this Declaration of my own personal knowledge and, if called to testify to the matters set forth herein, I could do so competently.

2. I am currently employed at the Target Distribution Center in Woodland, California. I am writing this Declaration because it is true. However, after my experiences at Target, I am very fearful of being retaliated against for submitting this Declaration.

3. I began working for Target in 1996. I began working at the Target Distribution Center in Woodland, California in 1998. It was then that I met Timothy Joseph.

4. I was present on November 13, 2009 when Mr. Joseph had a heart attack while working at the Distribution Center.

...

5. Shortly before Mr. Joseph returned to work after his heart attack, he attended an "all team" meeting to thank those employees who saved his life after his heart attack. I recall Debbie Heeke, Sonya Moore, Kylie Podsakoff, and Jenine Smith being present at the meeting.

6. I continued to work with Mr. Joseph when he returned to work following his heart attack.

7. Upon his return, Mr. Joseph appeared to be targeted by management, and watched more closely by his supervisors than other employees.

8. In my experience during the 2010 time frame, once an employee in the Distribution Center was targeted, the supervisors kept the pressure on those employees until they left Target. I always knew when an employee was being watched by the supervisors because I observed them peering at the employees who were being watched from hiding spots behind pallets. I saw Ms. Moore and Ms. Heeke do this to Mr. Joseph after his heart attack.

9. Upon Mr. Joseph's return to work, I saw many of Mr. Joseph's co-employees became protective of Joseph. I believe that this was both because of the difficulties he seemed to have remembering Distribution Center processes and because of he seemed to have been "targeted" by his supervisors.

10. When Mr. Joseph returned to work following his heart attack, there was a slightly different process on the line. On many occasions, I observed other employees remind Mr. Joseph of the new process in order to avoid him attracting unwanted supervisor attention.

11. The receiving area of the Distribution Center was very noisy. It is now mandatory to wear ear plugs. Prior to that point, I observed some employees wear earplugs in the Distribution Center.

12. At the Distribution Center, the term "tossing" a box and "throwing a box" mean the same thing–throwing the box. I observe employees tossing boxes all of the time. I have never known anyone other than Mr. Joseph to be written up for tossing a box.

///
///
///
///
///

ANWYL, SCOFFIELD
& STEPP LLP

Decl. Aceves in Support of Reply in Opposition to MSJ

2

2:12-cv-01962-KJM-EFB

I declare, under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 23, 2014 in Woodbury, California.

*/s/ Lucia Aceves*
LUCIA ACEVES

ANWYL, SCOFFIELD & STEPP LLP

3

Decl. Aceves in Support of Reply in Opposition to MSJ

2:12-cv-01962-KJM-EFB