LYNN A. GARCIA, SBN 131196
ALEXANDRA M. ASTERLIN, SBN 221286
ANWYL, SCOFFIELD & STEPP, LLP
Post Office Box 269127
Sacramento, CA 95826-9127
Telephone: (916) 565-1800
Facsimile: (916) 565-2374
Email: lag@anwylaw.com
       aasterlin@anwylaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY JOSEPH,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, a Minnesota corporation, DEBBIE HEEKE, SONYA MOORE and DOES 1 through 200, inclusive,<br><br>　　　　Defendants. | CASE NO. 2:12-cv-01962-KJM-EFB<br><br>DECLARATION OF ANDREA DYE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS TARGET CORPORATION'S; DEBBIE HEEKE'S AND SONYA MOORE'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT<br><br>Date: November 7, 2014<br>Time: 10:00 a.m.<br>Ctrm: 3 |

I, ANDREA DYE, declare:

1.  I make this Declaration of my own personal knowledge and, if called to testify to the matters set forth herein, I could do so competently.

2.  I am currently employed at the Target Distribution Center in Woodland, California. I am writing this Declaration because it is true. However, after my experiences at Target, I am very fearful of being retaliated against for submitting this Declaration.

3.  I have been employed as a "warehouse worker" for twenty-three years. I have known Timothy Joseph for 19 of those years.

4.  I was at work in 2009 when Mr. Joseph suffered his heart attack. I observed resuscitation efforts, but, at the time, I believed that they were unsuccessful.

5. I was present at a meeting in approximately February, 2010 when Mr. Joseph thanked the in house Emergency Response Team for saving his life. I recall Debbie Heeke, Kylie Podsakoff, and Jenine Smith being in attendance.

4. I continued to work with Mr. Joseph when he returned to work after his heart attack. When Mr. Joseph returned to work following his heart attack, I noticed that he had problems with his memory. In particular, I noted that he had problems remembering people's names and faces, even those people had had worked with for years.

5. I also noticed that, upon his return to work following the heart attack, Mr. Joseph was treated differently by management both from the way he had been treated previously, and from other warehouse workers. In particular, I noticed him being watched more than other employees by both Ms. Debra Heeke and Ms. Sonya Moore.

6. The Distribution Center is loud. It became mandatory for all employees in the Distribution Center to wear earplugs within the last two years. I am aware that some workers wore earplugs prior to the date they became mandatory.

7. As used in the Distribution Center, to "toss a box" means to gently throw a box underhand to another person. Tossing a box is not slang for anything other than throwing a box. Throwing or tossing boxes has been a common practice since I have been employed at the Distribution Center. It continues to be done in the Distribution Center to date.

8. Mr. Joseph is the only person who I know of that was written up solely for tossing a box.

I declare, under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 16, 2014 in Sacramento, California.

ANDREA DYE

ANWYL, SCOFFIELD & STEPP LLP

Decl. Dye in Support of Opposition to MSJ

2

2:12-cv-01962-KJM-EFB